## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

LC\

L⸱ ⸱C        (f.k.a. S       W       ⸱, a minor, )
by and through her legal guardians, Sherman  LC2 )
Catchings and Gladys Catchings; L⸱  ⸱1 C⸱      )
(f.k.a. I        W        , a minor, by and through nıs )
legal guardians, Sherman Catchings and          )
Gladys Catchings,                                )
                                                 )
                            Plaintiffs,          )
                                                 )
                  vs.                            )
                                                 )
The State of Delaware; The Delaware Division     )
of Family Services; The Delaware Department      )
of Services for Children, Youth and their Families; )
Marcia Tremper, individually and in her official )
capacities with The Delaware Division of Family  )
Services and The Delaware Department of Services )
for Children, Youth and Their Families; Children )
and Families First; Jessica Gockley, individually )
and in her official capacities with Children and )
Families First; Christine Hermes, individually and )
in her official capacities with Children and Families )
First; Buchanan, Ingersoll & Rooney, P.C.; Klett, )
Rooney, Lieber, and Schorling, P.C.; Andrew      )
Lippstone, Esq., individually and in his official )
capacities with Buchanan Ingersoll & Rooney, P.C. )
and Klett, Rooney, Lieber, and Schorling, P.C.;  )
Rejoice, Inc., a Pennsylvania Corporation; Breaune )
Catlett, individually and in her official capacities )
with Rejoice, Inc.; Dequan Haynes; and Kimberly  )
Haynes,                                          )
                            Defendants.          )

Case No. ⸱0 7 - 6 7 5

**JURY TRIAL DEMANDED**

2007 OCT 26  PM 3: 44
FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## COMPLAINT
LCl

Plaintiffs, L⸱ ⸱ ⸱ C        s (hereinafter "I      y") and L⸱  ⸱1 C⸱  ⸱ ⸱ ;s (hereinafter
LC2
⸱      ⸱⸱⸱"), with their legal guardians, Gladys Catchings and Sherman Catchings, by and through

their undersigned attorney, and for their complaint against the above-captioned defendants aver

on knowledge to themselves and their own acts and on information and belief as to all other

matters, as follows:

## NATURE OF THE ACTION

LC|

    This unfortunate case arises from circumstances and tortious acts that led to J      y and

LC2

¯ ¯· ell suffering severe permanent and life-altering injuries while under the care of the collective

defendants and the auspices of the Delaware foster care system. Defendants, while acting under

            LC|        LC2

the color of law, violated ¯  ·   ʳ and ¯   ·ll's substantive due process rights under the

Fourteenth Amendment of the Constitution of the United States by depriving them of their

Constitutional and fundamental rights; including but not limited to, their right to be free from the

infliction of unnecessary pain and abuse, their fundamental right to physical safety, their right not

to be injured, their right to protection as foster children, and their right to be free from

deprivation of liberty by reason of a foster care placement preceded by an investigation wholly

                                                    LC|        LC2

lacking in thoroughness. As a result of the violations of these rights         ʳ and ¯     l suffered

severe personal and psychological injuries as described moreover herein.


## Jurisdiction and Venue

    1.    This Court has jurisdiction over the subject matter of this Complaint which sets

forth causes of action under 42 U.S.C. §§1981 and 1983. This Court has jurisdiction pursuant to

28 U.S.C. §§ 1331 and 1332. The jurisdiction of this Court is also evoked pursuant to the fact

that the State of Delaware is a Defendant in this matter. This Court has supplemental subject

matter jurisdiction over the pendent Delaware and Pennsylvania state law claims pursuant to 28

U.S.C. §1367.

2.     Venue is proper in this Court pursuant to 28 U.S.C. §1391, as several of the

Defendants reside in Delaware, and a substantial portion of the acts and omissions that are the

subject of this action occurred in Delaware.

**Parties**

$LC1$                                         $SW$

3.     Plaintiff, I ⁓ ⁓⁓⁓s (formerly known as S ⁓ ⁓ on and hereinafter

$LC1$

⁓), is a resident of the State of Delaware, currently residing with her adoptive parents and

legal guardians Sherman and Gladys Catchings with an address of ⁓⁓⁓ ⁓⁓⁓⁓ ⁓⁓⁓⁓,

$LC1$

⁓   , Delaware   . At all times relevant hereto ⁓ ⁓ ⁓ ⁓ ⁓⁓⁓ was a citizen of the

State of Delaware.

$LCZ$                                    $LW$

4.     Plaintiff,         gs (formerly known as I ⁓ ⁓ and hereinafter

$LCZ$

⁓), is a resident of the State of Delaware, currently residing with his adoptive parents and

legal guardians Sherman and Gladys Catchings with an address of                       ⁓,

M   , Delaware   . At all times relevant hereto Latrell Catchings was a citizen of the

State of Delaware.

5.     Defendant, the State of Delaware (hereinafter "Delaware"), is a government entity

and a state of the United States of America with the full independent authority to investigate and

protect its citizens with an address for service of process located in care of the Delaware

Secretary of State 401 Federal Street, Suite 3, Dover, Delaware 19901.

6.     Defendant, Delaware Division of Family Services (hereinafter "DFS"), is a duly

constituted and authorized agency of the State of Delaware with an address for service of process

located at 1825 Faulkland Road, Wilmington, Delaware 19805.

7.     Defendant, Delaware Department of Services for Children, Youth and their

Families (hereinafter "DSCYF"), is a duly constituted and authorized agency of the State of Delaware with an address for service of process located at 321 E. 11th Street, Suite 300, Wilmington, Delaware 19801.

