## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LC1, a minor by and through her legal guardians, Sherman Catchings and Gladys Catchings and LC2, a minor through his legal guardians, Sherman Catchings and Gladys Catchings | ) ) ) ) ) | C.A. No. 07-675 GMS LPS<br><br>TRIAL BY JURY OF 12 DEMANDED |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| The State of Delaware, et al., | ) | |
| Defendants. | ) ) ) | |

## ANSWER OF DEFENDANT CHILDREN AND FAMILIES FIRST

### NATURE OF THE ACCIDENT

To the extent this paragraph sets forth any allegations against the Answering Defendant, they are denied.

### JURISDICTION AND VENUE

1. Denied.

2. Denied.

### PARTIES

3. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

4. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

5. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

2296511-1

6.    This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

7.    This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

8.    This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

9.    Admitted.

10.    This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

11.    This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

12.    This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

13.    This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

14.    This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

15.    This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

16.    This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

17.    This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

18.    This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

## FACTUAL ALLEGATIONS RELATED TO ALL CAUSES OF ACTION

19.    Answering Defendant incorporates herein by reference paragraphs 1 through 18 of this Answer as if set forth in full.

20.    Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

21.    Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

22.    Admitted as to Answering Defendant.

23.    Denied as stated.  The duties of the Answering Defendant are set forth in the Statement of Agreement between it and the Department of Services for Children, Youth and Families and the Delacare requirements for child placing agencies.

24.    Admitted.

25.    This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

26.    To the extent this paragraph sets forth any allegations against Answering Defendant, they are denied.

27.    This paragraph sets forth conclusions of law to which a responsive pleading is not required.

28.    Denied.

29.    This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

30.    Denied.

31.    Denied.

32.    Denied.

33.    Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

34.    Denied.

35.    Denied.

36.    Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

37.    Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

38.    Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

39.    Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they are therefore deemed denied.

40.    Denied.

41.    Denied.

42.    Denied.

43.    Denied.

44.    Denied.

45.    This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

46.    Denied as stated. Admitted Defendant Glockney was an employee of Answering Defendant and Defendant Hermes was an intern with Answering Defendant.

47.    This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

48.    This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

## INJURIES

49.    Answering Defendant incorporates herein by reference paragraphs 1 through 48 of this Answer as if set forth in full.

50.    Denied as to the whole and each subpart.

51.    Denied as to the whole and each subpart.

## FIRST CAUSE OF ACTION

52.    Answering Defendant incorporates herein by reference paragraphs 1 through 51 of this Answer as if set forth in full.

53.    Denied.

54.    Denied.

55.    Denied.

56.    Denied.

57.    Denied.

58.    Denied.

59.    Denied.

60.    Denied.

61.    Denied.

2296511-1

## SECOND CAUSE OF ACTION

62.     Answering Defendant incorporates herein by reference paragraphs 1 through 61 of this Answer as if set forth in full.

63.     Denied.

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     Denied.

## THIRD CAUSE OF ACTION

69.     Answering Defendant incorporates herein by reference paragraphs 1 through 68 of this Answer as if set forth in full.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

## FOURTH CAUSE OF ACTION

75.     Answering Defendant incorporates herein by reference paragraphs 1 through 74 of this Answer as if set forth in full.

76.     Denied.

2296511-1                                                   6

## FIFTH CAUSE OF ACTION

77.     Answering Defendant incorporates herein by reference paragraphs 1 through 76 of this Answer as if set forth in full.

78.     This paragraph sets forth conclusions of law to which a responsive pleading is not required.

79.     Denied.

80.     Denied.

81.     Denied.

## SIXTH CAUSE OF ACTION

82.     Answering Defendant incorporates herein by reference paragraphs 1 through 81 of this Answer as if set forth in full.

83.     This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

## SEVENTH CAUSE OF ACTION

84.     Answering Defendant incorporates herein by reference paragraphs 1 through 83 of this Answer as if set forth in full.

85.     Denied.

86.     Denied.

87.     Denied.

88.     Denied.

## EIGHTH CAUSE OF ACTION

89.     Answering Defendant incorporates herein by reference paragraphs 1 through 88 of this Answer as if set forth in full.

90.     This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

91.     This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

92.     This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

93.     This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

## NINTH CAUSE OF ACTION

94.     Answering Defendant incorporates herein by reference paragraphs 1 through 93 of this Answer as if set forth in full.

95.     This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

96.     This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

97.     This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

98.     This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

## DEMAND FOR TRIAL BY JURY

99.     This paragraph sets forth a statement of law to which a responsive pleading is not required.

100.    This paragraph sets forth a statement of law to which a responsive pleading is not required.

## FIRST AFFIRMATIVE DEFENSE

101.    The Plaintiffs' Complaint fails to set forth a cause of action against the Answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

102.    The Plaintiffs' Complaint fails to set forth a cause of action for the Minor Plaintiff LC2.

## THIRD AFFIRMATIVE DEFENSE

103.    Minor Plaintiffs were discharged from the foster care provided by the Answering Defendant on December 15, 2004 and Answering Defendant had no further right or duties concerning the care of the Minor Plaintiffs after that date.

## FOURTH AFFIRMATIVE DEFENSE

104.    The Delaware Department of Services for Children, Youth and their Families ruled that Answering Defendant could not perform adoptive home studies for prospective adoptive parents of the Plaintiffs.  Answering Defendant was preparing the social report for termination of parents right and the Delaware Department of Services for Children, Youth and their Families determined that Answering Defendant's role in that social report conflicted Answering Defendant from doing any adoptive home study.

