# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| L.C. 1, a minor, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | C.A. No. 07-675-GMS |
| | ) | |
| STATE OF DELAWARE, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## STATE DEFENDANTS' OPENING BRIEF
## IN SUPPORT OF MOTION TO DISMISS COMPLAINT

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

STEPHANI J. BALLARD, I.D. #3481
JAMES J. MAXWELL, I.D. #2892
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorneys for State of Delaware Defendants

DATED:  February 20, 2008

# TABLE OF CONTENTS

Page

TABLE OF CITATIONS ........................................................................................ iii

NATURE AND STAGE OF THE PROCEEDINGS ..................................................1

STATEMENT OF FACTS ........................................................................................2

ARGUMENT ..............................................................................................................4

      STANDARD OF REVIEW ................................................................................4

I.    PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS THE STATE OF
    DELAWARE, THE STATE AGENCY DEFENDANTS, AND STATE
    DEFENDANT MARCIA TREMPER, SUED IN HER OFFICIAL CAPACITY, ARE
    IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT TO THE
    UNITED STATES CONSTITUTION ........................................................................5

        A.   The State of Delaware and its agencies are immune from suit pursuant to the
            Eleventh Amendment.............................................................................................5

        B.   All claims against Defendant, social worker Marcia Tremper, sound in her
            official capacity and she is therefore immune from suit under the Eleventh
            Amendment.............................................................................................................6

II.   PLAINTIFFS' COMPLAINT MUST BE DISMISSED AS TO STATE
    DEFENDANT, MARCIA TREMPER, TO THE EXTENT ANY ACTS IN HER
    INDIVIDUAL CAPACITY ARE PLED, AS THE COMPLAINT, ON ITS FACE,
    FAILS TO STATE ANY CLAIM AGAINST HER UNDER 42 U.S.C. §1983 ...........9

        A.   Plaintiffs' Complaint fails to allege that Marcia Tremper took any action
            constituting deliberate indifference to Plaintiffs' civil rights; or had any personal
            involvement in any of the alleged constitutional wrongs against Plaintiffs........10

        B.   Even viewing the complaint in the light most favorable to Plaintiffs, the claims
            against Defendant Tremper would sound, at most, in negligence, and therefore
            do not state a claim for violation of 42 U.S.C §1983 .........................................14

        C.   The Complaint fails, as a matter of law, to state a §1983 claim against State
            Defendant Tremper based upon "state created danger," as it does not allege any
            affirmative acts on her part which caused harm to the Plaintiffs........................18

i

III.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST ANY STATE DEFENDANT
        UNDER DELAWARE STATE LAW, AND THOSE PENDENT CLAIMS MUST
        ALSO BE DISMISSED ............................................................................................20

        A.  Plaintiffs fail to plead facts which would circumvent the State Defendants'
        immunity from tort claims pursuant to 10 Del.C. §4001 ...........................................21

        B.  Plaintiffs fail to state a claim for "violation" of 31 Del.C. §304 or 29 Del.C. §
        9007A, as those statutes creates no private right of action .........................................21

CONCLUSION ...................................................................................................................23

## TABLE OF CITATIONS

**Case Name**                                                                                                    **Page**

Baylis v. Taylor, 475 F.Supp. 2d 484 (D.Del. 2007) .........................................................4

Bennett v. Murphy, 274 F.3d 133 (3d Cir. 2002) ..................................................10, 11

Bonenberger v. Plymouth Township, 132 F.3d 20 (3d Cir. 1997)..............................20

Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75 (3d Cir. 1980)............................11

Brathwaite v. Carroll, 2006 WL 839385 (D.Del. 2006) ..............................11, 12, 13, 14

Bright v. Westmoreland Cty., 443 F.3d 276 (3d Cir. 2006) ........................................19

Bryan v. Erie County Office of Children and Youth,
  2006 F.Supp.2d 2852446 (W.D. Pa. 2006).............................................................19

Carrigan v. Delaware, 957 F.Supp. 1376 (D.Del. 1997).............................................21

Carswell v. Borough of Homestead, 381 F.3d 235 (3d Cir. 2004) .............................10

County of Sacramento v. Lewis, 523 U.S. 833 (1998) ................................................16

Daniels v. Williams, 474 U.S. 327 (1986)..............................................................10, 15

Doe v. Cates, 499 A.2d 1175 (Del. 1985)....................................................................6

Edelman v. Jordan, 415 U.S. 651 (1974).....................................................................5

Estelle v. Gamble, 429 U.S. 97 (1976) .......................................................................15

Evancho v. Fisher, 423 F.3d 347 (3d Cir. 2005).........................................11, 12, 13

Ex Parte Young, 209 U.S. 123 (1908) ..........................................................................9

Farmer v. Brennan, 511 U.S. 825 (1994)....................................................................17

Freedman v. City of Allentown, 853 F.2d 1111 (3d Cir. 1988)....................................18

Green v. Mansour, 474 U.S. 64 (1985), *reh'g denied*, 474 U.S. 1111 (1986).................9

Hiland Dairy, Inc. v. Kroger Co., 402 F.2d 968 (8th Cir. 1968),
    *cert. denied*, 395 U.S. 961 (1969) ........................................................................4

Hunter v. Bryant, 502 U.S. 224 (1991) ...........................................................................10

Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000) ......................................................6

Kost v. Kozakierwicz, 1 F.3d 176 (3d Cir. 1993).............................................................4

Littlejohn v. City of Philadelphia, 1993 WL 79600 (E.D.Pa. 1993).............................18

Melo v. Hafer, 912 F.2d 628 (3d Cir. 1990), *aff'd* 502 U.S. 21 (1991).....................7, 8

Mitchell v. Forsyth, 472 U.S. 511 (1985) .......................................................................10

Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997) ..........................4, 19

