# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| L.C. 1, a minor, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) C.A. No. 07-00675-GMS-LPS ) ) |
| STATE OF DELAWARE, et al., | ) ) ) |
| Defendants. | ) |

## DEFENDANT ANDREW LIPPSTONE'S OPENING BRIEF
## IN SUPPORT OF HIS MOTION TO DISMISS

CONNOLLY BOVE LODGE & HUTZ LLP
Collins J. Seitz, Jr. (Bar No. 2237)
Meredith L. Gaudio (Bar No. 5088)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for Defendant, Andrew Lippstone*

Dated: March 3, 2008

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. ii

NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 1

SUMMARY OF ARGUMENT ............................................................................................ 2

STATEMENT OF FACTS ................................................................................................... 3

ARGUMENT ........................................................................................................................ 5

I.     THE CLAIMS AGAINST ANDREW LIPPSTONE
SHOULD BE DISMISSED BECAUSE HE IS IMMUNE FROM SUIT. ............... 5

A.     Because His Actions Were an Integral Part of the Judicial
Process, Mr. Lippstone is Absolutely Immune from Federal Claims. ..................... 6

B.     Mr. Lippstone is Immune from Suit in His Official Capacity
Under the Eleventh Amendment. .............................................................................. 7

C.     Mr. Lippstone is Also Immune from the State Law Claims
Under Delaware's Ad Litem Statute and the State Tort Claims Act. ....................... 9

D.     Because Neither 31 Del. C. §304 Nor 29 Del. C. § 9007A Provide
a Private Right of Action, Counts VIII and IX Must be Dismissed. ...................... 10

CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page**

## CASES

*Algieri v. Conway*,
2004 U.S. Dist. LEXIS 29002 (M.D. Pa. Sept. 13, 2004) ............ 6

*Alabama v. Pugh*,
438 U.S. 781 (1978) ............ 7

*Amiot v. Kemper Ins. Co.*,
122 Fed. Appx. 577 (3d Cir. 2004) ............ 6

*Associated Gen. Contractors of Calif., Inc. v Calif. State Council of Carpenters*,
459 U.S. 519 (1983) ............ 5

*Bright v. Westmoreland County*,
443 F.3d 276 (3d Cir. 2006) ............ 5

*Browne v. Robb*,
583 A.2d 949 (Del. 1990) ............ 9

*Doug Grant, Inc. v. Greate Bay Casino Corp.*,
232 F.3d 173 (3d Cir. 2000) ............ 6

*Gardner v. Parson*,
874 F.2d 131 (3d Cir. 1989) ............ 6

*Golden v. Nadler, Pritkin & Mirabelli LLC*,
2005 U.S. Dist. LEXIS 26509 (N.D. Ill. Nov. 1, 2005) ............ 6

*Hughes v. Long*,
242 F.3d 121 (3d Cir. 2001) ............ 6

*Kretchmar v. Beard*,
241 Fed. Appx. 863 (3d Cir. 2007) ............ 8

*Marr v. Maine Dep't of Human Serv.*,
215 F.Supp.2d 261 (D.Me. 2002) ............ 7

*Mireles v. Waco*,
502 U.S. 9 (1991) ............ 5

*Pennhurst State Sch. & Hosp. v. Halderman,*
465 U.S. 89 (1984) .................................................................................................7

*Redden v. Kearney,*
2008 U.S. Dist. LEXIS 11482 (D. Del. Feb. 15, 2008) ........................................8

*Saucier v. Katz,*
533 U.S. 194 (2001) ...............................................................................................5

*Shaffrath v. Thomas,*
993 F.Supp. 842 (D. Utah 1988) ...........................................................................8

*Shipley v. Orndoff,*
491 F. Supp.2d (D. Del. 2007) ..............................................................................5

*Tower v. Leslie-Brown,*
167 F.Supp.2d 399 (D.Me. 2001) .........................................................................8

*Ward v. San Diego County Dep't of Social Services,*
691 F.Supp. 238 (S.D. Cal. 1988) .........................................................................7

*Will v. Michigan Dept. of State Police,*
491 U.S. 58 (1989) .................................................................................................8

*Williamson v. United States Dept. of Agriculture,*
815 F.2d 368 (5th Cir. 1987) ................................................................................5

