**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| L.C. 1, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | C. A. No.:  07-675 GMS |
| | ) | |
| v. | ) | TRIAL BY JURY DEMANDED |
| | ) | |
| | ) | |
| STATE OF DELAWARE, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ANSWER OF DEFENDANTS, REJOICE, INC. AND BREAUNE CATLETT,
TO PLAINTIFF'S COMPLAINT WITH
<u>AFFIRMATIVE DEFENSES AND CROSSCLAIM</u>**

**Nature of the Action**

To the extent that this unnumbered paragraph purports to set forth any allegations against defendants, Rejoice, Inc. and Breaune Catlett, they are denied.

**Jurisdiction and Venue**

1. Denied.

2. Denied.

**Parties**

3. Defendants, Rejoice, Inc. and Breaune Catlett, are without information or knowledge sufficient to admit or deny the averments in this paragraph and they are therefore deemed denied.

4. Defendants, Rejoice, Inc. and Breaune Catlett, are without information or knowledge sufficient to admit or deny the averments in this paragraph and they are therefore deemed denied.

5.      The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants, Rejoice, Inc. and Breaune Catlett.

6.      The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants, Rejoice, Inc. and Breaune Catlett.

7.      The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants, Rejoice, Inc. and Breaune Catlett.

8.      The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants, Rejoice, Inc. and Breaune Catlett.

9.      The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants, Rejoice, Inc. and Breaune Catlett.

10.      The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants, Rejoice, Inc. and Breaune Catlett.

11.      The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants, Rejoice, Inc. and Breaune Catlett.

12.    The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants, Rejoice, Inc. and Breaune Catlett.

13.    The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants, Rejoice, Inc. and Breaune Catlett.

14.    The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants, Rejoice, Inc. and Breaune Catlett.

15.    Admitted.

16.    Denied as stated.

17.    The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants, Rejoice, Inc. and Breaune Catlett.

18.    The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants, Rejoice, Inc. and Breaune Catlett.

**Factual Allegations Related to All Causes of Action**

19.    Defendants, Rejoice, Inc. and Breaune Catlett, incorporate herein by reference paragraphs 1 through 18 above inclusive as though the same were set forth at length.

20.     Defendants, Rejoice, Inc. and Breaune Catlett, are without information or knowledge sufficient to admit or deny the averments in this paragraph and they are therefore deemed denied.

21.     Defendants, Rejoice, Inc. and Breaune Catlett, are without information or knowledge sufficient to admit or deny the averments in this paragraph and they are therefore deemed denied.

22.     Defendants, Rejoice, Inc. and Breaune Catlett, are without information or knowledge sufficient to admit or deny the averments in this paragraph and they are therefore deemed denied.

23.     Defendants, Rejoice, Inc. and Breaune Catlett, are without information or knowledge sufficient to admit or deny the averments in this paragraph and they are therefore deemed denied.

24.     Defendants, Rejoice, Inc. and Breaune Catlett, are without information or knowledge sufficient to admit or deny the averments in this paragraph and they are therefore deemed denied.

25.     Defendants, Rejoice, Inc. and Breaune Catlett, are without information or knowledge sufficient to admit or deny the averments in this paragraph and they are therefore deemed denied.

26.     Defendants, Rejoice, Inc. and Breaune Catlett, are without information or knowledge sufficient to admit or deny the averments in this paragraph and they are therefore deemed denied.  To the extent that this paragraph purports to set forth any allegations against defendants, Rejoice, Inc. and Breaune Catlett, they are denied.

27.    Defendants, Rejoice, Inc. and Breaune Catlett, are without information or knowledge sufficient to admit or deny the averments in this paragraph and they are therefore deemed denied.

28.    Denied.

29.    Denied.

30.    Denied.

31.    Denied.

32.    The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants,  Rejoice, Inc. and Breaune Catlett.

33.    Defendants, Rejoice, Inc. and Breaune Catlett, are without information or knowledge sufficient to admit or deny the averments in this paragraph and they are therefore deemed denied.

34.    Denied.

35.    Denied.

36.    Defendants, Rejoice, Inc. and Breaune Catlett, are without information or knowledge sufficient to admit or deny the averments in this paragraph and they are therefore deemed denied.

37.    Defendants, Rejoice, Inc. and Breaune Catlett, are without information or knowledge sufficient to admit or deny the averments in this paragraph and they are therefore deemed denied.

38.    Defendants, Rejoice, Inc. and Breaune Catlett, are without information or knowledge sufficient to admit or deny the averments in this paragraph and they are therefore deemed denied.

39.     Defendants, Rejoice, Inc. and Breaune Catlett, are without information or knowledge sufficient to admit or deny the averments in this paragraph and they are therefore deemed denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants,  Rejoice, Inc. and Breaune Catlett.

