IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LC1, a minor by and through her legal guardians, Sherman Catchings and Gladys Catchings and LC2, a minor through his legal guardians, Sherman Catchings and Gladys Catchings<br>　　　　Plaintiffs,<br><br>　　　v.<br><br>The State of Delaware, et al.,<br>　　　　Defendants. | C.A. No. 07-675<br><br>TRIAL BY JURY OF 12 DEMANDED |

## ANSWER OF DEFENDANT JESSICA GLOCKLEY

### NATURE OF THE ACCIDENT

To the extent this paragraph sets forth any allegations against the Answering Defendant, they are denied.

### JURISDICTION AND VENUE

1. Denied.

2. Denied.

### PARTIES

3. Answering Defendant lacks lack sufficient information to admit or deny the averments of this paragraph and are therefore deemed denied.

4. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and are therefore deemed denied.

5. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

2412143-1

6. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

7. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

8. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

9. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

10. Admitted the Answering Defendant was employed as a social worker for Children and Families first. The remaining averments are denied.

11. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

12. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

13. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

14. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

15. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

16. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

17. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

18. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

19. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

### FACTUAL ALLEGATIONS RELATED TO ALL CAUSES OF ACTION

20. Answering Defendant incorporates herein by reference paragraphs 1 through 18 of this Answer as if set forth in full.

21. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they therefore deemed denied.

22. Denied as to the Answering Defendant.

23. Denied as to Answering Defendant.

24. Denied.

25. Admitted.

26. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

27. To the extent this paragraph sets forth any allegations against Answering Defendant, they are denied.

28. This paragraph sets forth conclusions of law to which a responsive pleading is not required.

29. Denied.

30. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

31. Denied.

32. Denied.

33. Denied.

34. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they therefore deemed denied.

35. Denied.

36. Denied.

37. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they therefore deemed denied.

38. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they therefore deemed denied.

39. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they therefore deemed denied.

40. Answering Defendant lacks sufficient information to admit or deny the averments of this paragraph and they therefore deemed denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Admitted the Answering Defendant was an employee of Children and Families First. The remaining averments of this paragraph are denied.

47. Denied as stated. Answering Defendant was an intern with Children and Families first.

48. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

49. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

**INJURIES**

50. Answering Defendant incorporates herein by reference paragraphs 1 through 48 of this Answer as if set forth in full.

51. Denied as to the whole and each subpart.

52. Denied as to the whole and each subpart.

**FIRST CAUSE OF ACTION**

53. Answering Defendant incorporates herein by reference paragraphs 1 through 51 of this Answer as if set forth in full.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

## SECOND CAUSE OF ACTION

63. Answering Defendant incorporates herein by reference paragraphs 1 through 61 of this Answer as if set forth in full.

64. Denied.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## THIRD CAUSE OF ACTION

70. Answering Defendant incorporates herein by reference paragraphs 1 through 68 of this Answer as if set forth in full.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

## FOURTH CAUSE OF ACTION

76. Answering Defendant incorporates herein by reference paragraphs 1 through 74 of this Answer as if set forth in full.

77. Denied.

## FIFTH CAUSE OF ACTION

78. Answering Defendant incorporates herein by reference paragraphs 1 through 76 of this Answer as if set forth in full.

79. This paragraph sets forth conclusions of law to which a responsive pleading is not required..

80. Denied.

81. Denied.

82. Denied.

## SIXTH CAUSE OF ACTION

83. Answering Defendant incorporates herein by reference paragraphs 1 through 76 of this Answer as if set forth in full.

84. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

## SEVENTH CAUSE OF ACTION

85. Answering Defendant incorporates herein by reference paragraphs 1 through 83 of this Answer as if set forth in full.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## EIGHTH CAUSE OF ACTION

90. Answering Defendant incorporates herein by reference paragraphs 1 through 83 of this Answer as if set forth in full.

91. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

92. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

93. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

94. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

## NINTH CAUSE OF ACTION

95. Answering Defendant incorporates herein by reference paragraphs 1 through 83 of this Answer as if set forth in full.

96. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

97. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

98. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

99. This paragraph is directed to a Defendant other than the Answering Defendant and a responsive pleading is not required.

## DEMAND FOR TRIAL BY JURY

100. This paragraph sets forth a statement of law to which a responsive pleading is not required.

101. This paragraph sets forth a statement of law to which a responsive pleading is not required.

## FIRST AFFIRMATIVE DEFENSE

102. The Plaintiffs' Complaint fails to set forth a cause of action against the Answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

103. The Plaintiffs' Complaint fails to set forth a cause of action for the Minor Plaintiff LC2.

## THIRD AFFIRMATIVE DEFENSE

104. Upon information and belief, Answering Defendant believes and therefore agrees that the Minor Plaintiffs were discharged from foster care provided by Children and Family First on December 15, 2004 and that Children and Family First have no further rights or duty concerning the care of Minor Plaintiff after that date.