8.     Defendant, Marcia Tremper (hereinafter "Tremper"), is an adult individual sued in both her individual and official capacities as social worker for the Delaware Division of Family Services and the State of Delaware Department of Services for Children, Youth and their Families, with an address for service of process located at 321 E. 11th Street, Suite 300, Wilmington, Delaware 19801.

9.     Defendant, Children and Families First (hereinafter "CFF"), is a business entity organized under the laws of Delaware with an address for service of process located at 2005 Baynard Boulevard, Wilmington, Delaware 19802.

10.     Defendant, Jessica Glockley (hereinafter "Glockley"), is an adult individual sued in both her individual and official capacities as social worker and case manager for CFF with an address for service of process located at 2005 Baynard Boulevard, Wilmington, Delaware 19802.

11.     Defendant, Christine Hermes (hereinafter "Hermes"), is an adult individual sued in both her individual and official capacities as social worker and case manager for CFF with an address for service of process located at 2005 Baynard Boulevard, Wilmington, Delaware 19802.

12.     Defendant, Buchanan Ingersoll & Rooney, P.C. (hereinafter "Buchanan"), is a business entity organized and authorized to conduct business under the laws of the State of Delaware with an address for service of process located at The Brandywine Building, 1000 West Street, Suite 1410, Wilmington, Delaware 19801.

13.     Defendant, Klett, Rooney, Lieber, and Schorling, P.C. (hereinafter "Klett"), is a business entity organized and authorized to conduct business under the laws of the

Commonwealth of Pennsylvania with an address for service of process located at One Oxford Center, 40th Floor, Pittsburgh, Pennsylvania15210.

14.     Defendant, Andrew Lippstone, Esq. (hereinafter "Lippstone"), is an adult individual sued in both his individual and official capacities, including that of associate with Buchanan and Klett with an address for service of process located at Buchanan Ingersoll & Rooney, P.C., The Brandywine Building, 1000 West Street, Suite 1410, Wilmington, Delaware 19801.

15.     Defendant, Rejoice, Inc. (hereinafter "Rejoice"), is a business entity organized and authorized to conduct business under the laws of the Commonwealth of Pennsylvania with an address for service of process located at 1111 West Hamilton Street, Allentown, Pennsylvania 18101.

16.     Defendant, BreAune Catlett (hereinafter "Catlett"), is an adult individual sued in both her individual and official capacities as case manager with Rejoice with an address for service of process located at 1111 West Hamilton Street, Allentown, Pennsylvarria 18101.

17.     Defendant, Dequan Haynes (hereinafter "D. Haynes"), is an adult individual with an address for service of process located at 425 Independence Court, Mechanicsburg, Pennsylvania 17055

18.     Defendant, Kimberly Haynes (hereinafter "K. Haynes), is an adult individual with an address for service of process located at 425 Independence Court, Mechanicsburg, Pennsylvania 17055.

## Factual Allegations Related to all Causes of Action

19.     Plaintiffs incorporate paragraphs one (1) through eighteen (18) as though fully set

forth herein at length.

20.    ey was born n on , 2002 at Kent General Hospital in Dover, Delaware.    y currently is, and was at all times relevant hereto, a citizen of the State of Delaware.

21.    I    l was born n on 1 at Kent General Hospital in Dover, Delaware. I    is the older brother c    y. I    l currently is, and was at all times relevant hereto, a citizen of the State of Delaware.

22.    On or about May 28, 2003 nd    were removed from the custody of their natural parents by defendant Delaware under the color of law and placed in the Delaware foster care system under the supervision of defendants Delaware, DFS, DSCYF, Tremper, CFF, Glockley, and Hermes.

23.    At all times relevant hereto, defendants Delaware, DFS, DSCYF, Tremper, CFF, Glockley, and Hermes, acting under the color of law, assumed special relationships with and    which created ongoing affirmative legal duties and obligations on the part of these defendants, including custodial and fiduciary obligations to ensure, among other things, and    l's safety and protection from physical injury and harm.

24.    On or about June 26, 2003, the Family Court for the State of Delaware appointed defendant Lippstone as Guardian ad Litem to    y and    l pursuant to Chapter 90A of Title 29 of the Delaware Code.

25.    At all times relevant hereto, defendant Lippstone, acting under the color of law, assumed a special relationship with    y and    which created ongoing affirmative legal duties and obligations on the part of this defendant, including custodial and fiduciary obligations to ensure, among other things,    y and    s safety and protection from physical injury

and harm.

$LC1$   $LC2$

26.     At all times relevant hereto,      _ and _      _ were under the age of five years old, unable to defend themselves from physical injury and harm, unable to protect themselves from danger, unable to provide for themselves financially, and unable to assert and preserve their rights under the law.

27.     At all times relevant hereto, Delaware, DFS, DSCYF, Tremper, CFF, Glockley, Hermes and Lippstone were aware of the Constitutional rights of $LC1$ and $LC2$ ; including but not limited to, their right to be free from the infliction of unnecessary pain and abuse, their fundamental right to physical safety, their right not to be injured, their right to protection as foster children, and their right to be free from deprivation of liberty by reason of a foster care placement preceded by an investigation wholly lacking in thoroughness.

28.     Prior to October of 2005, defendants Delaware, DFS, DSCYF, Tremper, CFF, Glockley, Hermes and Lippstone by direction and/or acquiescence took executive action in seeking the assistance of defendants Rejoice and Catlett for the purpose of placing $LC1$ and $LC2$ _ within a foster care home in central Pennsylvania.

29.     At all times relevant hereto, defendants Rejoice and Catlett assumed special relationships with $LC1$ _ _ and _ $LC2$ _ which created ongoing affirmative legal duties and obligations on the part of these defendants, including custodial and fiduciary obligations to ensure, among other things, _ $LC1$ _ and _ $LC2$ _ safety and protection from physical injury and harm.