## FIFTH AFFIRMATIVE DEFENSE

105.    The allegations in the Complaint and each Count therein fail to state a claim against Answering Defendant upon which relief can be granted.

## SIXTH AFFIRMATIVE DEFENSE

106.    The claims in the Complaint and each Count therein are barred by the appropriate

and applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

107.    Whatever damages were incurred by Plaintiffs were the result of intervening

and/or superceding acts or omissions of persons over whom Answering Defendant had no

control.

## EIGHTH AFFIRMATIVE DEFENSE

108.    The injuries and losses alleged by Plaintiffs, if they occurred, were caused by the

acts and omissions of other persons, including possibly other defendants herein, over whom

Answering Defendant had no responsibility or control.

## NINTH AFFIRMATIVE DEFENSE

109.    At all times relevant hereto, the knowledge of other persons and business entities,

and the ability of such other persons and business entities to take actions to prevent the injuries

complained of was superior to that of Answering Defendant, and, therefore, if there was a duty to

protect Plaintiffs, the duty was on those other persons and business entities and not on

Answering Defendant.

## TENTH AFFIRMATIVE DEFENSE

110.    The claims in the Complaint and each Count therein that seek exemplary or

punitive damages violate Answering Defendant's right to procedural due process as provided in

the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of

the State of Delaware.

## ELEVENTH AFFIRMATIVE DEFENSE

111.    The claims in the Complaint and each Count therein that seek exemplary or punitive damages violate Answering Defendant's right to substantive due process as provided by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Delaware.

## TWELFTH AFFIRMATIVE DEFENSE

112.    The claims in the Complaint and each Count therein that seek exemplary or punitive damages violate Answering Defendant's right to protection from "excessive fines" as provided in Article I, Section 11 of the Constitution of the State of Delaware.

## THIRTEENTH AFFIRMATIVE DEFENSE

113.    The claims in the Complaint and each Count therein that seek an award of exemplary or punitive damages fail to state a claim against Answering Defendant upon which relief can be granted.

## FOURTEENTH AFFIRMATIVE DEFENSE

114.    The claims in the Complaint and each Count therein that seek exemplary or punitive damages violate Answering Defendant's right to equal protection under the law and are otherwise unconstitutional under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Delaware.

## FIFTEENTH AFFIRMATIVE DEFENSE

115.    Plaintiffs have failed to state a cause of action for attorneys' fees, prejudgment interest and costs.

## SIXTEENTH AFFIRMATIVE DEFENSE

116.    The Complaint fails to specify any willful or wanton conduct on the part of Answering Defendant, and, therefore, all claims in reference to the recovery of punitive damages in the Complaint must be stricken.

## SEVENTEENTH AFFIRMATIVE DEFENSE

117.    To the extent that various defendants have concluded or may conclude settlement with the Plaintiffs, Answering Defendant is entitled to a set-off for any amount paid or to be paid.

## EIGHTEENTH AFFIRMATIVE DEFENSE

118.    Plaintiffs' causes of action and alleged damages are barred or subject to reduction by virtue of principles of release.

## NINETEENTH AFFIRMATIVE DEFENSE

119.    Plaintiffs' alleged damages are limited by the applicable statutory ceilings on recoverable damages.

WHEREFORE, Answering Defendant demands Judgment be entered in their favor and against the Plaintiffs plus costs of suit.

## CROSS CLAIM AGAINST CO-DEFENDANTS

120.    The Answering Defendant reserves the right to assert a Cross Claim against the Co-Defendants if there is evidence to support the same as discovery occurs.

## [SIGNATURE ON NEXT PAGE]

2296511-1

RAWLE & HENDERSON LLP

/s/ William J. Cattie, III  #953
William J. Cattie, III, Esq.
I. D. No. 953
George T. Lees, III, Esq.
I. D. No. 3647
300 Delaware Avenue, Suite 1015
P. O. Box 588
Wilmington, DE 19899-0588
302-778-1200
Attorney for Defendant Children and Families First

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

LC1, a minor by and through her legal )    C.A. No. 07-675
guardians, Sherman Catchings and Gladys )
Catchings and LC2, a minor through his )
legal guardians, Sherman Catchings and )    TRIAL BY JURY OF 12 DEMANDED
Gladys Catchings )
           Plaintiffs, )
   )
       v. )
   )
The State of Delaware, et al., )
           Defendants. )
   )

**CERTIFICATE OF SERVICE**

I, William J. Cattie, III, Esq. do hereby certify that on February 9, 2008, I have caused to

be sent via electronic filing a copy of the **ANSWER OF DEFENDANT CHILDREN AND**

**FAMILIES FIRST** to the following individual(s):

Matthew Hayes Osborne, Esq.
Schmidt, Kirifides, Pearson, Koutcher &
Fridkin, P.C.
1301 N. Harrison St., Unit 105
Wilmington, DE 19806
Attorney for Plaintiff

 

**RAWLE & HENDERSON LLP**


/s/ William J. Cattie, III  #953
William J. Cattie, III, Esq.
I. D. No. 953
300 Delaware Avenue
P. O. Box 588
Wilmington, DE 19899-0588
Attorney for Defendant Children and
Families First