Neeley v. Samis, 183 F. Supp. 2d 672 (D. Del. 2002).................................................6, 20

Nicini v. Morra, 212 F.3d 789 (3d Cir. 2000).........................................15, 16, 17, 21

Pagano v. Hadley, 535 F.Supp. 92 (D.Del. 1982)............................................................6

Parratt v. Taylor, 451 U.S. 527 (1981)...........................................................................10

Pauling v. McElroy, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960) ...............4

Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984) ...........................6

Polk County v. Dodson, 454 U.S. 312 (1981) .................................................................12

Rode v. Dellarciprete, 845 F.2d 1195 (3d Cir. 1988) ..........................................11, 12, 14

Saunders v. Sullivan, 608 A.2d 730 (Del.1992) .............................................................21

Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996)................................................5

Signore v. City of McKeesport, 680 F.Supp. 200 (W.D. Pa. 1988),
    *aff'd*, 877 F.2d 54 (3d Cir. 1989) ........................................................................4

Stanford v. Stiles, 456 F.3d 298 (3d Cir. 2006)..............................................................19

Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989) ............................................7

## **Statutes, Rules and Other Authorities**

United States Constitution Eleventh Amendment ................................................................... *passim*

United States Constitution Fourteenth Amendment ........................................................................6

29 U.S.C. §1367(c)(3)..................................................................................................................20

42 U.S.C. §1983.................................................................................................... *passim*

10 <u>Del. C</u>. §4001 .........................................................................................................................21

10 <u>Del. C</u>. §8116 .........................................................................................................................18

10 <u>Del. C</u>. §8119 .........................................................................................................................18

29 <u>Del. C</u>. §9007A .........................................................................................................20, 21, 22

31 <u>Del. C</u>. §301 ...........................................................................................................................22

31 <u>Del. C</u>. §304 ....................................................................................................................20, 21

Federal Rule of Civil Procedure 8(a) ...........................................................................................11

Federal Rule of Civil Procedure 12(b)(6) ........................................................................4, 16, 18

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs, minor children "LC1" and "LC2" have, through their guardians, filed the instant complaint with this Court against the following State of Delaware defendants:  State of Delaware; Delaware Division of Family Services; [Delaware] Department of Services for Children, Youth and their Families, and Marcia Tremper, a former (now-retired) social worker for DSCYF.  Plaintiffs plead violations of the children's substantive due process rights under 42 U.S.C. §1983, as well as several "state law" claims against the State Defendants.[1]  Plaintiffs' claims arise out of the minor children's placement with a Pennsylvania foster family who allegedly engaged in an act of abuse against at least one of the children on October 28, 2005.

Plaintiffs filed the instant Complaint on October 26, 2007.  This is the State Defendants' Opening Brief in Support of their Motion to Dismiss Complaint, which is filed simultaneously herewith.

---

1 The complaint also alleges §1983 and other Delaware and Pennsylvania state law violations against other (non-State of Delaware) defendants, the merits of which will not be addressed herein.

1

## STATEMENT OF FACTS

For purposes of this Motion to Dismiss, which is based solely on legal defenses, even assuming all facts alleged in Plaintiffs' complaint to be true, they fail to state a claim against the Moving Defendants upon which relief can be granted.  Plaintiffs' factual allegations against the State of Delaware Defendants (the State agencies and Ms. Tremper) are set forth herein.

### The Interstate Foster Care Placement:

Plaintiffs allege that LC1 (born in 2002) and LC2 (born in 2001) were removed from the custody of their natural parents by the State of Delaware, through its child welfare agencies (DFS/DSCYF), on or about May 28, 2003.  (Compl. ¶ 22).  At an unspecified date, the State Defendants, along with other non-State (private) placement agencies in Pennsylvania and Delaware arranged for the placement of LC1 and LC2 with a foster family in Pennsylvania: Defendants D. and K. Haynes.  (¶30).  A guardian *ad litem* was appointed by the Court for the children.  (¶24).

Plaintiffs allege that all Defendants "conducted no or wholly inadequate investigations into the qualifications, capacity and ability" of the Haynes to care for the minor children.  (¶31).  While in foster care, Plaintiffs allege that the children suffered unspecified (other than the October 2005 incident) "severe physical and mental abuse."  (¶33).  Plaintiffs allege that Defendants "fail[ed] to conduct routine checks", "fail[ed] to visit the home," and "fail[ed] to monitor the environment" of the foster placement; they further allege that Defendants "fail[ed] to review any and/or all of the medical records" of LC1 and LC2.  (¶34).  Plaintiffs allege, with no specific incidents pled, that for a year prior to October 28, 2005, the children did not receive medical attention and experienced a dangerous environment and "abuse and/or potential physical

2

harm" in the Haynes' home.  (¶40).  Plaintiffs allege generally that the foster care placement, based upon the conduct of all Defendants, was "wholly lacking in thoroughness and precision." (¶42).

As to the only individual State Defendant, former social worker Marcia Tremper, Plaintiffs allege that her (unspecified) acts or omissions were undertaken "with the full authority, direction and consent of" the State of Delaware child welfare agencies.  (¶45).

**The October 28, 2005 incident.**

Plaintiffs further allege that, on or about October 28, 2005, (non-State) defendants, D. Haynes and K. Haynes (the foster parents), "caused and/or allowed LC1 to be severely scolded [sic] on her left and right hands" by hot liquid.  (¶36).  LC2 was present and "made to watch" the incident.  Id.  Plaintiffs allege various physical and psychological injuries to LC1 and psychological injury to LC2.  (¶37-38).