*Wise v. Carrafiello,*
218 Fed. Appx. 180 (3d Cir. 2007) .......................................................................5

## **STATUTES**

Del. C. Ann. tit. 10 § 4001 ..................................................................................10

Del. C. Ann. tit. 10 § 9002A(11) ..........................................................................6

Del. C. Ann. tit. 29 § 9007A .............................................................4, 6, 9, 10, 11

Del. C. Ann. tit. 29 Ch. 9008A .............................................................................9

Del. C. Ann. tit. 31 §304 ................................................................................4, 10

42 U.S.C §1983 ...........................................................................................1, 3, 7, 8

iv

## RULES

Fed. R. Civ. P. 11 .................................................................................................9

Fed. R. Civ. P. 12(b)(6) .........................................................................................5

**RULES**

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiffs filed this action on October 26, 2007. The complaint raises claims under 42 U.S.C §1983 and state law, and requests monetary damages and equitable relief from twelve defendants, including Andrew Lippstone, the former volunteer court-appointed guardian *ad litem*. This is Andrew Lippstone's opening brief in support of his motion to dismiss.

## SUMMARY OF ARGUMENT

Andrew Lippstone, a volunteer court-appointed guardian *ad litem*, is absolutely immune from suit from all federal and state claims raised in plaintiffs' complaint. Where guardians *ad litem* are appointed by a court to provide recommendations to the court in custody matters, the law is unequivocal that they are afforded absolute judicial immunity from federal civil rights claims. Moreover, as to state law claims, Delaware law also immunizes guardians *ad litem* from suit, absent gross negligence, malice, or bad faith – none of which have been nor could be alleged here.

Further, as a state actor, Mr. Lippstone is immune from suit in his official capacity under the Eleventh Amendment and from tort liability under Delaware law. Plaintiffs admit that Mr. Lippstone was acting as an agent of the State of Delaware at all relevant times, and also allege that he was acting in his official capacity when undertaking his responsibilities as a guardian *ad litem*.

2

## STATEMENT OF FACTS

On January 26, 2003, the Family Court of the State of Delaware appointed Andrew Lippstone to serve the court as a guardian *ad litem*. (Cplt. ¶ 24). According to the complaint,[1] Mr. Lippstone, acting "under color of law," assumed a special relationship with plaintiffs that allegedly created ongoing affirmative duties and obligations to ensure the safety and protection of the plaintiffs. (Id. ¶ 25). Plaintiffs allege that "prior to October of 2005" Mr. Lippstone and others caused plaintiffs to be placed in a foster home in Pennsylvania. (Id. ¶ 30).

Plaintiffs claim that all defendants either failed to conduct, or inadequately conducted, an investigation into the suitability of the foster home. (Id. ¶ 31). For instance, plaintiffs allege that all of the defendants "fail[ed] to review any and/or all of [the Children's] medical records," "fail[ed] to visit the home," "fail[ed] to monitor the environment," "fail[ed] to conduct routine checks," and "fail[ed] to ensure [their] physical safety." (Id. ¶¶ 34-35). According to the complaint, the children were injured in the foster home, which was allegedly a result of all of the defendants' failure to investigate and to monitor the adequacy of the foster home. (Id. ¶ 37).

Plaintiffs bring six federal and state law claims against Mr. Lippstone – Counts I and II sound in federal constitutional violations - violation of substantive due process under the Fourteenth Amendment to the United States Constitution and a "state created danger" count - both brought under 42 U.S.C. §1983; Count V entitled negligence, Count VII for a state law claim of intentional and negligent infliction of emotional distress, and

---

[1] For purposes of this motion only, Mr. Lippstone accepts as true the allegations of the complaint.

3

Counts VIII and IX for alleged violation of Del. C. Ann. tit. 31 § 304 and Del. C. Ann. tit. 29 § 9007A(c).

Plaintiffs allege that, at all relevant times, Mr. Lippstone was the "servent [sic], workman, agent, official and employee" of the State of Delaware, DFS, and DSCYF, and all acts, omissions, and conduct of Mr. Lippstone were done in his official capacity for the other defendants. (Id. ¶ 47).