46.     The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants,  Rejoice, Inc. and Breaune Catlett.

47.     The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants,  Rejoice, Inc. and Breaune Catlett.

48.     Denied as stated.

### Injuries

49.     Defendants, Rejoice, Inc. and Breaune Catlett, incorporate herein by reference paragraphs 1 through 48 above inclusive as though the same were set forth at length.

50(a) – 50(h).  Denied.

51(a) – 51(d).  Denied.

**First Cause of Action**
**Violation of 42 U.S.C. § 1983 – Substantive Due Process,**
**Tremper, Glockley, Hermes, Lippstone, Catlett,**
**Delaware, DFS, DSCYF, CFF, Buchanan, Klett, and Rejoice**

52.     Defendants, Rejoice, Inc. and Breaune Catlett, incorporate herein by reference paragraphs 1 through 51 above inclusive as though the same were set forth at length.

53.     Denied.

54.     Denied.

55.     Denied.

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

WHEREFORE, defendants, Rejoice, Inc. and Breaune Catlett, demand that plaintiffs' Complaint against them be dismissed with prejudice and that judgment be entered in favor of defendants, Rejoice, Inc. and Breaune Catlett, against plaintiffs, together with reasonable attorneys fees, costs and such other relief as the Court may deem appropriate.

**Second Cause of Action**
**Violation of 42 U.S.C. § 1983 - State Created Danger**
**Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Rejoice,**
**Tremper, Glockley, Hermes, Lippstone and Catlett**

62.    Defendants, Rejoice, Inc. and Breaune Catlett, incorporate herein by

reference paragraphs 1 through 61 above inclusive as though the same were set forth at

length.

63.    Denied.

64.    Denied.

65.    Denied.

66.    Denied.

67.    Denied.

68.    Denied.

WHEREFORE, defendants, Rejoice, Inc. and Breaune Catlett, demand that

plaintiffs' Complaint against them be dismissed with prejudice and that judgment be

entered in favor of defendants, Rejoice, Inc. and Breaune Catlett, against plaintiffs,

together with reasonable attorneys fees, costs and such other relief as the Court may

deem appropriate.

**Third Cause of Action**
**Violation of 42 U.S.C. §§ 1981 and 1983**
**Delaware, DFS, DSCYF, CFF, Klett, Buchanan and Rejoice,**
**Tremper, Glockley, Hermes, Lippstone and Catlett**

Defendants, Rejoice, Inc. and Breaune Catlett, incorporate herein by reference

paragraphs 1 through 68 above inclusive as though the same were set forth at length.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.

74.    Denied.

WHEREFORE, defendants, Rejoice, Inc. and Breaune Catlett, demand that plaintiffs' Complaint against them be dismissed with prejudice and that judgment be entered in favor of defendants, Rejoice, Inc. and Breaune Catlett, against plaintiffs, together with reasonable attorneys fees, costs and such other relief as the Court may deem appropriate.

**Fourth Cause of Action**
**Civil Rights Attorney's Fees Award Act of 1976,**
**as amended, 42 U.S.C.§1988**
**Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Rejoice,**
**Tremper, Glockley, Hermes, Lippstone and Catlett**

75.    Defendants, Rejoice, Inc. and Breaune Catlett, incorporate herein by reference paragraphs 1 through 74 above inclusive as though the same were set forth at length.

76.    Denied.

WHEREFORE, defendants, Rejoice, Inc. and Breaune Catlett, demand that plaintiffs' Complaint against them be dismissed with prejudice and that judgment be entered in favor of defendants, Rejoice, Inc. and Breaune Catlett, against plaintiffs, together with reasonable attorneys fees, costs and such other relief as the Court may deem appropriate.

**Fifth Cause of Action**
**Pendent Delaware and Pennsylvania State Law Claims – Negligence**
**All Defendants**

77.     Defendants, Rejoice, Inc. and Breaune Catlett, incorporate herein by reference paragraphs 1 through 76 above inclusive as though the same were set forth at length.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

WHEREFORE, defendants, Rejoice, Inc. and Breaune Catlett, demand that plaintiffs' Complaint against them be dismissed with prejudice and that judgment be entered in favor of defendants, Rejoice, Inc. and Breaune Catlett, against plaintiffs, together with reasonable attorneys fees, costs and such other relief as the Court may deem appropriate.

**Sixth Cause of Action**
**Pendent Pennsylvania State Law Claim**
**Assault and Battery and Child Endangerment**
**D. Haynes and K. Haynes**

82.     Defendants, Rejoice, Inc. and Breaune Catlett, incorporate herein by reference paragraphs 1 through 81 above inclusive as though the same were set forth at length.