## FOURTH AFFIRMATIVE DEFENSE

105. Answering Defendant believes and therefore avers the Delaware Department of Services for Children, Youth and their Families ruled that Children and Family First cannot perform adoptive home studies for perspective adoptive parents of the Plaintiffs. As Children and Family First was preparing the social report for termination of parents' rights and the Delaware Department of Services for Children, Youth and their Families determined that

Children and Family First's role in that social report conflicted Children and Family First doing any adoptive home study.

### FIFTH AFFIRMATIVE DEFENSE

106. The allegations in the Complaint and each Count therein fail to state a claim against Answering Defendant upon which relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

107. The claims in the Complaint and each Count therein are barred by the appropriate and applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

108. Whatever damages were incurred by Plaintiffs were the result of intervening and/or superceding acts or omissions of persons over whom Answering Defendant had no control.

### EIGHTH AFFIRMATIVE DEFENSE

109. The injuries and losses alleged by Plaintiffs, if they occurred, were caused by the acts and omissions of other person, including possibly other defendants herein, over whom Answering Defendant had no responsibility or control.

### NINTH AFFIRMATIVE DEFENSE

110. At all times relevant hereto, the knowledge of other persons and business entities, and the ability of such other persons and business entities to take actions to prevent the injuries complained of was superior to that of Answering Defendant, and, therefore, if there was a duty to protect Plaintiffs, the duty was on those other persons and business entities and not on Answering Defendant.

### TENTH AFFIRMATIVE DEFENSE

111. The claims in the Complaint and each Count therein that seek exemplary or punitive damages violate Answering Defendant's right to procedural due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Delaware.

### ELEVENTH AFFIRMATIVE DEFENSE

112. The claims in the Complaint and each Count therein that seek exemplary or punitive damages violate Answering Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Delaware.

### TWELFTH AFFIRMATIVE DEFENSE

113. The claims in the Complaint and each Count therein that seek exemplary or punitive damages violate Answering Defendant's right to protection from "excessive fines" as provided in Article I, Section 11 of the Constitution of the State of Delaware.

### THIRTEENTH AFFIRMATIVE DEFENSE

114. The claims in the Complaint and each Count therein that seek an award of exemplary or punitive damages fails to state a claim against Answering Defendant upon which relief can be granted.

### FOURTEENTH AFFIRMATIVE DEFENSE

115. The claims in the Complaint and each Count therein that seek exemplary or punitive damages violate Answering Defendant's right to equal protection under the law and are otherwise unconstitutional under Fourteenth Amendments to the United States Constitution and the Constitution of the State of Delaware.

### FIFTEENTH AFFIRMATIVE DEFENSE

116. Plaintiffs have failed to state a cause of action for attorneys' fees, prejudgment interest and costs.

### SIXTEENTH AFFIRMATIVE DEFENSE

117. The Complaint fails to specify any willful or wanton conduct on the part of Answering Defendant, and, therefore, all claims in reference to the recovery of punitive damages in the Complaint must be stricken.

### SEVENTEENTH AFFIRMATIVE DEFENSE

118. To the extent that various defendants have concluded or may conclude settlement with the Plaintiffs, Answering Defendant is entitled to a set-off for any amount paid or to be paid.

### EIGHTEENTH AFFIRMATIVE DEFENSE

119. Plaintiffs' causes of action and alleged damages are barred or subject to reduction by virtue of principles of release.

### NINETEENTH AFFIRMATIVE DEFENSE

120. Plaintiff's alleged damages are limited by the applicable statutory ceilings on recoverable damages.

WHEREFORE, Answering Defendant demands Judgment be entered in their favor and against the Plaintiffs plus cost of suit.

### CROSS CLAIM AGAINST CO-DEFENDANTS

121. The Answering Defendant reserves the right to assert a Cross Claim against the Co-Defendants if there is evidence to support the same as discovery occurs.

**[SIGNATURE ON NEXT PAGE]**

RAWLE & HENDERSON LLP

<u>/s/ William J. Cattie, III  #953</u>
William J. Cattie, III, Esq.
I. D. No. 953
George T. Lees, III, Esq.
I. D. No. 3647
300 Delaware Avenue, Suite 1015
P. O. Box 588
Wilmington, DE 19899-0588
302-778-1200
Attorney for Defendant Children and Families First