30.     Prior to October of 2005, defendants Delaware, DFS, DSCYF, Tremper, CFF, Glockley, Hermes, Lippstone, Rejoice, and Catlett caused _ $LC1$ _ and _ $LC2$ _ to be placed in the home of defendants D. Haynes and K. Haynes in Mechanicsburg, Pennsylvania.

31.    Prior to    LC1    LC2    y and    l's placement into the foster care home of defendants D.

Haynes and K. Haynes, defendants Delaware, DFS, DSCYF, Tremper, CFF, Glockley, Hermes,

Lippstone, Rejoice, and Catlett, all with deliberate indifference, conducted no or wholly

inadequate investigations into the qualifications, capacity, and ability of D. Haynes and K.

Haynes' to care for and protec    LC1    LC2    y and    ll from physical injury and harm.

32.    The deliberate indifference of defendants Delaware, DFS, DSCYF, Tremper, CFF,

Glockley, Hermes, or Lippstone, and their failure to conduct any and/or sufficient investigations

into the qualifications, capacity, and ability of D. Haynes and K. Haynes' to care for and protect

Lachey and Latrell from physical injury and harm prior to placing    LC1    and    LC2    l into the

foster care home of defendants D. Haynes and K. Haynes, directly and proximately resulted in

the creation of a dangerous environment for    LC1    LC2    y and

33.    During the time that    LC1    and    LC2    l were in the foster care home of defendants

D. Haynes and K. Haynes they suffered severe physical and mental abuse as a direct result of the

conduct of defendants D. Haynes and K. Haynes.

34.    On information and belief, during the time that    LC1    y and    LC2    were in the

foster care home of defendants D. Haynes and K. Haynes, defendants Delaware, DFS, DSCYF.

Tremper, CFF, Glockley, Hermes, Lippstone, Rejoice, and Catlett breached their individual

affirmative fiduciary obligations and duties to ensure    LC1    y and    LC2    s safety from physical

injury and harm, by failing to conduct routine checks into the care o    LC1    an    LC2    by

failing to visit the home of defendants D. Haynes and K. Haynes to ensure the safety of J    LC1

and    LC2    and by failing to monitor the environment into which they had placed    LC1    y and

LC2

35.    On information and belief, during the time that    LC1    y and    LC2    l were in the

foster care home of defendants D. Haynes and K. Haynes, defendants Delaware, DFS, DSCYF.

Tremper, CFF, Glockley, Hermes, Lippstone, Rejoice, and Catlett breached their individual

affirmative fiduciary obligations owed to *LC1* y and *LC2* 'l as prescribed by Delaware law by

failing to review any and/or all of the medical records of *LC1* y and L *LC2* l, or those records of

other children in the foster care home of D. Haynes and K. Haynes, to ensure tha *LC1* and

*LC2*

L 'l were receiving adequate medical care.

36.    On or about October 28, 2005, defendants D. Haynes and K. Haynes caused

and/or allowed *LC1* y to be severely scolded on her left and right hands by causing her to come

in contact with extremely hot liquid, whil *LC2* who was present, was made to watch her

screaming in discomfort while being restrained from coming to her aide.

37.    As a direct result of the aforementioned tortious act, *LC1* suffered first, second,

and third degree burns to her left and right hands, severe scarring, severe psychological injury,

and severe emotional distress.

38.    As a direct result of witnessing the aforementioned tortious act, *LC2* as

suffered extreme psychological and emotional distress that has manifested into physical injury.

39.    On information and belief, despite the severe first, second, and third degree burns

suffered by *LC1* y, defendants D. Haynes and K. Haynes did not take *LC1* y to receive medical

attention for at least three days thereby resulting in extreme infections to both of *LC1* 's hands.

40.    On information and belief, had defendants Delaware, DFS, DSCYF, Buchanan,

Klett, Tremper, CFF, Glockley, Hermes, Lippstone, Rejoice, and Catlett conducted the

appropriate investigations and reviewed the appropriate medical records, to which they all had

access, they would have known that *LC1* y and *LC2* had not received any medical attention,

including routine visits, for the entire year prior to October 28, 2005, and were subjected to and

exposed to a dangerous environment which included abuse and/or potential physical harm.

41.     At all times relevant hereto, defendants Delaware, DFS, DSCYF, Buchanan, Klett, Tremper, CFF, Glockley, Hermes, Lippstone, Rejoice and Catlett were deliberately indifferent to the danger, harm and/or abuse that        y and         l were exposed to when they were placed in the home of defendants D. Haynes and K. Haynes.

42.     All of the foregoing conduct of defendants Delaware, DFS, DSCYF, Buchanan, Klett, Tremper, CFF, Glockley, Hermes, Lippstone, Rejoice and Catlett amounts to the denial of and         's right to substantive due process under the Fourteenth Amendment of the United States Constitution; depriving them of their Constitutional right to be free from unnecessary pain and abuse, their fundamental right to physical safety, their right to protection as foster children, and their fundamental right to be free from the deprivation of liberty by reason of a foster care placement wholly lacking in thoroughness and precision.

43.     All of the foregoing conduct of defendants Delaware, DFS, DSCYF, Buchanan, Klett, Tremper, CFF, Glockley, Hermes, Lippstone, Rejoice, Catlett, D. Haynes, and K. Haynes amount to the deprivation of rights guaranteed t          and         under the Constitution and laws of the State of Delaware.

44.     All of the foregoing conduct of defendants Delaware, DFS, DSCYF, Buchanan, Klett, Tremper, CFF, Glockley, Hermes, Lippstone, Rejoice, Catlett, D. Haynes, and K. Haynes gives rise to causes of action under the laws of the State of Delaware and the laws of the Commonwealth of Pennsylvania.