## ARGUMENT

### STANDARD OF REVIEW.

The district court should dismiss a complaint if, on its face, the plaintiff fails to state a claim upon which relief can be granted.  F.R.C.P. 12(b)(6).  The purpose of the motion to dismiss is to test the sufficiency of the allegations raised in the complaint.  Baylis v. Taylor, 475 F.Supp. 2d 484 (D.Del. 2007) (*citing* Kost v. Kozakierwicz, 1 F.3d 176, 183 (3d Cir. 1993)).  In considering a 12(b)(6) motion to dismiss, the well-pled factual allegations of the complaint must be accepted as true, and reasonable inferences drawn in favor of the plaintiff.  Id.  However, the Court should reject unsupported allegations, or sweeping legal conclusions cast in the form of factual allegations.  *See* Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); Hiland Dairy, Inc. v. Kroger Co., 402 F.2d 968 (8th Cir. 1968), *cert. denied*, 395 U.S. 961 (1969); Pauling v. McElroy, 278 F.2d 252 (D.C. Cir. 1960), *cert. denied*, 364 U.S. 835 (1960). Mere allegations, unsupported by facts, do not preclude dismissal and do not constitute a cause of action.  Signore v. City of McKeesport, 680 F.Supp. 200, 203 (W.D. Pa. 1988), *aff'd*, 877 F.2d 54 (3d Cir. 1989).

Under these standards, the Plaintiffs' complaint as to the State of Delaware Defendants must be dismissed because, even assuming Plaintiffs' allegations to be true, the complaint fails as a matter of law to state a claim upon which relief could be granted by this Court in a §1983 action.[2]

---

2  The Court need not extend Plaintiffs the deference in pleading that might be due a *pro se* civil rights litigant.  The 100 paragraph complaint is extensive, and Plaintiffs are represented by counsel.

I.  **PLAINTIFFS' COMPLAINT MUST BE DISMISSED AS THE STATE OF DELAWARE, THE STATE AGENCY DEFENDANTS, AND STATE DEFENDANT MARCIA TREMPER, SUED IN HER OFFICIAL CAPACITY, ARE IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.**

A.  **The State of Delaware and its agencies are immune from suit pursuant to the Eleventh Amendment.**

Plaintiffs have named as Defendants in their suit in this Court, the following entities:

- State of Delaware

- Delaware Division of Family Services

- Delaware Department of Services for Children, Youth and their Families.

Plaintiffs assert various federal Constitutional violations against the Delaware State Agencies in Counts One through Four of the Complaint, and State law claims against them in Counts Five, Seven, Eight and Nine.  All of these entities must be dismissed as defendants as they are immune from suit pursuant to the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  While the Amendment does not facially bar suits against the State by its own citizens, the United States Supreme Court has held that, in the absence of consent, a state is "immune from suits brought in federal courts by her own citizens as well as by citizens of another State."  Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).

The Eleventh Amendment stands "for the constitutional principle that State sovereign immunity limit[s] the federal courts' jurisdiction under Article III."  Seminole Tribe of Florida v.

Florida, 517 U.S. 44, 65 (1996).  "Congress' powers under Article I of the Constitution do not include the power to subject States to suit at the hands of private individuals."  Kimel v. Florida Bd. of Regents, 528 U.S. 62, 80 (2000).  "The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency is proscribed."  Neeley v. Samis, 183 F. Supp. 2d 672, 678 (D. Del. 2002) (citing Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 98-100 (1984)).

The United States Congress can waive the state's sovereign immunity and, therefore, its Eleventh Amendment immunity through the Fourteenth Amendment; however, only a clear indication of Congress' intent to waive state immunity will produce this result.  Id.  No such clear intent can be seen in 42 U.S.C. §1983.  In fact, a review of the statute demonstrates that Congress did not intend to waive the states' immunity.  The statute facially allows suits only to be brought against "persons."  42 U.S.C. §1983.  Neither the State of Delaware, its agencies, nor its officials acting in their official capacity are "persons" as contemplated by 42 U.S.C. §1983.

Furthermore, to the extent Plaintiff claims any violations of state laws as to any State defendant, the doctrine of Sovereign Immunity also bars such a claim.  See Pagano v. Hadley, 535 F.Supp. 92 (D.Del. 1982).  Sovereign immunity provides that the State and its agencies may not be sued without consent.  See Doe v. Cates, 499 A.2d 1175, 1881 (Del. 1985).  No such consent exists here.

**B. All claims against Defendant, social worker Marcia Tremper, sound in her official capacity and she is therefore immune from suit under the Eleventh Amendment.**

The only other State of Delaware defendant Plaintiff has named in this case is Marcia Tremper.  Ms. Tremper, a former social worker for DSCFY—now retired—is named

"individually and in her official capacities [sic]" with the State agencies. Ms. Tremper, to the extent she is sued in her "official capacity" is also immune under the Eleventh Amendment. The Supreme Court has held that a state official acting in his or her official capacity is immune from suit under 42 U.S.C. §1983 because he or she is not considered a "person" under the statute. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Just as States themselves are protected from suit under the immunity granted by the Eleventh Amendment to the U.S. Constitution (*See* Argument III, *infra*), so are state actors in their "official" capacities:

> Obviously, state officials literally are persons. But a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such it is no different from a suit against the State itself.

491 U.S. at 71.

Whether an individual named in a civil rights complaint has been actually sued in his or her "official" or "individual" capacity is a determination to be made on a case by case basis, based upon the pleading of the complaint itself. *See* Melo v. Hafer, 912 F.2d 628 (3d Cir. 1990), *aff'd*, 502 U.S. 21 (1991). In Melo, the Third Circuit, without delineating specific rules to follow in making this determination, considered such factors as the language used in the claims for relief and the case caption itself, and explained that the complaint must give the defendant adequate notice that he or she is being sued in a personal capacity. Id. 912 F.2d at 635-36. In holding that a state actor−in Melo, the Auditor General−had been sued in her individual rather than official capacity, the Third Circuit noted that the plaintiffs explicitly stated in their complaint that their monetary claims against Hafer were "asserted against the defendant in her personal capacity." Id. In addition, plaintiffs' complaint was captioned with defendant listed only by her personal name: "Barbara Hafer," with no reference to the Commonwealth of Pennsylvania. The damages

requested were sought only from Hafer and not from the state.  Id.