## ARGUMENT

### I. THE CLAIMS AGAINST ANDREW LIPPSTONE SHOULD BE DISMISSED BECAUSE HE IS IMMUNE FROM SUIT.

Federal Rule of Civil Procedure 12(b)(6) provides an expedient mechanism to dispose of claims that cannot proceed because of an immunity defense. *See Saucier v. Katz*, 533 U.S. 194, 200-01 (2001) (holding that questions of absolute immunity, like qualified immunity, should be determined "at the earliest possible stage in litigation" because absolute immunity is an "immunity from suit rather than a defense to liability...[which is] effectively lost if a case is erroneously permitted to go to trial"); *Williamson v. United States Dept. of Agriculture*, 815 F.2d 368, 382-83 (5th Cir. 1987) (questions of immunity should be resolved before discovery is permitted). The same is true where immunity is based upon a state statute. *Bright v. Westmoreland County*, 443 F.3d 276, 286 (3d Cir. 2006) (State immunity issues should be resolved early in the proceedings "so that the costs and expenses of trial are avoided where the defense is dispositive.") (quoting *Saucier*, 533 U.S. at 200-01.).[2] Because Mr. Lippstone has both federal and state immunity from suit, resolution of immunity is properly determined on a motion to dismiss.

While the Court must generally accept as true all facts alleged on a motion to dismiss, it may not "assume that the [plaintiff] can prove facts that it has not alleged...." *Associated Gen. Contractors of Calif., Inc. v. Calif. State Council of Carpenters*, 459 U.S. 519, 526 (1983). The Court should also reject "unsupported allegations," "bald assertions," and "legal conclusions." *Shipley v. Orndoff*, 491 F. Supp.2d 498, 505 (D.

---

[2] *See also Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Wise v. Carrafiello*, 218 Fed. Appx. 180, 182 (3d Cir. 2007) (same).

Del. 2007) (citing *Amiot v. Kemper Ins. Co.*, 122 Fed. Appx. 577, 579 (3d Cir. 2004)), and should address plaintiffs' allegations in a "realistic" manner. *Doug Grant, Inc. Greate Bay Casino Corp.*, 232 F.3d 173, 184 (3d Cir. 2000).

> **A.  Because His Actions Were An Integral Part Of The Judicial Process, Mr. Lippstone Is Absolutely Immune From Federal Claims.**

Mr. Lippstone, a *pro bono* volunteer, was appointed to serve as guardian *ad litem* pursuant to an order of the Family Court of the State of Delaware. *See* Del. C. Ann. tit. 29 § 9007A(b)(1). In that judicial capacity, Mr. Lippstone was appointed to make reports and recommendations to the Court regarding the termination of plaintiffs' biological parents' parental rights. *See* Del. C. Ann. tit. 29 § 9002A(11) (under Delaware law, a guardian *ad litem* is charged with "obtaining a clear understanding of the needs of the child, and making recommendations to the Court as to what is in the best interests of the child").

The Third Circuit law is clear – guardians *ad litem* are entitled to absolute judicial immunity when performing judicial functions. *See Hughes v. Long*, 242 F.3d 121, 127-28 (3d Cir. 2001) (affirming immunity where case workers performed functions similar to guardians *ad litem*, who enjoy absolute judicial immunity because of their intimate relationship with the Court); *Gardner v. Parson*, 874 F.2d 131, 146 (3d Cir. 1989) (guardian *ad litem* is absolutely immune from liability for alleged civil rights violations when acting as an integral part of the judicial process); *Algieri v. Conway*, 2004 U.S. Dist. LEXIS 29002, at *7 (M.D. Pa. Sept. 13, 2004) (guardian *ad litem* absolutely judicially immune from suit). Without absolute immunity, "the specter of litigation would hang over a GAL's head, thereby inhibiting a GAL in performing duties essential

to the welfare of a child whom the GAL represents." *Golden v. Nadler, Pritkin & Mirabelli LLC*, 2005 U.S. Dist. LEXIS 26509, at *31 (N.D. Ill. Nov. 1, 2005) (internal citations omitted). *Marr v. Maine Dep't of Human Serv.*, 215 F.Supp.2d 261, 269-70 (D. Me. 2002) (guardian *ad litem* absolutely immune from liability under § 1983 even where guardian accused of acting in bad faith and for improper motive).