83.     The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants,  Rejoice, Inc. and Breaune Catlett.

WHEREFORE, defendants, Rejoice, Inc. and Breaune Catlett, demand that plaintiffs' Complaint against them be dismissed with prejudice and that judgment be entered in favor of defendants, Rejoice, Inc. and Breaune Catlett, against plaintiffs, together with reasonable attorneys fees, costs and such other relief as the Court may deem appropriate.

**Seventh Cause of Action**
**Pendent Delaware and Pennsylvania State Law Claims**
**Intentional or Negligent Infliction of Emotional Distress**
**Delaware, DFS, DSCYF, CFF, Buchanan, Klett, Rejoice,**
**Tremper, Glockley, Hermes, Lippstone, Catlett, D. Haynes and K. Haynes**

84.    Defendants, Rejoice, Inc. and Breaune Catlett, incorporate herein by reference paragraphs 1 through 83 above inclusive as though the same were set forth at length.

85.    Denied.

86.    Denied.

87.    Denied.

88.    Denied.

WHEREFORE, defendants, Rejoice, Inc. and Breaune Catlett, demand that plaintiffs' Complaint against them be dismissed with prejudice and that judgment be entered in favor of defendants, Rejoice, Inc. and Breaune Catlett, against plaintiffs, together with reasonable attorneys fees, costs and such other relief as the Court may deem appropriate.

**Eighth Cause of Action**
**Pendent Delaware State Law Claim – Violation 31 Del. C. §304**
**Delaware, DFS, DSCYF, Buchanan, Klett, Tremper,**
**Glockley, Hermes and Lippstone**

89.    Defendants, Rejoice, Inc. and Breaune Catlett, incorporate herein by reference paragraphs 1 through 88 above inclusive as though the same were set forth at length.

90.    The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants,  Rejoice, Inc. and Breaune Catlett.

91.    The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants,  Rejoice, Inc. and Breaune Catlett.

92.    The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants,  Rejoice, Inc. and Breaune Catlett.

93.    The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants,  Rejoice, Inc. and Breaune Catlett.

WHEREFORE, defendants, Rejoice, Inc. and Breaune Catlett, demand that plaintiffs' Complaint against them be dismissed with prejudice and that judgment be entered in favor of defendants, Rejoice, Inc. and Breaune Catlett, against plaintiffs, together with reasonable attorneys fees, costs and such other relief as the Court may deem appropriate.

**Ninth Cause of Action**
**Pendent Delaware State Law Claim - Violation of 29 Del. C. §9007 A (c)**
**Delaware, DFS, DSCYF, Buchanan, Klett, and Lippstone**

94.    Defendants, Rejoice, Inc. and Breaune Catlett, incorporate herein by reference paragraphs 1 through 93 above inclusive as though the same were set forth at length.

95.    The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants,  Rejoice, Inc. and Breaune Catlett.

96.    The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants,  Rejoice, Inc. and Breaune Catlett.

97.    The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants,  Rejoice, Inc. and Breaune Catlett.

98.    The allegations in this paragraph are directed to a party other than defendants, Rejoice, Inc. and Breaune Catlett, and therefore no response thereto is required on behalf of defendants,  Rejoice, Inc. and Breaune Catlett.

WHEREFORE, defendants, Rejoice, Inc. and Breaune Catlett, demand that plaintiffs' Complaint against them be dismissed with prejudice and that judgment be entered in favor of defendants, Rejoice, Inc. and Breaune Catlett, against plaintiffs, together with reasonable attorneys fees, costs and such other relief as the Court may deem appropriate.

**Demand for Trial by Jury**

99.    The allegations in this paragraph set forth a statement of law to which no responsive pleading is required on behalf of defendants, Rejoice, Inc. and Breaune Catlett.

<u>Prayer for Relief</u>

100.  The allegations in this paragraph set forth a statement of law to which no responsive pleading is required on behalf of defendants, Rejoice, Inc. and Breaune Catlett.  By way of further response, defendants, Rejoice, Inc. and Breaune Catlett, deny that plaintiffs are entitled to any of the relief demanded in paragraph 100 (1)(a) through 100 (1)(d) inclusive against defendant, Breaune Catlett, demands that all such claims be dismissed with prejudice and that judgment be entered in favor of defendant, Breaune Catlett, and against plaintiffs, together with reasonable attorneys fees, costs and such other relief as the Court may deem appropriate.

100.  The allegations in this paragraph set forth a statement of law to which no responsive pleading is required on behalf of defendants, Rejoice, Inc. and Breaune Catlett.  By way of further response, defendants, Rejoice, Inc. and Breaune Catlett, deny that plaintiffs are entitled to any of the relief demanded in paragraph 100 (2)(a) through 100 (2)(e) inclusive against defendant, Rejoice, Inc., demands that all such claims be dismissed with prejudice and that judgment be entered in favor of defendant, Rejoice Inc., and against plaintiffs, together with reasonable attorneys fees, costs and such other relief as the Court may deem appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The allegations in the Complaint and each Count therein fail to state a claim against Answering Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims in the Complaint and each Count therein are barred by the appropriate and applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Whatever damages were incurred by Plaintiffs were the result of intervening and/or superseding acts or omissions of persons over whom Answering Defendants, Rejoice, Inc. and Breaune Catlett, had no control.