45.     At all times relevant hereto, defendant Tremper was the servant, workman, agent, official, and employee of defendants Delaware, DFS, and DSCYF.  All acts and/or omissions conducted herein by defendant Tremper were done with the full authority, direction, and consent

of defendants Delaware, DFS, and DSCYF in the course and scope of her official capacity and employment with those defendants.

46.     At all times relevant hereto, defendants Glockley and Hermes were the servants, workmen, agents, officials , and employees of defendants Delaware, DFS, DSCYF and CFF. All acts and/or omissions conducted herein by defendants Glockley and Hermes were done with the full authority, direction, and consent of defendants Delaware, DFS, DSCYF and CFF in the course and scope of their official capacity and employment with those defendants.

47.     At all times relevant hereto, defendant Lippstone was the servent, workman, agent, official, and employee of defendants Delaware, DFS, DSCYF, Buchanan and Klett. All acts and/omissions conducted herein by defendant Lippstone were done with the full authority, direction, and consent of defendants Delaware, DFS, DSCYF, Buchanan, and Klett in the course and scope of his official capacity and employment with those defendants.

48.     At all times relevant hereto, defendant Catlett was the servent, workman, agent, official, and employee of defendants Delaware, DFS, DSCYF and Rejoice. All acts and/or omissions conducted herein by defendant Catlett were done with the full authority, direction, and consent of defendants Delaware, DFS, DSCYF and Rejoice in the course and scope of her official capacity and employment with those defendants.

## Injuries

49.     Plaintiffs incorporate paragraphs one (1) through forty-eight (48) as though fully set forth herein at length.

50.     As a direct result of the aforementioned conduct, including but not limited to the negligence, carelessness, and deliberate indifference of the individual defendants, jointly and/or

LC1

severally, as hereinbefore set forth, , the minor plaintiff, was caused to suffer injuries, all

of which may be permanent, including but not limited to:

    a.    first, second, and third degree burns to both of her hands, requiring at least

          four surgeries, including skin graphs from her scalp and thighs;

    b.    100% loss of the use of her left hand;

    c.    severe and permanent scarring to her left and right hands, her scalp, and

          thighs;

    d.    shock to her nerves and nervous system;

    e.    severe emotional distress;

    f.    severe psychological injuries;

    g.    cost of prior, ongoing, and future medical care; and,

    h.    lifelong diminished earning capacity.

51.    As a direct result of the aforementioned conduct, including but not limited to the

negligence, carelessness, and deliberate indifference of the individual defendants, jointly and/or

LC2

severally, as hereinbefore set forth,        the minor plaintiff, was caused to suffer injuries, all

of which may be permanent, including but not limited to:

    a.    severe emotional distress;

    b.    severe psychological injuries;

    c.    cost of prior, ongoing, and future medical care; and,

    d.    lifelong diminished earning capacity.

**First Cause of Action**
**Violation of 42 U.S.C. §1983 - Substantive Due Process**
**Tremper, Glockley, Hermes, Lippstone, Catlett**

### Delaware, DFS, DSCYF, CFF, Buchanan, Klett, and Rejoice

52.     Plaintiffs incorporate paragraphs one (1) through fifty-one (51) as though fully set forth herein at length.

53.     Defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Tremper, Glockley, Hermes, Lippstone, Rejoice, and Catlett violated Plaintiff LC1  LC2  and  s substantive due process rights under the Fourteenth Amendment; specifically, their right to be free from unnecessary pain or abuse, their fundamental right to physical safety, their right to protection as foster children, and their right to be free from the deprivation of liberty by reason of a foster care placement preceded by an investigation wholly lacking in thoroughness, when they placed LC1  LC2 and  in the dangerous home of defendants D. Haynes and K Haynes without conducting investigations and/or conducting investigations in a manner so imprecise as to shock the conscience, allowing defendants D. Haynes and K. Haynes to physically injure LC1  and LC2  ausing them permanent and disabling physical and emotional injuries.

54.     Defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Tremper, Glockley, Hermes, Lippstone, Rejoice, and Catlett violated Plaintiff J LC1  and LC2  l's rights under the Fourteenth Amendment; specifically, their right to be free from unnecessary pain or abuse, their fundamental right to physical safety, their right to protection as foster children, and their right to be free from the deprivation of liberty by reason of a foster care placement preceded by an investigation wholly lacking in thoroughness, when they failed to conduct routine checks into the care of LC1  y and LC2 , failed to visit the home of defendants D. Haynes and K. Haynes to ensure the safety of LC1  and LC2 , and failed to monitor the environment into which they had placed LC1  and I LC2  ll, thereby allowing defendants D. Haynes and K. Haynes to

LC1    LC2

physically injure ᵧ and l causing them permanent and disabling physical and

emotional injuries.

55.    As a direct, foreseeable and proximate result of defendants Delaware, DFS,

DSCYF, CFF, Buchanan, Klett, Tremper, Glockley, Hermes, Lippstone, Rejoice, and Catlett's

LC1    LC2

actions nd l were deprived of their rights privileges and immunities guaranteed to

them under the Fourteenth Amendment of the United States Constitution, the laws and

Constitution of the Sate of Delaware, and the laws of the Commonwealth of Pennsylvania and

they have suffered and will continue to suffer permanent physical as well as emotional injuries,

pain, scarring, permanent disfigurement, humiliation, the loss of future earning capacity, among

other injuries.