Applying Melo's analysis to the instant case, it is clear that, although Ms. Tremper is ostensibly also named in her "individual" capacity, all of the grievances set forth in Plaintiff's complaint as to Tremper stem entirely from actions she allegedly took in her official capacities as a State social worker. While, as discussed further below, Plaintiffs are very unspecific as to exactly what actions Ms. Tremper took that allegedly constituted constitutional violations, the Complaint makes clear that Ms. Tremper's actions, whatever they were, were taken in the course of her official duties.

In the only allegation that addresses Ms. Tremper apart from the other defendants, Plaintiff pleads that "defendant Tremper was the . . . employee of defendants, Delaware, DFS and DSCYF.  *All acts and/or omissions* conducted herein by defendant Tremper were done with the full authority, direction, and consent of [the State] in the course and scope of *her official duties*." (Complaint, ¶45, emphasis added).  The events alleged, involving the placement of a foster child, are clearly the type of duties which a social worker would perform as part of her official function (*see e.g.* "Tremper [and other defendants] played a substantial role and provided input and assistance with respect to the placement of LC1 and LC2 into the foster home. . ." Complaint, ¶58).  Such pleading strongly suggests that the real party in interest is the State itself—particularly, the state agency, DSCYF, for whom Tremper performed her job duties.  In fact, no act is attributed as to Tremper that is not also pled as an act of the State Agencies themselves.  While of course a defendant who holds an official job function can be held liable under §1983 for violating a plaintiff's civil rights "under color of state law," the allegations in this Complaint against Tremper do not rise to this level (*see* Argument II, below).  *See* Melo at

636-37.  The fact that Plaintiffs complain about the performance of the social worker's official

job duties does not negate the fact that all of Ms. Tremper's relevant actions were taken in her

official capacity and, as such, do not give rise to a cause of action in this Court, as she is immune

from suit by virtue of the Eleventh Amendment.

Thus, this Court should deem Ms. Tremper to have been sued in her official capacity

only.  In that capacity, she is immune from all claims for damages and she is entitled to be

dismissed from the suit.[3]

## II.  PLAINTIFFS' COMPLAINT MUST BE DISMISSED AS TO STATE DEFENDANT, MARCIA TREMPER, TO THE EXTENT ANY ACTS IN HER INDIVIDUAL CAPACITY ARE PLED, AS THE COMPLAINT, ON ITS FACE, FAILS TO STATE ANY CLAIM AGAINST HER UNDER 42 U.S.C. §1983.

The only other State of Delaware defendant Plaintiff has named in this case is Marcia

Tremper.  Ms. Tremper, a former social worker for DSCFY—now retired—is named

"individually and in her official capacities [sic]" with the State agencies.  As discussed above, the

claims against Ms. Tremper are identical to those asserted against the State Agencies, and are

therefore claims against her in her "official capacity."  To the extent this Court finds that Plaintiff

has stated claims against Ms. Tremper in her "individual capacity," those claims also must be

dismissed for the reasons outlined herein.

For this Court to assert jurisdiction over a named Defendant in a complaint under 42

U.S.C. §1983, plaintiff must plead the abridgement of some Constitutional right by that

---

3 The Eleventh Amendment does not bar suits for prospective injunctive or declaratory  relief against state defendants in their official capacities, but no such relief is requested as to Ms. Tremper specifically.  Ex Parte Young, 209 U.S. 123 (1908); Green v. Mansour, 474 U.S. 64 (1985), reh'g denied, 474 U.S 1111 (1986).  Further, as Ms. Tremper is now retired from State Employment, it is clear that she could not grant any prospective injunctive relief.

Defendant personally.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  A plaintiff must do more than simply invoke the language of the Constitution and caselaw, or plead bare, conclusory allegations that a defendant has engaged in civil rights violations, in order to withstand a motion to dismiss.  Plaintiffs here, pursuing a remedy for the unfortunate incident on October 28, 2005 involving the minor children, LC1 and LC2, while residing with their Pennsylvania foster family, have simply not set forth any allegations which would subject the social worker, Ms. Tremper, to personal constitutional liability under 42 U.S.C. §1983.

> **A. Plaintiffs' Complaint fails to allege that Marcia Tremper took any action involving deliberate indifference to Plaintiffs' civil rights; or had any personal involvement in any of the alleged constitutional wrongs against Plaintiffs.**

It is axiomatic that to be subject to suit in an action brought pursuant to 42 U.S.C. §1983, a cognizable constitutional violation must be alleged on the face of the complaint as to each named defendant.  In the case of State actors, the existence of a "constitutional question" is the first prong of the qualified immunity test.  If no constitutional violation is pled, the inquiry is at end and the State official is entitled to immunity from suit.  Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2002); Carswell v. Borough of Homestead, 381 F.3d 235, 240-42 (3d Cir. 2004). The Third Circuit, and the United States Supreme Court, have emphasized that qualified immunity, including determination of the validity of the constitutional claim, must be decided at the "earliest possible stage in the litigation."  Bennett, 274 F.3d at 136 (citing Hunter v. Bryant, 502 U.S. 224, 227 (1991)).

> Qualified immunity is '*an entitlement not to stand trial* or face the other burdens of litigation.' " Id. (quoting Mitchell v. Forsyth, 472 U.S. [511] at 526 . . .). "The privilege is 'an immunity from suit rather than a mere defense to liability, and like an

absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.' <u>Id</u>.