Plaintiffs allege that Mr. Lippstone failed to investigate properly and to failed to make appropriate recommendations to the Court. (Cplt. ¶¶ 31-35). These functions are manifestly an integral part of the judicial process. Del. C. Ann. tit. 29 § 9007A; *see also Ward v. San Diego County Dep't of Social Serv.*, 691 F.Supp. 238, 240 (S.D. Cal. 1988) ("A guardian ad litem serves to provide the court with independent information regarding the placement or disposition which is in the best interests of the child. This independent determination is crucial to the court's decision."). Because Mr. Lippstone's actions were taken in his official capacity and were integral to the judicial process, the federal claims against him must be dismissed.

### B. Mr. Lippstone Is Immune From Suit In His Official Capacity Under The Eleventh Amendment.

As a State actor sued in his official capacity, the Eleventh Amendment to the United States Constitution, as applied through the Fourteenth Amendment, immunizes Mr. Lippstone from suit. Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). This bar extends to an "arm of the state," as well as to the state itself. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Actions brought under 42 U.S.C. §1983 require a prima facie showing that the individual or organization sued is considered a "person" under the statute. 42 U.S.C. §1983.

In interpreting the Eleventh Amendment, the Supreme Court has found that state actors acting in their official capacities are not considered "persons" under § 1983 and that they are protected from suit. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see also Shaffrath v. Thomas*, 993 F. Supp. 842, 846 (D. Utah 1988) (finding guardians *ad litem* are not "persons" under the federal civil rights statute); *Tower v. Leslie-Brown*, 167 F. Supp. 2d 399, 401 (D. Me. 2001) (caseworker not "person"). As discussed above, plaintiffs have alleged that Mr. Lippstone was, at all relevant times, a State actor acting in his official capacity.

By naming Mr. Lippstone in his official capacity, this suit is functionally a suit against the State, not against him. *See Will*, 491 U.S. at 71; *see also Redden v. Kearney*, 2008 U.S. Dist. LEXIS 11482, at *8 (D. Del. Feb. 15, 2008) (citing *Will*, 491 U.S. at 71) ("[C]laims made against state officials in their official capacities are treated as claims made against the state itself."); *Kretchmar v. Beard*, 241 Fed. Appx. 863, 865 (3d Cir. 2007) (Individual state officials "may not be sued on a federal claim in their official capacities when the relief sought essentially serves to compensate a party for injury allegedly caused by the past action of the state official."). Because there are no specific allegations against Mr. Lippstone in his individual capacity, the Eleventh Amendment bars suit against Mr. Lippstone for all federal claims.[3]

---

[3] Although the caption of the complaint states that Mr. Lippstone is sued in his individual capacity, all claims raised in the complaint are directed to Mr. Lippstone in his official capacity.

### C.  Mr. Lippstone Is Also Immune From The State Law Claims Under Delaware's Guardian Ad Litem Statute And The State Tort Claims Act.

#### 1. Mr. Lippstone Is Immune From Liability Under Delaware's Guardian Ad Litem Statute.

By the express terms of Delaware's guardian *ad litem* statute, Del. C. Ann. tit. 29 Ch. 9008A *et seq*, Mr. Lippstone is also immune from all state law tort claims. Mr. Lippstone was appointed as a guardian *ad litem* through the Office of the Child Advocate, a state entity. Under Delaware law, the State's Office of the Child Advocate, in conjunction with the State's Family Court, is charged with implementing and administering the program for guardian ad litem representation. Del C. Ann. tit. 29 § 9007A(a)(1). Attorneys serving as guardians ad litem through the Office of the Child Advocate are immune from suit. The statute provides:

> No attorney, director, investigator, social worker or other person employed or contracted by or volunteering for the Office of Child Advocate shall be subject to suit directly, derivatively or by way of contribution or indemnification for any civil damages under the laws of Delaware resulting from any act or omission performed during or in connection with the discharge of his or her duties with the Office within the scope of his or her employment or appointment, unless the act or omission was done with gross or wanton negligence, maliciously, or in bad faith.

Del C. Ann. tit. 29 § 9008A.