### FOURTH AFFIRMATIVE DEFENSE

The injuries and losses alleged by Plaintiffs, if they occurred, were caused by the acts and omissions of other persons, including possibly other defendants herein, over whom Answering Defendants, Rejoice, Inc. and Breaune Catlett, had no responsibility or control.

### FIFTH AFFIRMATIVE DEFENSE

At all time relevant hereto, the knowledge or other persons and business entities, and the ability of such other persons and business entities to take actions to prevent the injuries complained of was superior to that of Answering Defendants, Rejoice, Inc. and Breaune Catlett, and, therefore, if there was a duty to protect Plaintiffs, the duty was on those other persons and business entities and not on Answering Defendants, Rejoice, Inc. and Breaune Catlett.

## SIXTH AFFIRMATIVE DEFENSE

The claims in the Complaint and each Count therein that seek exemplary or punitive damages violate Answering Defendants' right to procedural due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Delaware.

## SEVENTH AFFIRMATIVE DEFENSE

The claims in the Complaint and each Count therein that seek exemplary or punitive damages violate Answering Defendants' right to substantive due process as provided by the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of Delaware.

## EIGHTH AFFIRMATIVE DEFENSE

The claims in the Complaint and each Count therein that seek exemplary or punitive damages violate Answering Defendants' right to protection from "excessive fines" as provided in Article I, Section 11 of the Constitution of the State of Delaware.

## NINTH AFFIRMATIVE DEFENSE

The claims in the Complaint and each Count therein that seek an award of exemplary or punitive damages fail to state a claim against Answering Defendants upon which relief can be granted.

## TENTH AFFIRMATIVE DEFENSE

The claims in the Complaint and each Count therein that seek exemplary or punitive damages violate Answering Defendants' right to equal protection under the law and are otherwise unconstitutional under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of Delaware.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a cause of action for attorneys' fees, prejudgment interest, costs, injunctive, legal or equitable relief.

## TWELFTH AFFIRMATIVE DEFENSE

The Complaint fails to specify any willful or wanton conduct on the part of Answering Defendants, and, therefore, all claims in reference to the recovery of punitive damages in the Complaint must be stricken.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that various defendants have concluded or may conclude settlement with the Plaintiffs, Answering Defendants are entitled to a set-off for any amount paid or to be paid.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' causes of action and alleged damages are barred or subject to reduction by virtue of principles of release.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages are limited by the applicable statutory ceilings on recoverable damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Answering Defendants are immune from suit.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by applicable contractual and/or statutory provisions.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendants, Rejoice, Inc. and Breaune Catlett, reserve the right to plead additional affirmative defenses as investigation and discovery continue.

WHEREFORE, defendants, Rejoice, Inc. and Breaune Catlett, demand that plaintiffs' Complaint against them be dismissed with prejudice and that judgment be entered in favor of defendants, Rejoice, Inc. and Breaune Catlett, against plaintiffs, together with reasonable attorneys fees, costs and such other relief as the Court may deem appropriate.

## CROSS-CLAIM OF DEFENDANTS, REJOICE, INC. AND BREAUNE CATLETT, AGAINST  CO-DEFENDANTS

Defendants, Rejoice, Inc. and Breaune Catlett, hereby crossclaim against co-defendants, and, in denying liability to plaintiffs, hereby aver that if there is any liability at all, it is the liability of co-defendants, which are either solely liable to plaintiffs, jointly and severally liable, and/or liable over to defendants, Rejoice, Inc. and Breaune Catlett, for contribution and/or common law or contractual indemnity on the claims set forth by plaintiffs in their Complaint.  Defendants,  Rejoice, Inc. and Breaune Catlett, also seek a determination of pro rata legal responsibility pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasors Law, 10 Del. C. §6301 et seq.

WHEREFORE, defendants, Rejoice, Inc. and Breaune Catlett, demand judgment in their favor  and against co-defendants, together with reasonable attorneys fees, costs, interest and such other relief as the Court may deem appropriate.

                                        MARSHALL DENNEHEY
                                        WARNER COLEMAN & GOGGIN
                                        BY: */s/ Kevin Connors*
                                        Kevin Connors, Esquire (I.D. No. 2135)
                                        P.O. Box 8888
                                        Wilmington, DE 19801
                                        Telephone No.: 302-552-4302
                                        Attorney for Defendants,  Rejoice, Inc. and
                                        Breaune Catlett

06005-00108 15/594713.v1