56.    The actions of defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett,

Tremper, Glockley, Hermes, Lippstone, Rejoice, and Catlett were committed under the color of

LC1    LC2

law with the deliberate indifference as to the rights of and

57.    At all times during the events described above defendants Delaware, DFS,

DSCYF, CFF, Buchanan, Klett, Tremper, Glockley, Hermes, Lippstone, Rejoice, and Catlett

agreed with and assisted one another in performing the various actions described above, with

LC1    LC2

respect to the placement of and ", and lent the support and authority of their offices

to each other during the course of the above-described events.

58.    Defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Tremper, Glockley,

Hermes, Lippstone, Rejoice, and Catlett each played a substantial role and provided input and

LC1    LC2

assistance with respect to the placement of ᵧ and into the foster home of defendants

D. Haynes and K. Haynes.

59.    Defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Tremper, Glockley,

Hermes, Lippstone, Rejoice, and Catlett each advised, assisted, ratified, directed, and/or approved the actions taken with respect to the placement of LC1 and LC2 into the foster home of defendants D. Haynes and K. Haynes.

60.     The rights of LC1 y and LC2 l to be free from unnecessary pain or abuse, to physical safety, to protection as foster children, and the right to be free from the deprivation of liberty by reason of a foster care placement preceded by an investigation which shocks the conscience, were all clearly established at the time of defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Tremper, Glockley, Hermes, Lippstone, Rejoice, and Catlett's actions and were known by these defendants at the time of those actions.

61.     At all times relevant hereto, defendants Tremper, Glockley, Hermes, Lippstone, Catlett, Delaware, DFS, DSCYF, CFF, Buchanan, Klett, and Rejoice had special relationships with Lachey and Latrell that imposed affirmative duties and obligations upon them to protect the rights of LC1 and LC2 including their rights to safety, protection, and freedom from harm and abuse. These affirmative duties were violated by these defendants in a manner that shocks the conscience.

WHEREFORE, Plaintiffs LC1 and LC2 respectfully request that judgment be entered against defendants Tremper, Glockley, Hermes, Lippstone, Catlett, Delaware, DFS, DSCYF, CFF, Buchanan, Klett, and Rejoice in an amount exceeding Seventy-five thousand dollars ($75,000.00) including, but not limited to, compensatory damages for past and future medical expenses, past pain and suffering, future pain and suffering, future wage loss, loss of future earning capacity; punitive damages; all reasonable attorney's fees and costs; and such other legal and equitable relief as appears just and reasonable.

**Second Cause of Action**
**Violation of 42 U.S.C. §1983 - State Created Danger**
**Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Rejoice,**
**Tremper, Glockley, Hermes, Lippstone, and Catlett**

62.    Plaintiffs incorporate paragraphs one (1) through sixty-one (61) as though fully set

forth herein at length.

63.    The severe harm and injury caused to plaintiffs   LCI   LC2   y and        l through the

abuse, neglect, and/or physical assault of defendants D. Haynes and K. Haynes was foreseeable

and directly and proximately related to the actions of defendants Delaware, DFS, DSCYF, CFF,

Buchanan, Klett, Rejoice, Tremper, Glockley, Hermes, Lippstone, and Catlett in placing

plaintiffs Lachey and Latrell in the foster care home of defendants D. Haynes and K. Haynes.

64.    Defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Rejoice, Tremper,

Glockley, Hermes, Lippstone, and Catlett acted with deliberate indifference to rights of   LCI

and         l in a manner which shocks the conscience, by placing them in the foster care home D.

Haynes and K Haynes without conducting any and/or a sufficient investigations into the

qualifications of D. Haynes and K Haynes' capacity to protec   LCI   LC2   r and        i from harm and

abuse, by failing to ensure that   LCI   LC2   r and        received any and/or adequate medical

assistance while in the home of D. Haynes and K. Haynes, and by failing to follow statutory

guidelines with respect to monitoring the care and environment of foster children to whom they

had a special relationship and owed affirmative duties and obligations.

65.    As foster children under the age of five years old   LCI   LC2   and        were

members of a discrete class of citizens that were subject to potential harm by the actions and

deliberate indifference of defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Rejoice,

Tremper, Glockley, Hermes, Lippstone, and Catlett; and, moreover, were foreseeable victims to

potential abuse by out-of-state and unsupervised foster parents.

66.    Defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Rejoice, Tremper,

Glockley, Hermes, Lippstone, and Catlett using their authority as state actors, acting under the

color of law, took affirmative acts to remove ___ and ___ from the State of Delaware and

the protections they enjoyed therein, and placed ___ and ___ into a much more dangerous

position than they were in while in the State of Delaware. The affirmative acts of these

defendants increased the risk of harm to ___ and ___

67.    Defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Tremper, Glockley,

Hermes, and Lippstone took affirmative acts that increased the risk of harm to ___ and ___

when they sought the assistance and guidance of defendants Rejoice and Catlett in placing

___ and ___ without conducting a thorough and comprehensive investigation into that

defendants capacity to place foster children in safe foster care homes and/or when seeking out-of-

state agencies to assist in placing ___ and ___ into an out-of-state foster care home.

68.    As a direct result of the aforementioned increased risk of harm, plaintiffs ___

and ___ were deprived of their rights privileges and immunities guaranteed to them under the

Fourteenth Amendment of the United States Constitution, the laws and Constitution of the Sate

of Delaware, and the laws of the Commonwealth of Pennsylvania and they have suffered and will

continue to suffer permanent physical as well as emotional injuries, pain, scarring, permanent

disfigurement, humiliation, the loss of future earning capacity, among other injuries.

WHEREFORE, Plaintiffs ___ and ___ respectfully request that judgment be

entered against defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Rejoice, Tremper,

Glockley, Hermes, Lippstone, and Catlett in an amount exceeding Seventy-five thousand dollars

($75,000.00) including, but not limited to, compensatory damages for past and future medical

expenses, past pain and suffering, future pain and suffering, future wage loss, loss of future

earning capacity; punitive damages; all reasonable attorney's fees and costs; and such other legal

and equitable relief as appears just and reasonable.