<u>Bennett</u>, *supra* (emphasis added).

It is perhaps the most fundamental premise of § 1983 jurisprudence that the plaintiff must allege (and later prove), with reference to specific facts, that a particular defendant has *personal involvement* in the alleged constitutional tort for the claim to even proceed. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). Personal involvement can be shown through allegations that a defendant "directed, had actual knowledge of, or acquiesced in, the deprivation of plaintiff's constitutional rights." <u>Id</u>. The plaintiff must "allege and prove a causal connection between the [conduct of the] defendants and the alleged wrongdoing in order to recover." <u>Brathwaite v. Carroll</u>, 2006 WL 839385, *4, (D.Del. 2006)(*citing* <u>Rode</u>, *supra*). What this means is that more than conclusory allegations are required. This Court has held that "a plaintiff must allege personal involvement *with particularity, stating the time, place and persons responsible for the violations.*" <u>Brathwaite</u>, *supra*, (*citing* <u>Boykins v. Ambridge Area Sch. Dist.</u>, 621 F.2d 75, 80 (3d Cir. 1980) (emphasis added). *See also* <u>Evancho v. Fisher</u>, 423 F.3d 347, 353-54 (3d Cir. 2005) ("a civil rights complaint is adequate where it states the *conduct, time, place and persons responsible*")(emphasis added). This is true even under the liberal notice pleading standard of F.R.C.P. 8(a). <u>Id</u>.

Under this standard, it is plain that Plaintiffs in the instant case do not state a claim for personal involvement in any civil rights violation as Plaintiffs do not allege that Ms. Tremper personally took any action resulting in a civil rights violation against the minor children. Her only alleged role in this action is holding the position of social worker with the State agency, and working on the placement of the children in the foster home. While Plaintiffs allege that the

investigations into and follow up with the Pennsylvania family were deficient (and, as discussed *infra*, this does not equate to a claim for deliberate indifference), Plaintiffs make exactly the same sweeping allegations as to every named defendant who was or may have been involved in the placement process: the State of Delaware; DFS; DSCYF; Children and Families First (CFF); Ms. Glockly and Ms. Hermes (employees of CFF); Rejoice Inc., a Pennsylvania Corporation; Ms. Catless (an employee of Rejoice, Inc.); Andrew Lippstone, Esquire (the guardian ad litem); two law firms with whom Mr. Lippstone is or was allegedly affiliated and, finally, DSCYF employee, Ms. Tremper.  (*See* Complaint ¶¶ 27-32; 40-44; 53-59; 64-66.

Plaintiff alleges no specific conduct or acts—constitutional or otherwise--taken by Ms. Tremper *individually*.  The complaint does not even state whether Ms. Tremper was the social worker assigned to the case, or simply a supervisor—a factor which would not allow for §1983 liability.  Rode, *supra*, 845 F.2d at 1207 ("a defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*."); *See also* Polk County v. Dodson, 454 U.S. 312, 325 (1981).  Given the directive that "a plaintiff must allege personal involvement *with particularity, stating the time, place and persons responsible for the violation,*" the Complaint is clearly deficiently pled, on its face, as to Ms. Tremper.  Brathwaite, *supra*.

The Third Circuit in Evancho noted that, where there are only bare allegations of involvement, with no specificity pled as to what the involvement was (conduct/time/place/persons), a defendant can not even frame an answer to the complaint "because it alleges *no specific act by him* relating to her . . . ."  423 F.3d at 354 (emphasis added).  The same is true here.  Plaintiffs' bare allegations that Marcia Tremper took some

12

constitutionally wrongful actions, with no facts pled as to what, how, when and by what means Tremper was involved, are no more supportable than the allegations dismissed in <u>Evancho</u> (bare allegation that the violation was carried out by the Attorney General or those reporting to him) or <u>Brathwaite</u> (allegations that the correctional officer defendants were "working at the time [of] the incident" or were supervisors).

Nor did the Third Circuit in <u>Evancho</u> accept the argument that the case should await discovery to ferret out whatever evidence might or might not exist to support conclusory allegations of wrongdoing. "[A] court is not required to assume that a plaintiff can prove facts not alleged." <u>Id</u>. The Third Circuit concluded that the complaint was properly dismissed at the outset, where plaintiff's allegations amounted to nothing more than "conclusory, boilerplate language insufficient to show that she is or may be entitled to relief if her claims are proven. <u>Id</u> at 354-55. In the same way, the complaint here contains nothing more, as to Tremper, than "conclusory, boilerplate language," such as that Tremper (along with all of the other defendants) "acted with deliberate indifference to the rights of LC1 and LC2" (Complaint ¶64), with no description as to what conduct Defendant Tremper actually engaged in or how she, specifically was involved in the placement process. Certainly, any plaintiff can allege that any state official violated their rights in purely conclusory terms, but such bare allegations do not state a claim under §1983, and are not sufficient, on their face, to subject state officials to suit in their individual capacity and, potentially, personal liability.

The complaint also fails to adequately plead a claim of causation between whatever actions Tremper allegedly took and the harm that befell the children, particularly in light of the complex process by which an interstate foster placement is instituted. The plaintiff must "allege

13

and prove a causal connection between the defendants and the alleged wrongdoing in order to recover." Brathwaite v. Carroll, *supra*, (*citing* Rode).

With no specificity of the personal actions, including time and place, allegedly taken, Ms. Tremper cannot formulate a meaningful answer or defense to the unarticulated charges. Were this action allowed to proceed against Defendant Tremper, with no specific allegations pled on the face of the complaint, Plaintiffs might well be permitted to name as defendants, and subject to discovery, any and all employees of the DSCYF agency who *might* have had some contact with the LC case, and force these employees to defend themselves from suit.