The Complaint does not allege (nor could it consistent with Fed. R. Civ. P. 11) that any of Mr. Lippstone's alleged acts or omissions were done with gross or wanton negligence, with malice, or in bad faith. Gross negligence is a "higher level of negligence representing an extreme departure from the ordinary standard of care." *Browne v. Robb*, 583 A.2d 949, 953 (Del. 1990) (internal quotations omitted). To establish gross negligence a party must demonstrate "more than ordinary inadvertence or

inattention." Because plaintiffs have not (and cannot) allege that Mr. Lippstone acted with gross or wanton negligence, all of the State law claims (Counts V, VII, VIII and IX) should be dismissed against Mr. Lippstone.

        2.    Mr. Lippstone Is Immune From Liability Under the Delaware Tort Claims Act.

Plaintiffs allege in the complaint that all actions taken by Mr. Lippstone were in his official capacity. (Cplt. ¶47). For instance, they assert that "at all times relevant hereto, defendant Lippstone was the servent [sic], workman, agent, official and employee" of the State of Delaware; its agency, the Department of Children, Youth & Their Families ("DSCYF"); and a sub-agency of the State, the Division of Family Services ("DFS"). (Cplt. ¶47). Plaintiffs have also asserted a civil rights claim against Mr. Lippstone, which requires State action as a prerequisite. (Id. ¶ 66) (claim that Mr. Lippstone "us[ed his] authority as [a] state actor[]."

Absent gross or wanton negligence or bad faith, the Delaware Tort Claims Act (the "Act"), Del. C. Ann. tit. 10 § 4001, confers immunity on public employees, including members of state agencies, from tort liability. As noted previously, plaintiffs have not alleged that any of Mr. Lippstone's actions as a volunteer court appointed guardian *ad litem*, were done with gross or wanton negligence, with malice, or in bad faith. Therefore, all of the State law claims should be dismissed.

    D.    **Because Neither 31 Del. C. §304 Nor 29 Del. C. § 9007A Provide a Private Right of Action, Counts VIII and IX Must Be Dismissed.**

Independent of Mr. Lippstone's broad immunity as set forth above, the statutory claims must be dismissed as a matter of law. Count VIII alleges a violation of Del. C. Ann. tit. 31 §304. That statute provides, in relevant part, that "[a]ll dependent and

10

neglected children… shall be considered… wards of the state and in need of care and protection, and the Division of Family Services shall exercise such duties as shall be necessary, proper and expedient for the supervision, care, custody, board and placement of dependent and neglected children." This statute contains none of the duties alleged by plaintiffs to have been breached. (Cplt. ¶¶ 89-98). Similarly, Del. C. Ann. tit. 29 § 9007A, the guardian *ad litem* statute, merely sets forth duties of a guardian *ad litem*. Neither statute sets forth a private right of action for individuals to sue based on an alleged breach of these duties. Thus, Counts VIII and IX must be dismissed as a matter of law.

## CONCLUSION

Even accepting as true the allegations of plaintiffs' complaint, they have failed to state any claims against Mr. Lippstone upon which relief could be granted. The complaint should be dismissed with prejudice against Mr. Lippstone.

CONNOLLY BOVE LODGE & HUTZ LLP

*/s/ Meredith L. Gaudio*
Collins J. Seitz (Bar No. 2237)
Meredith L. Gaudio (Bar No. 5088)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for Defendant, Andrew Lippstone*

Dated: March 3, 2008

11

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

William J. Cattie, III
(wcattie@rawle.com)
Rawle & Henderson
300 Delaware Avenue, Suite 1130
P.O. Box 588
Wilmington, DE 19899

Matthew Hayes Osborne
(osbornelaw@comcast.net)
Schmidt, Kirifides, Pearson, Koutcher & Fridkin, P.C.
1301 N. Harrison Street, Unit 105
Wilmington, DE 19806

Stephanie J. Ballard, Esquire
(stephani.ballard@state.de.us)
Department of Justice
820 N. French Street, 6th floor
Wilmington, DE 19801

*/s/ Collins J. Seitz, Jr.*
Collins J. Seitz, Jr. (Bar No. 2237)
cseitz@cblh.com

586253-1