## Third Cause of Action
## Violation of 42 U.S.C. §§ 1981 and 1983
## Delaware, DFS, DSCYF, CFF, Klett, Buchanan and Rejoice

69.    Plaintiffs incorporate paragraphs one (1) through sixty-eight (68) as though fully

set forth herein at length.

70.    Defendants Delaware, DFS, DSCYF, CFF, Klett, Buchanan and Rejoice, with

deliberate indifference, failed to adequately train, educate, and supervise their agents, officers,

employees, workman, and servants to prevent civil rights violations within the State of Delaware

and to the Citizens of Delaware within the Delaware foster care system, and the injuries caused

to plaintiffs         and       were caused by, and were a wholly foreseeable consequence of
                 LC1        LC2

those failures.

71.    Defendants Delaware, DFS, DSCYF, CFF, Klett, Buchanan and Rejoice, with

deliberate indifference, failed to adequately train, educate, and supervise their agents, officers,

employees, workman, and servants to ensure that  proper medical attention is given to children in

the Delaware foster care system, and the injuries caused to plaintiffs         and       were
                                                                          LC1       LC2

caused by, and were a wholly foreseeable consequence of those failures.

72.    Defendants Delaware, DFS, DSCYF, CFF, Klett, Buchanan and Rejoice, with

deliberate indifference, failed to adequately train, educate, and supervise their agents, officers,

employees, workman, and servants to monitor and review records of individuals in the Delaware

foster care system to ensure that they are receiving proper medical attention and that they are not

subjected to physical harm and abuse, and the injuries caused to plaintiffs $LC1$ and $112$ were caused by, and were a wholly foreseeable consequence of those failures.

73.     It is believed and therefore averred that defendants Delaware, DFS, DSCYF, CFF, Klett, Buchanan and Rejoice have adopted procedures, practices and policies that fail to follow the guidelines of the Delaware Code with respect to the treatment and oversight of children within the Delaware foster care system.

74.     As a direct and proximate result of defendants Delaware, DFS, DSCYF, CFF, Klett, Buchanan and Rejoices' actions, plaintiffs $LC1$ and $LC2$ were deprived of their substantive due process rights guaranteed by the Fourteenth Amendment of the Constitution of the United States of America and the Constitution and laws of the State of Delaware and the laws of the Commonwealth of Pennsylvania and have suffered injuries, including but not limited to, permanent physical and psychological injuries, pain, loss of earning capacity, and past, present and future medical bills.

     WHEREFORE, Plaintiffs $LC1$ and $LC2$ l respectfully request that judgment be entered against defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett, and Rejoice, in an amount exceeding Seventy-five thousand dollars ($75,000.00) including, but not limited to, compensatory damages for past and future medical expenses, past pain and suffering, future pain and suffering, future wage loss, loss of future earning capacity; punitive damages; all reasonable attorney's fees and costs; and such other legal and equitable relief as appears just and reasonable.

**Fourth Cause of Action**
**Civil Rights Attorney's Fees Award Act of 1976,**
**as amended, 42 U.S.C. §1988**
**Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Rejoice,**
**Tremper, Glockley, Hermes, Lippstone, and Catlett**

75.    Plaintiffs incorporate paragraphs one (1) through seventy-four (74) as though fully set forth herein at length.

76.    Plaintiffs are entitled to an award of counsel fees from defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Rejoice, Tremper, Glockley, Hermes, Lippstone, and Catlett, as a result of their violations of the Constitutional and statutory rights of the Plaintiffs.

WHEREFORE, Plaintiffs _LC1_ and _LC2_ respectfully request that judgment be entered against defendants Delaware, DFS, DSCYF, CFF, Buchanan, Rejoice, Tremper, Glockley, Hermes, Lippstone, and Catlett including the award of counsel fees to the Plaintiffs.

## Fifth Cause of Action
### Pendent Delaware and Pennsylvania State Law Claims - Negligence
### All Defendants

77.    Plaintiffs incorporate paragraphs one (1) through seventy-six (76) as though fully set forth herein at length.

78.    All of the defendants herein owed a duty, based on their special relationships with plaintiffs _LC1_ and _LC2_ to ensure their physical safety, protect them from harm, and ensure the preservation of their rights.

79.    All of the defendants herein, with deliberate indifference, breached the duty owed by them to plaintiffs _LC1_ and _LC2_ by, among other things, failing to ensure their physical, by failing to protect them from harm, by failing to ensure the preservation of their rights, by failing to conduct any reasonable investigation into the capacity of defendants D. Haynes and K. Haynes to care for plaintiffs _LC1_ and _LC2_ by failing to ensure that plaintiffs were receiving appropriate medical treatment, by allowing severe personal injury abuse and/or harm to happen

LC1    LC2

upon plaintiffs 1    y and    and/or by failing to monitor the environment into which they

LC1    LC2

had placed    y and    ..

LC1

80.    As a direct and proximate result of the aforementioned breach of duties

LC2

and    suffered severe physical and emotional injuries, all of which may be permanent.

LC1    LC2

81.    As a direct and proximate result of all of, plaintiffs    nc    were

deprived of their substantive due process rights guaranteed by the Fourteenth Amendment of the

Constitution of the United States of America and the Constitution and laws of the State of

Delaware and the laws of the Commonwealth of Pennsylvania and have suffered injuries,

including but not limited to, permanent physical and psychological injuries, pain, loss of earning

capacity, and past, present and future medical bills.