**B. Even viewing the Complaint in the light most favorable to Plaintiffs, the claims against Defendant Tremper would sound, at most, in negligence, and therefore do not state a claim for violation of 42 U.S.C. §1983.**

Notwithstanding Defendants' position that Plaintiffs' Complaint must be dismissed for failure to allege the personal involvement of Marcia Tremper in any constitutional violations against the Plaintiffs, even assuming Plaintiffs' complaint was properly pled, the broad allegations against Ms. Tremper sound, at most, in negligence, and would therefore fail to state a claim for which relief could be granted under §1983.

Plaintiffs allege that, along with all of the other defendants who were or may have been involved in the foster placement of LC1 and LC2 in the Haynes' Pennsylvania home, Ms. Tremper should be held liable for civil rights violations against the children because the "foster care placement [was] preceded by an investigation wholly lacking in thoroughness," and that the insufficient investigation "into the qualifications capacity and ability of [the Haynses] to care for and protect [the children] from physical injury or harm," proximately resulted in the children being placed into a dangerous environment in which the injury of October 28, 2005 occurred.

14

(Complaint ¶¶ 27, 31-32). Plaintiffs allege that Defendants, including Tremper, "fail[ed] to conduct routine checks"; "fail[ed] to visit the home"; "fail[ed] to monitor the environment" of the foster placement; and "fail[ed] to review any and/or all of the medical records" of LC1 and LC2. (Id ¶34). Plaintiffs allege, that, had the proper investigations and/or checks been done, it would have revealed a dangerous environment and "abuse and/or potential physical harm" in the Haynes' home. (Id ¶40).

Defendants do not dispute that, if there is personal involvement, a responsible state actor can be potentially liable for substantive due process violations against minor children in foster care, under a theory that the children are owed a special duty due to being in the "custody" of the state.[4] However, *liability does not attach merely because of the would-be defendant having some involvement in the placement process*. As with all §1983 violations, "deliberate indifference" by the named defendant, to a <u>known risk</u> to the named plaintiffs must be alleged, and ultimately proven. As with all §1983 violations, *allegations which amount only to negligence will not suffice to maintain a constitutional claim*. *See* <u>Daniels</u>, *supra*, 474 U.S. at 328; <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-106 (1976).

When children are in state custody, the state assumes an "affirmative duty of care and protection" for them. <u>Nicini v. Morra</u>, 212 F.3d 789, 807 (3d Cir. 2000). <u>Nicini</u> explained that for liability to attach to a defendant for substantive due process violations under the above standard, the defendant's conduct must be sufficiently egregious. "Only the most egregious official conduct can be said to be arbitrary in the constitutional sense . . . Mere negligence is

---

4  But see, *infra*--a different standard applies to foster-care claims based upon a "state-created danger." Plaintiffs assert both "state custody" (Count I) and "state created danger" (Count II) claims here.

never sufficient. . . . [S]ubstantive due process liability attaches *only to executive action that is 'so ill conceived or malicious that it shocks the conscience.'"* <u>Nicini</u>, 212 F.3d at 810 (*citing, inter alia,* <u>County of Sacramento v. Lewis</u>, 523 U.S. 833 (1998)). This standard is assessed on a case by case basis. <u>Id.</u>

In <u>Nicini</u>, the plaintiff brought suit against a caseworker, based upon events, including drugs, alcohol, and a sexual assault, during his "para-foster" placement as a minor. Although <u>Nicini</u> was decided on a motion for summary judgment—and the social worker was granted summary judgment—the Court outlined the allegations brought by Plaintiffs against the caseworker which appeared in the complaint. Unlike the allegations in the instant case, the allegations in <u>Nicini</u>—which allowed the plaintiff to survive an earlier motion to dismiss—were highly specific and, on the Rule 12(b)(6) standard, stated a claim on their face for §1983 liability against the caseworker.[5]

In addition to alleging that the caseworker in <u>Nicini</u> failed to properly investigate the foster father's background, including failing to do a criminal background check, the plaintiff made further detailed allegations that "[the caseworker defendant] had actual and/or constructive knowledge of objections by [plaintiff's] parents that awarding custody to defendant, Edward Morra, was inappropriate in that . . . [he] permitted illicit narcotic and alcoholic use by minors at his residence." 212 F.2d at 804. A specific pleading that the named defendant had *actual knowledge* that the foster father engaged in the same type of misconduct against other minors, *prior to plaintiff's placement*, is clearly an allegation which would rise to the level of

---

[5] The district court did dismiss all claims against the New Jersey agencies based upon Eleventh Amendment immunity.

constitutional "deliberate indifference" to the plaintiff's due process rights, as a minor in state custody.  "Deliberate indifference" has been described by the Supreme Court as an actual awareness of and conscious disregard of a known risk to the plaintiff's safety.  *See* Farmer v. Brennan, 511 U.S. 825, 837 (1994).

By contrast, the allegations against social worker Marcia Tremper in the instant case charge, with no specificity, an "inadequate" investigation and follow up of the Haynes foster family before and during the placement of the children, but before the injury took place.  This falls far short of allegations by which Plaintiff could make out a claim of "*action that is 'so ill conceived or malicious that it shocks the conscience*,'" which is necessary for Plaintiff to maintain a §1983 claim against Tremper.  Nicini, 212 F.3d at 810.  Plaintiffs do not allege that Defendant Tremper had or should have had any knowledge that, for example, the Haynes' had criminal records, had abused other children; had risk factors in their home; had been involved in other abuse proceedings, etc.  Such a list is purely hypothetical, as there are no facts alleged of prior wrongdoing by the Hayneses, however, it is illustrative of the sort of allegations which, if warranted, might allow a social worker, such as Ms. Tremper, to be subject to suit for personal liability for civil rights violations under §1983.  *See* Nicini, supra, 212 F.3d at 812.