LC1    LC2

WHEREFORE, Plaintiffs    y and    .. respectfully request that judgment be

entered against all defendants, in an amount exceeding Seventy-five thousand dollars

($75,000.00) including, but not limited to, compensatory damages for past and future medical

expenses, past pain and suffering, future pain and suffering, future wage loss, loss of future

earning capacity; punitive damages; all reasonable attorney's fees and costs; and such other legal

and equitable relief as appears just and reasonable.

**Sixth Cause of Action**
**Pendent Pennsylvania State Law Claim**
**Assault and Battery and Child Endangerment**
**D. Haynes and K. Haynes**

82.    Plaintiffs incorporate paragraphs one (1) through eighty-two (82) as though fully

set forth herein at length.

83.    Defendants D. Haynes and K. Haynes each committed an assault and battery upon

LC1    LC2
plaintiffs    y and    l directly and proximately causing each of them to suffer severe and

LC1    LC2
permanent injuries entitling plaintiffs    and    o compensatory and punitive damages

from each of these defendants.

LC1    LC2
WHEREFORE, Plaintiff    y and    respectfully request that judgment be

entered against defendants D. Haynes and K. Haynes, in an amount exceeding Seventy-five

thousand dollars ($75,000.00) including, but not limited to, compensatory damages for past and

future medical expenses, past pain and suffering, future pain and suffering, future wage loss, loss

of future earning capacity; punitive damages; all reasonable attorney's fees and costs; and such

other legal and equitable relief as appears just and reasonable.

**Seventh Cause of Action**
**Pendent Delaware and Pennsylvania State Law Claims -**
**Intentional or Negligent Infliction of Emotional Distress**
**Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Rejoice,**
**Tremper, Glockley, Hermes, Lippstone, Catlett, D. Haynes and K. Haynes**

84.    Plaintiffs incorporate paragraphs one (1) through eighty-three (83) as though fully

set forth herein at length.

85.    Defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Rejoice, Tremper,

Glockley, Hermes, Lippstone, Catlett, D. Haynes and K. Haynes acted outrageously and with

LC1    LC2
deliberate indifference when placing    y and    in the care of defendants D. Haynes and

K. Haynes.

86.    Defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Rejoice, Tremper,

Glockley, Hermes, Lippstone, Catlett, D. Haynes and K. Haynes acted outrageously in failing to

conduct investigation and/or a wholly inadequate investigation into the capacity of defendants D.

Haynes and K Haynes to care for, protect, and prevent harm and/or serious bodily injury to

LC1    LC2
Plaintiffs    and

87.    As a direct result of defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett,

Rejoice, Tremper, Glockley, Hermes, Lippstone, Catlett, D. Haynes and K. Haynes's outrageous

LC1    LC2
acts,    and    have suffered severe physical injuries and permanent and ongoing

emotional distress.

88.    Defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Rejoice, Tremper,

Glockley, Hermes, Lippstone, D. Haynes and K. Haynes's acts, alleged herein, were outrageous

LC1    LC2
and made with deliberate indifference to the safety of    y and    'l and call for the

imposition of punitive damages.

LC1    LC2
WHEREFORE, Plaintiffs    and    respectfully request that judgment be

entered against defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Rejoice, Tremper,

Glockley, Hermes, Lippstone, Catlett, D. Haynes and K. Haynes in an amount exceeding

Seventy-five thousand dollars ($75,000.00) including, but not limited to, compensatory damages

for past and future medical expenses, past pain and suffering, future pain and suffering, future

wage loss, loss of future earning capacity; punitive damages; all reasonable attorney's fees and

costs; and such other legal and equitable relief as appears just and reasonable.

**Eighth Cause of Action**
**Pendent Delaware State Law Claim - Violation of 31 Del. C. §304**
**Delaware, DFS, DSCYF, Buchanan, Klett, Tremper, Glockley, Hermes and Lippstone**

89.    Plaintiffs incorporates paragraphs one (1) through eighty-eight (88) as though

fully set forth herein at length.

90.    Defendants Delaware, DFS, DSCYF, Buchanan, Klett, Lippstone, Tremper,

Glockley and Hermes owed statutory obligations and duties to ⟪LC1⟫ y and I ⟪LC2⟫, based on their special relationships with plaintiffs ⟪LC1⟫ y and ⟪LC2⟫ y and through 31 Del. C. §304, including all such duties that are necessary and proper for the supervision, care, custody, board and placement of dependant and neglected children.

91.    Defendants Delaware, DFS, DSCYF, Buchanan, Klett, Lippstone, Tremper, Glockley and Hermes, with deliberate indifference, breached the aforementioned statutory duties owed by them to plaintiffs J ⟪LC1⟫ and ⟪LC2⟫ and violated 31 Del. C. §304 by, among other things, failing to ensure their physical, by failing to protect them from harm, by failing to ensure the preservation of their rights, by failing to conduct any reasonable investigation into the capacity of defendants D. Haynes and K. Haynes to care for plaintiffs ⟪LC1⟫ anc ⟪LC2⟫ by failing to ensure that plaintiffs were receiving appropriate medical treatment, by allowing severe personal injury abuse and/or harm to happen upon plaintiffs ⟪LC1⟫ and ⟪LC2⟫ and/or by failing to monitor the environment into which they had placed ⟪LC1⟫ and ⟪LC2⟫

92.    As a direct and proximate result of the aforementioned breach of duties and statutory violations, ⟪LC1⟫ y and ⟪LC2⟫ l suffered severe physical and emotional injuries, all of which may be permanent.