As pled, the Complaint alleges *at most* that Ms. Tremper did a negligent or deficient job, as a social worker by failing to do a proper or complete evaluation and follow up of the foster home[6], with no other culpable mental state on her part alleged.  Even assuming all of Plaintiffs' allegations to be true, they state a claim for negligence, but not for deliberate indifference, which

---

6  Plaintiffs also do not address the distribution of responsibility among the various players in an interstate foster placement—specifically, whether the investigation/home study/follow ups would have been done by Tremper, another Delaware actor, or a Pennsylvania entity/actor.

is a conscious disregard of *a known risk* to the minor children.  Unfortunately, a serious, traumatic event occurred on October 28, 2005.  But, the analysis of whether Ms. Tremper should be personally subject to suit for civil rights violations does not turn on the mere fact that harm befell the Plaintiffs.   There is no such thing as "hindsight" liability[7].  One cannot allege, without more, that simply because harm—even serious harm--occurred, deliberate indifference must have preceded it.  *See* <u>Freedman v. City of Allentown</u>, 853 F.2d 1111, 1115 (3d Cir. 1988)(affirming 12(b)(6) dismissal of complaint in prison suicide case where defendants' alleged conduct amounted, at most, to negligence).   "We cannot infer from the prisoner's act of suicide itself that the prison officials have recklessly disregarded their obligation to take reasonable precautions to protect the safety of prisoners . . . ."  <u>Id</u>.  *See also* <u>Littlejohn v. City of Philadelphia</u>, 1993 WL 79600 (E.D. Pa. 1993) at p. 6 ("[d]eliberateness and indifference cannot be presumed simply because an event occurs. . . .").   Plaintiffs' Count I, for substantive due process violations against Ms. Tremper, must be dismissed for failure to state a claim.

### C.  The Complaint fails, as a matter of law, to state a §1983 claim against State Defendant Tremper based upon "state created danger," as it does not allege any affirmative acts on her part which caused harm to the Plaintiffs.

Plaintiffs assert the identical factual allegations (failure to adequately investigate and follow up on the foster care family) against Ms. Tremper at Count II, but here under an independent theory of "state created danger."  Count II fails as a matter of law, as the Third

---

7  Indeed, in this case, which was filed on the eve of the two-year statute of limitations after the alleged incident of abuse, allegations pertaining to the investigation and monitoring (or lack thereof) of the foster home may well be barred by the statute of limitations, as such actions would necessarily have taken place more than two years before suit was filed.  10 <u>Del.C.</u> §8119.  Unlike certain other limitations periods under Delaware law, the §8119 personal injury statute of limitations (which governs §1983 actions) is not tolled by the infancy of the plaintiff.  *See* 10 <u>Del.C.</u> §8116.

Circuit has held that liability for "state created dangers" may only be predicated upon "*affirmative acts* which work to plaintiffs' detriments in terms of exposure to danger." Bryan v. Erie County Office of Children and Youth, 2006 F.Supp.2d 2852446, *16 (W.D. Pa. 2006) (*citing* Bright v. Westmoreland Cty., 443 F.3d 276, 282 (3d Cir. 2006)). The District Court in Bryan dismissed "state created danger" claims against the individual defendants who had been involved with placing a foster child in a home where he subsequently sexually assaulted the foster parents' natural child. The allegations brought by the parents and natural child victim were, like the claims in the instant case against Ms. Tremper, based upon "actions that the defendants did not take, rather than affirmative actions which the defendants did take." Bryan at *17. The allegations in Bryan were actually far more egregious than those pled in this case as, in addition to claims of failure to investigate and perform risk assessments, they included claims that the defendants actually knew or should have known of the child's sexually abusive and violent behavior toward others.

In granting the motion to dismiss, the Bryan court examined several Third Circuit cases which uniformly stand for the proposition that a state-created danger can only exist where the state actor affirmatively uses his or her authority (in contrast to omissions) in a way that causally results in harm to the plaintiff. *See* Stanford v. Stiles, 456 F.3d 298 (3d Cir. 2006) (no state-created danger where student committed suicide two weeks after expressing suicidal thoughts to guidance counselor); Morse v. Lower Merion School Dist., 132 F.3d 902 (3d Cir. 1997)(no liability for defendants leaving school door unlocked enabling plaintiff's attacker to enter); Bright v. Westmoreland Cty., supra, (no state-created danger where law enforcement officers failed to enforce a court's no-contact order, resulting in murder of victim). As in Bryan, and the

19

Third Circuit cases above, the claims against Ms. Tremper are, at most, allegations of "failure to act" or omissions in the performance of her duties as a social worker. Absolutely *no affirmative act* by Ms. Tremper which placed the children in harm's way is pled.

### III.    PLAINTIFF FAILS TO STATE A CLAIM AGAINST ANY STATE DEFENDANT UNDER DELAWARE STATE LAW, AND THOSE PENDENT CLAIMS MUST ALSO BE DISMISSED.

Plaintiffs also assert a number of claims, sounding in Delaware State law, against State Defendants in Counts V ("Negligence"), VII ("Intentional or Negligent Infliction of Emotional Distress"), VIII ("violation of 31 Del.C. §304") and IX ("violation of 29 Del.C. §9007A")[8] of their Complaint. Given that the Defendants are State entities (other than Ms. Tremper to the extent any claims have been stated against her in her individual capacity), the Eleventh Amendment would also bar this court from assuming jurisdiction over the claim. "The Eleventh Amendment limits federal judicial power to entertain lawsuits against a State and, in the absence of congressional abrogation or consent, a suit against a state agency [in federal court] is proscribed." Neeley, *supra*, 183 F. Supp. 2d at 678. Even if the Eleventh Amendment did not bar this Court's assumption of jurisdiction, the Court should decline to do so for reasons of judicial economy and the primacy of state court jurisdiction over state law claims. To the extent the Court finds that no federal constitutional claim is stated against the State defendants, the Court should decline to exercise supplemental jurisdiction over purely state law claims. 28 U.S.C. §1367(c)(3); Bonenberger v. Plymouth Township, 132 F.3d 20 (3d Cir. 1997).