93.    As a direct and proximate result of the aforementioned breach of duties and statutory violations, plaintiffs ⟪LC1⟫ y and ⟪LC2⟫ were deprived of their substantive due process rights guaranteed by the Fourteenth Amendment of the Constitution of the United States of America and the Constitution and laws of the State of Delaware and the laws of the Commonwealth of Pennsylvania and have suffered injuries, including but not limited to, permanent physical and psychological injuries, pain, loss of earning capacity, and past, present and future medical bills.

WHEREFORE, Plaintiffs y and respectfully request that judgment be

entered against defendants Delaware, DFS, DSCYF, Buchanan, Klett, Lippstone, Tremper,

Glockley and Hermes, in an amount exceeding Seventy-five thousand dollars ($75,000.00)

including, but not limited to, compensatory damages for past and future medical expenses, past

pain and suffering, future pain and suffering, future wage loss, loss of future earning capacity;

punitive damages; all reasonable attorney's fees and costs; and such other legal and equitable

relief as appears just and reasonable.

### Ninth Cause of Action
### Pendent Delaware State Law Claim - Violation of 29 Del. C. § 9007A (e)
### Delaware, DFS, DSCYF, Buchanan, Klett, and Lippstone

94.    Plaintiffs incorporates paragraphs one (1) through ninety-three (93) as though

fully set forth herein at length.

95.    Defendants Delaware, DFS, DSCYF, Buchanan, Klett and Lippstone, owed

statutory obligations and duties to   and   ll, based on their special relationships with

plaintiffs ' y and ", by and through 29 Del. C. §9007, including but not limited to,

duties to represent the best interest of   and !   , be trained by the Office of the Child

Advocate prior to representing ' y and ", conduct investigations into the cases of

l   y and ", monitor all the records of !   and ", and monitor the cases of

  and " to ensure that the Courts orders were being fulfilled.

96.    Defendants Delaware, DFS, DSCYF, Buchanan, Klett and Lippstone, with

deliberate indifference, breached the aforementioned statutory duties owed by them to plaintiffs

  ind " and violated 29 Del. C. §9007A by, among other things, failing to ensure their

physical safety, by failing to protect them from harm, by failing to ensure the preservation of

their rights, by failing to conduct any reasonable investigation into the capacity of defendants D.

Haynes and K. Haynes to care for plaintiffs l $LC1$   and $LC2$ by failing to ensure that plaintiffs

were receiving appropriate medical treatment, by allowing severe personal injury abuse and/or

harm to happen upon plaintiffs $LC1$   and $LC2$ and/or by failing to monitor the environment

into which they had placed $LC1$   y and $LC2$

    97.    As a direct and proximate result of the aforementioned breach of duties and

statutory violations, $LC1$   y and $LC2$ l suffered severe physical and emotional injuries, all of

which may be permanent.

    98.    As a direct and proximate result of the aforementioned breach of duties and

statutory violations, plaintiffs $LC1$   and $LC2$ were deprived of their substantive due process

rights guaranteed by the Fourteenth Amendment of the Constitution of the United States of

America and the Constitution and laws of the State of Delaware and the laws of the

Commonwealth of Pennsylvania and have suffered injuries, including but not limited to,

permanent physical and psychological injuries, pain, loss of earning capacity, and past, present

and future medical bills.

    WHEREFORE, Plaintiffs $LC1$   y and $LC2$ l respectfully request that judgment be

entered against defendants Delaware, DFS, DSCYF, Buchanan, Klett and Lippstone, in an

amount exceeding Seventy-five thousand dollars ($75,000.00) including, but not limited to,

compensatory damages for past and future medical expenses, past pain and suffering, future pain

and suffering, future wage loss, loss of future earning capacity; punitive damages; all reasonable

attorney's fees and costs; and such other legal and equitable relief as appears just and reasonable.

## Demand for Trial by Jury

99.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial

by a jury of 12 on all issues so triable.

## Prayer for Relief

100.    Plaintiffs request a jury trial on all issues so triable and;

1. as to defendants Tremper, Glockley, Hermes, Lippstone, and Catlett, requests

an award of:

a. compensatory damages for past and future medical expenses, past pain

and suffering, future pain and suffering, future wage loss and loss of earning capacity;

b. punitive damages;

c. reasonable attorney's fees and costs; and

d. such other legal and equitable relief as appears just and reasonable; and

2. as to defendants Delaware, DFS, DSCYF, CFF, Buchanan, Klett, and Rejoice,

plaintiffs request an award of:

a. compensatory damages for past and future medical expenses, past pain

and suffering, future pain and suffering, future wage loss and loss of earning capacity;

b. punitive damages;

c. reasonable attorney's fees and costs;

d. injunctive relief to be fashioned by the Court to prevent such

occurrences in the future in the State of Delaware; and

e. such other legal and equitable relief as appears just and reasonable.

Respectfully submitted,

10·26·07

_____

MATTHEW HAYES OSBORNE
Del. Bar #4630
Pa. Bar #202143
Schmidt, Kirifides, Pearson,
Koutcher & Fridkin, P.C.
1301 N. Harrison Street, Unit 105
Wilmington, Delaware 19806
(302) 836-3900
osbornelaw@comcast.net

℀JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

07 - 675

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| LC, Et.al. | State of Delaware, Et.al. |

**(b)** County of Residence of First Listed Plaintiff  _Sussex_
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Matthew H. Osborne, SkPKF 1301
N. Harrison St. Wim. DE 19806 302 636 3900

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government
Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                           and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. §1983

Brief description of cause:
Substantive due process

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE
10·26·07

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #_____   AMOUNT_____   APPLYING IFP_____   JUDGE_____   MAG. JUDGE_____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No.  0 7 – 6 7 5

# ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF ____13____ COPIES OF AO FORM 85.

10·26·07
(Date forms issued)

_____
(Signature of Party or their Representative)

_____
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action