---

8 Count IX, "violation of 29 Del.C. §9007A", is asserted only against the State agency defendants (and other non-State of Delaware defendants. It is not asserted against Ms. Tremper personally. This subsection pertains to the legal representation of children in Family Court by the Office of the Child Advocate.

20

### A.  Plaintiffs fail to plead facts which would circumvent the State Defendants' immunity from tort claims pursuant to 10 <u>Del.C.</u> §4001.

In addition to the Eleventh Amendment bar, Plaintiffs can not, as a matter of law, circumvent the State Defendants' tort claim immunity under Delaware State law.  10 <u>Del.C.</u> §4001.  The Delaware Tort Claims Act provides immunity to Ms. Tremper as  a "public employee" as well as to the State entities themselves.  <u>Id</u>.  Under this statute, no cause of action shall arise against the State or any public employee in connection with the performance of his or her duties unless, *inter alia*, the alleged acts or omissions were "done with gross or wanton negligence."  10 <u>Del.C.</u> §4001(3).  The Plaintiff bears the burden of proving the absence of one or more of the statutory elements of immunity.  10 <u>Del.C.</u> §4001.

In <u>Saunders v. Sullivan</u>, 608 A.2d 730, 1992 WL 53423 (Del. 1992), the Delaware Supreme Court held that, for *res judicata* and collateral estoppel purposes, the requirement of "gross and wanton negligence" is equivalent to the "deliberate indifference" standard applied in a §1983 Eighth Amendment claim.  *See also* <u>Carrigan v. Delaware</u>, 957 F.Supp. 1376, 1390 (D.Del. 1997).  As discussed at length above, Plaintiffs do not as a matter of law plead actions amounting to "deliberate indifference" on the part of Ms. Tremper (the only individual State Defendant) as needed to maintain their federal claims.  It follows, therefore, that they also do not allege "gross and wanton negligence" which would be required to maintain their state law claims. *See* <u>Nicini</u>, 212 F.3d at 815 (granting summary judgment on state law claims under New Jersey Tort Claims Act where evidence could not support §1983 claims).

### B.  Plaintiffs fail to state a claim for "violation" of 31 <u>Del.C.</u> §304 or 29 <u>Del.C.</u> §9007A, as those statutes create no private right of action.

In the Eighth Cause of Action of Plaintiffs' Complaint, they assert violations of 31 <u>Del.C.</u>

§304 against all State of Delaware Defendants, again based upon the allegedly inadequate home study and follow up of the Haynes foster family.  (Compl. ¶¶89-93).  31 Del.C. §304 is a section of the Delaware Code providing that all dependent and neglected children in the State (as defined in 31 Del.C. §301) shall be considered wards of the State, and entrusting the Division of Family Services with the duty of caring for such children.  However, this statute does not create a basis for an individual citizen to sue the State (or DFS) for what he or she perceives as the "violation" of this duty.  Whatever rights plaintiffs have under Delaware state law stem from the common law, and not from a statute which is simply a legislative delegation of power upon a State agency to serve the public at large.

The same reasoning mandates the dismissal of Plaintiffs' Ninth cause of action, in which they assert that the State of Delaware, DFS and DSCYF (but not Ms. Tremper) violated 29 Del.C. §9007A.  That statute provides that the Office of the Child Advocate may appoint guardians *ad litem* for abused, neglected or dependent children, to represent the children's interest in Family Court proceedings.  As with the DFS statute discussed above, the guardian *ad litem* statute does not confer any private right of action upon individuals.  Furthermore, nothing in 29 Del.C. §9007A addresses the State agencies—DFS and DSCYF—against whom Plaintiffs attempt to bring Count IX.  Accordingly, this Count also must be dismissed against the State Defendants.

Finally, for reasons of judicial economy, this Court should decline to exercise supplemental jurisdiction over any or all of Plaintiffs' state law claims to the extent the Court dismisses all of the original jurisdiction federal claims.

## <u>CONCLUSION</u>

For the foregoing reasons, even accepting the allegations of Plaintiffs' Complaint as true, they have failed to state any cognizable claim, against any State Defendant, upon which relief could be granted.  For the foregoing reasons, the State of Delaware Defendants respectfully request that this Honorable Court grant their Motion to Dismiss Plaintiffs' complaint with prejudice.

**DEPARTMENT OF JUSTICE
STATE OF DELAWARE**

  */s/ Stephani J. Ballard*
STEPHANI J. BALLARD  (I.D. No. 3481)
JAMES J. MAXWELL, I.D. #2892
Deputy Attorneys General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801
(302) 577-8400
Attorneys for State of Delaware Defendants

DATED:  February 20, 2008

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on February 20, 2008, she caused the attached **State**

**Defendants' Opening Brief in Support of Motion to Dismiss Complaint** to be filed with the

Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

### NAME AND ADDRESS OF RECIPIENT(S):

Matthew Hayes Osborne, I.D. #4630
1301 N. Harrison Street
Unit 105
Wilmington, DE 19806

William J. Cattie III, Esq.
Rawle & Henderson LLP
300 Delaware Avenue, Suite 1015
P.O. Box 588
Wilmington, DE 19899-0588

Collins J. Seitz, Jr. Esq.
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
Smyrna, DE 19977

　　_/s/ Stephani J. Ballard_____
Stephani J. Ballard, I.D. No. 3481
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
Attorney for State of Delaware Defendants