**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE**

| | |
|---|---|
| L.C. 1 (f.k.a S.W.), a minor, by and through her Legal guardians, Sherman Catchings and Gladys Catchings; L.C.2 (f.k.a. L.W.), a minor, by and through his legal guardians, Sherman Catchings and Gladys Catchings | |
| | C.A. No. 07-00675-GMS-LPS |
| v. | |
| | |
| The State of Delaware, et al | |

**PLAINTIFFS' MOTION FOR RULE 16 CONFERENCE AND DISCOVERY IN AID OF FILING
AMENDED COMPLAINT**

COMES NOW, Plaintiffs, by and through their attorney, and state the following:

1. Motions pursuant to Rule 12(b)(6) have been filed by the Delaware State Defendants (State of Delaware, Delaware Division of Family Services, Delaware Department of Services for Children, Youth and Their Families, and Marcia Tremper) and by the Guardian ad litem, Andrew Lippstone, Esquire. Theses motions and any responses have been stayed pursuant to a stipulation signed by all counsel (Exhibit "A")

2. At this juncture, it is impossible for Plaintiffs to effectively answer a motion to dismiss because no discovery has been undertaken.

3. Without formal discovery, Plaintiffs are unable to identify additional defendants who have notice of the suit, but who are not formally named in the complaint.

4. Defendant Lippstone has failed and refused to provide any information about the Plaintiffs (for whom he has served as Guardian *ad litem* unless he is released from all liability by the Plaintiffs (to whom he owes a legal duty of protection). See, Exhibit "B".

5.   Without formal discovery, Plaintiffs are unable to amend the complaint to properly preserve the rights of the Plaintiffs and include all appropriate parties as defendants.

6.   A Rule 16 conference should be held as soon as possible and that formal discovery should commence as soon as practicable thereafter for the foregoing reasons.  In the interim, Plaintiffs ask that this Court grant expedited discovery in aid of filing an amended complaint pursuant to Fed.R.Civ.P. 26(d).

WHEREFORE, Plaintiffs respectfully request that this Court grant a Rule 16 conference forthwith so that discovery may commence on Plaintiff's claims for the purposes of amending Plaintiffs' complaint.

Respectfully submitted,

SCHMIDT, KIRIFIDES, EARSON,
KOUTCHER & FRIDKIN


　/s/_____
Matthew H. Osborne, Esq.
Bar #4630
1301 N. Harrison Street, Unit 105
Wilmington, DE 198806
(302) 836-3900
Attorneys for Plaintiffs

Dated: June 9, 2008

## CERTIFICATE OF SERVICE

I, Matthew H. Osborne, Esq., hereby certify that on this 9th day of June, 2008, I served via ECF the within Motion for Rule 16 Conference and Discovery on the following counsel of record:

William J. Cattie, III, Esquire
Rawle & Henderson
300 Delaware Avenue, Suit 1015
PO Box 588
Wilmington DE  19899-0588

Collins J. Seitz, Esquire
Connolly Bove Lodge & Hutz, LLP
1007 North Orange Street
PO Box 2207
Wilmington DE  19899

Kevin J. Connors, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
P.O. Box 8888
Wilmington, DE 19801

Ralph Durstein, Esquire
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington DE  19801

/s/ Matthew Hayes Osborne
_____
Matthew Hayes Osborne, Esquire
1301 N. Harrison Street
Unit 105
Wilmington DE  19806
Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**


| | | |
|---|---|---|
| L.C. 1 et al., | : | |
| | : | |
| Plaintiffs, | : | Case No.: 07-675 GMS |
| | : | |
| VS. | : | **JURY TRIAL DEMANDED** |
| | : | |
| STATE OF DELAWARE, et al., | : | |
| | : | |
| Defendants | : | |


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION**
**FOR RULE 16 CONFERENCE**
**AND DISCOVERY IN AID OF FILING AMENDED COMPLAINT**
**PURSUANT TO F.R.C.P. 26(d)**

## I.    INTRODUCTION:

This case arises out of the alleged intentional and severe scalding of the hand of a three

year old female foster child (LC1) by one or both of the foster parent Defendants (Dequan and

Kimberly Haynes), witnessed by her 4 year old brother (LC2).  The brother and sister plaintiffs

were initially removed from their biological parents care and custody by the Defendant state

agencies and were ultimately placed in the foster care of defendants, Kimberly and Dequan

Haynes in the Commonwealth of Pennsylvania via the involvement of two non-state agencies,

Defendants, Children and Families First (in Delaware) and Rejoice, Inc. (in Pennsylvania).  The

children were placed in the care of these foster parents by, through, and under the supervision of

all of the Defendants. During this process Defendant Andrew H. Lippstone, Esquire served as the

children's guardian *ad litem* pursuant to 29 Del. C. '9007A .

After the events of described in the Plaintiffs' Complaint, the minor plaintiffs were

1

reclaimed by the Delaware state defendants and were ultimately placed into the foster care of

Plaintiffs, Sherman and Gladys Catchings.  Thereafter, the only substantive contact that they had

with the defendants was a brief visit from Defendant, Lippstone who it appeared was either

unaware or unconcerned with the events that had occurred while the children were in the hands

of the Haynes.  None of the defendants provided the Catchings with any documentation of the

events that had occurred while the children were in the custody of the state and the Haynes.  As

described supra, defendant Lippstone has refused to provide the Plaintiffs with any documents[2]

or to cooperate with them without the Plaintiffs first executing a General Release of any claims

they might have against him in connection with his representation of them as guardian ad litem.

 To the best of Plaintiffs' knowledge no one has given the Plaintiffs any information regarding

what occurred from the time the children were removed from their biological parents and came

within the care, custody, and control of the Defendants until they were taken in by the Catchings.

The existence, possession, and location of all of the state mandated reports of

investigations, evaluations, medical care, education, and other events in these children's lives,

including the names and positions of the persons who were charged and/or tasked with

protecting the interests of these children while they were in the care, custody or control of the

---

[2]

29 Del. C. ' 9007A(b)(4) provides:

Upon presentation of the order of appointment by the attorney guardian ad litem, any agency, hospital, school, organization, division or department of the State, doctor, nurse or other health care provider, treatment facility, psychologist, psychiatrist, police department or mental health clinic shall permit the attorney guardian ad litem to inspect and copy any records relating to the child and parents involved in the case of appointment without consent of the child or parents.

state, including while they were being allegedly injured at the hands of the Haynes defendants have heretofore not been provided to the Plaintiffs' current legal guardians.  To the best of the Plaintiffs= knowledge, defendant Lippstone is one of the persons who had not only the power and authority to obtain and provide all of this material to the Plaintiffs, but also the duty to do so and to have taken other actions that could have prevented the harm they suffered.  The Delaware Code provides, inter alia, that:

> The attorney guardian ad litem's duty is to the child. The scope of the representation of the child is the child's best interests. The attorney guardian ad litem shall have the duty of confidentiality to the child unless disclosure is necessary to protect the child's best interests. As such, the attorney guardian ad litem shall:
>
> > (1) Represent the best interests of the child in all child welfare proceedings, and explain to the child, taking into account the child's ability to understand the proceedings, the duties of the guardian ad litem;
> >
> > .     .     .
> >
> > (3) Conduct an independent investigation of the circumstances of a case of appointment, which shall include but not be limited to interviews and/or observations of the child and relevant individuals, as well as a review of all relevant records and reports;
> >
> > .     .     .
> >
> > (7) Have access to all records regarding the child and his or her family maintained by the Division;
> >
> > (8) Monitor cases to which they are appointed to assure that the terms of the Court's orders are fulfilled and permanency for the child is achieved;
> >
> > .     .     .
> >
> > (10) Receive reasonable notice from the Division of any founded complaint involving: (1) the child, where the child is the alleged victim; (2) the residence in which the child lives; and/or (3) the home-based daycare which the child attends;
> >
> > (11) Request a hearing before the Court when the plan on behalf of the child is not implemented, is not meeting the child's needs, or upon completion of a Division investigation;
> >
> > (12) Request any appropriate relief from the Court on behalf of the child;
> > (13) Appear, when appropriate, on behalf of a child before the Violent

3

Crimes Compensation Board, to pursue a claim on behalf of the child, as
set forth in Chapter 90 of Title 11; and ...

The specific reports of the investigation(s) into this incident by each of the

defendants have not been produced to the children's legal guardians who have brought

this suit on the children's behalf after, to the best of their knowledge and information,

none of the defendant agencies or individuals took any action whatsoever to protect and

serve these children, or to bring the perpetrators of these crimes and abuse to justice. To

the best of the Plaintiffs' knowledge the defendants have done nothing whatsoever other

than to remove the Plaintiffs from the Haynes home.

## II.    ARGUMENT

It is within the discretion of this Honorable Court to Order that a Rule 16

Conference be held and that Rule 26 disclosures and limited discovery take place before

consideration of any outstanding 12(b)(6) Motion. See: e.g. Pappa v. Unum Life

Insurance Company of America, 2007 WL 4248510 (M.D. Pa. 2007)(Motions asking for

dismissal under Rule 12(b) or in the alternative summary judgment held in abeyance

pending discovery of evidence in the exclusive possession and control of the

Defendants); Mettler-Toledo, Inc. V. Todd R. Acker, 1995 U.S. Dist. Lexis 21707 (M.D.

Pa. 1995)(Plaintiff's motion for expedited discovery granted where *irreparable injury

and necessity* shown and Court exercised its discretionary powers under Rules 26(d) and

30(a)(2)).


The United States Court of Appeals for the Third Circuit has explained the

analysis of limits on discovery as follows: The general framework for determining the

4

scope of allowable discovery for cases in federal courts is provided by Fed. R. Civ. P. 26, which provides that parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Fed. R. Civ. P. 26(b)(1). Pearson v. Miller, 211 F.3d 57, 65 (3d Cir. 2000).

A party may not seek discovery from any source before the parties have conferred as required by Rule 26(**f**). Fed. R. Civ. P. 26(f). However, the court, upon motion, for the convenience of the parties and witnesses and in the interest of justice, may grant leave to conduct discovery prior to a conference amongst the parties. Fed. R. Civ. P. 26(d).

In a similar case, Better Packages v. Zheng, 2006 U.S. Dist. Lexis 30119 (D. NJ 2006) , the court described the ability to obtain expedited discovery as follows:

Unlike most other discovery provisions within the Federal Rules, these provisions contain little guidance regarding the granting of expedited discovery. Courts have generally employed one of two standards for determining the appropriateness of expedited discovery. The first is the more formal analysis outlined in Notaro v. Koch, 95 F.R.D. 403 (S.D.N.Y. 1982). The Notaro standard is very similar to a preliminary injunction analysis and looks more closely at the merits of the requests. The second is the reasonableness standard, which requires the party seeking the discovery to prove that the requests are reasonable under the circumstances. Entertainment Technology, Corp. v. Walt Disney Imagineering, 2003 U.S. Dist. LEXIS 19832, No. 03-3546, 2003 WL 22519440 at *3 (E.D.Pa. October 2, 2003); Gucci America, Inc. v. Daffy's, Inc., 2000 U.S. Dist. LEXIS 16714, No. 00-4463, WL 1720738 (D.N.J. Nov. 14, 2000); Philadelphia

Newspaper Corp. v. Gannett Satellite Information Network, Inc., 1998 U.S. Dist. LEXIS 10511, No. 98-CV-27821, WL 404820 (E.D.Pa. July 15, 1998).

## A. *Notaro* Standard

Under the Notaro standard the moving party must demonstrate "(1) irreparable injury, (2) some probability of success on the merits, (3) some connection between the expedited discovery and the avoidance of irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted." Notaro, 95 F.R.D. at 405. The court reasoned that such stringent standards are appropriate to protect defendants at such an early stage of the litigation. Id. In Gucci America, Inc. v. Daffy's Inc., 2000 U.S. Dist. LEXIS 16714, 2000 WL 1720738, the Court applied the Notaro standard in denying a request for expedited discovery because the request had a substantive element to it. 2000 U.S. Dist. LEXIS 16714, [WL] at *6. The Court believed that Gucci intended to use the information sought through discovery to root out certain Gucci distributors improperly selling their handbags or "knock-off" handbags to defendant at discounted prices. 2000 U.S. Dist. LEXIS 16714, [WL] at *5-6. The Court also noted that being forced to reveal their distributor would greatly harm Daffy's interest and give Gucci the information they desired as the ultimate goal of the litigation. The heightened standard was appropriate because of Gucci's

6

questionable motives. 2000 U.S. Dist. LEXIS 16714, [WL] at *6.

### B. Reasonableness Standard

The reasonableness standard is considerably more liberal than the Notaro standard and has evolved considerably recently. Application of this standard depends on the actual circumstances of each case, as well as consideration of certain factors such as a pending preliminary injunction hearing, the need for the discovery and the breadth of the requests. Entertainment Tech., Corp., 2003 U.S. Dist. LEXIS 19832, 2003 WL 22519440 at *3. The Eastern District of Pennsylvania Court has noted that "expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings." Philadelphia Newspaper Corp., 1998 U.S. Dist. LEXIS 10511, 1998 WL 404820 at *2 (quoting Ellsworth Associates, Inc. v. United States, 917 F.Supp. 841, 844 (D.D.C. 1996)).

"Expedited discovery has been ordered where it would 'better enable the Court to judge the parties' interests and respective chances for success on the merits' at a preliminary injunction hearing." Philadelphia Newspaper Corp., 1998 U.S. Dist. LEXIS 10511, 1998 WL 404820 at *2(quoting Edudata Corp. v. Scientific Computers, Inc., 599 F. Supp. 1084, 1088 (D.Minn. 1984), aff'd in part, rev'd in part on other grounds 746 F.2d 429 (8th Cir. 1985)). If narrowly tailored to fit the needs of a preliminary injunction hearing, leave to conduct expedited discovery should be granted. Entertainment Tech.,

7

Corp., 2003 U.S. Dist. LEXIS 19832, 2003 WL 22519440 at *3. Where the requests are overly broad and extend beyond the needs of the preliminary injunction, leave should be denied. Id.

The court should examine the appropriateness of a request for expedited discovery by weighing the need for the discovery at that point in the litigation with the breadth of the discovery requests. Id. (citing Merrill Lynch, Pierce Fenner & Smith, Inc. v. O'Connor, 194 F.R.D. 618 (N.D.Ill. 2000)). A number of courts have applied a "good cause" test similar to the inquiry made in Merrill Lynch and Philadelphia Newspaper. See Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 275(N.D.Cal. 2002); see Merrill Lynch, Pierce Fenner & Smith, Inc., 194 F.R.D. at 624, and Philadelphia Newspaper, 1998 U.S. Dist. LEXIS 10511, 1998 WL 404820 at *2. This test weighs the need for expedited discovery by considering the overall administration of justice against the prejudice to the responding party. Semitool, Inc., 208 F.R.D. at 276. The factors considered include how far in advance of the formal start of discovery the request is made, whether the discovery are requests narrowly tailored, the purpose of the requested early discovery, whether the discovery burdens the defendants, and whether the defendants are able to respond to the requests in an expedited manner. Id. at 276-78.

The Court should look at "'the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances,' unless the circumstances are such that the Notaro factors apply." Entertainment Tech. Corp, 2003 U.S. Dist. LEXIS 19832, 2003 WL 22819440 at *4 (quoting Merrill Lynch, 194 F.R.D. at 624).

8

In the instant case, it is reasonable to require "expedited" discovery in aid of filing an amended complaint.  In order to preserve the rights of the minor plaintiffs, it is imperative that discovery of the state defendants be permitted so that the proper parties can be identified and named as defendants, if necessary.  Without this initial discovery, Plaintiffs are at a significant disadvantage especially because solely Defendants are in possession of the information that Plaintiffs require to appropriately and fairly amend their complaint.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court grant a Rule 16 conference forthwith so that voluntary mandatory disclosures and discovery may commence on Plaintiff's claims and an amended complaint be permitted to be filed prior to plaintiffs' obligation to answer the presently outstanding Rule 12(b) motions.

Respectfully submitted,
SCHMIDT, KIRIFIDES, EARSON,
KOUTCHER & FRIDKIN


 _/s/_____

—

Matthew H. Osborne, Esq.
Bar #4630
1301 N. Harrison Street, Unit 105
Wilmington, DE 198806
(302) 836-3900
Attorneys for Plaintiffs

Dated: June 9, 2008

9

## <u>CERTIFICATE OF SERVICE</u>

       I, Matthew H. Osborne, Esq., hereby certify that on this 9th day of June, 2008, I served via ECF the within Motion for Rule 16 Conference and Discovery on the following counsel of record:

William J. Cattie, III, Esquire
Rawle & Henderson
300 Delaware Avenue, Suit 1015
PO Box 588
Wilmington DE  19899-0588

Collins J. Seitz, Esquire
Connolly Bove Lodge & Hutz, LLP
1007 North Orange Street
PO Box 2207
Wilmington DE  19899

Kevin J. Connors, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
P.O. Box 8888
Wilmington, DE 19801

Ralph Durstein, Esquire
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington DE  19801

                            /s/ Matthew Hayes Osborne
                            _____
                            Matthew Hayes Osborne, Esquire
                            1301 N. Harrison Street
                            Unit 105
                            Wilmington DE  19806
                            Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

L.C. 1 et al.,                                    :
                                                  :
                      Plaintiffs,                 :     Case No.: 07-675 GMS
                                                  :
          VS.                                     :     **JURY TRIAL DEMANDED**
                                                  :
STATE OF DELAWARE, et al.,                        :
                                                  :
                      Defendants                  :

### *STIPULATION FOR EXTENSION OF TIME*

IT IS STIPULATED by the parties, through their attorneys, subject to approval of the Court, that the time for the Plaintiffs to respond to Defendant, Andrew Lippstone's Motion to Dismiss Complaint, and Defendants, State of Delaware, Delaware Division of Family Services, [Delaware] Department of Services for children, Youth and their Families, and Marcia Tremper ("State Defendants") Motion to Dismiss Complaint is hereby extended until June 16, 2008 for the following reasons:

1.      Defendants, Andrew Lippstone and the State Defendants have filed Motions to Dismiss Plaintiffs' Complaint.  By prior Stipulations the Plaintiffs' Answers to these motions are currently due on May 12, 2008.

2.      By Order dated April 2, 2008, The Honorable Chief Judge Gregory M. Sleet granted the Motion for the Pro Hac Vice appearance of Jeffrey P. Hoyle, Esquire as co-counsel for the Plaintiffs.

3.      Plaintiffs request an extension of the time within which they must respond to the Defendants' Motions to Dismiss so that their new counsel can complete his review of the case and Motions of the Defendants.

4.      Jeffrey P. Hoyle, Esquire has conferred with counsel for the moving Defendants, Collins J. Seitz, Jr., Esquire and Deputy Attorney General Ralph Durstein, Esquire who both have agreed to the extension requested herein.

5.      Counsel for the Plaintiffs represent herein that the requested extension is made for the purposes of evaluating and answering the Motions of the Defendants and considering the arguments made

by the moving Defendants with a view to the voluntary dismissal of any party not properly subject to liability

to the Plaintiffs.

      6.     By letter dated April 29, 2008 Counsel for the Plaintiffs requested that this Honorable Court

hold a Rule 16 Scheduling Conference and in conjunction therewith that discoverable files, records and other

materials in the Defendants' possession be Ordered to be produced considering the rules and policies

regarding confidentiality and non-disclosure of records of the type Defendants are being asked to produce

with respect to these minor children.

      7.     A Motion requesting this conference and a stay of proceedings will be filed separate hereto.

SCHMIDT, KIRIFIDES, PEARSON,          DEPARTMENT OF JUSTICE
  KOUTCHER & FRIDKIN


 /s/
Matthew H. Osborne, Esq. Bar #4630
1301 N. Harrison Street, Unit 105            /S/
Wilmington, DE 19806
(302) 836-3900                   Ralph Durstein, Esquire
Attorneys for Plaintiffs             Deputy Attorney General
                                  Carvel State Office Building
Dated:  May 12, 2008              820 North French Street
                                  Wilmington, DE 19801
CONNOLLY, BOVE, LODGE & HUTZ, LLP     Attorney for State Defendants
                                  Dated: May 12, 2008


 /s/
Collins J. Seitz, Jr., Esquire
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
PO Box 2207
Wilmington, DE 19899
Attorney for Defendant Lippstone

Dated:  May 12, 2008


           SO ORDERED this _____ day of _____, 2008.


                      _____
                      United States District Judge

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on the 12th day of May, 2008, he caused the attached **Stipulation for Extension of Time to file Plaintiff's Answering Brief/Response** to be filed with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following:

**Name and Address of Recipient(s):**

Stephani J. Ballard, Esquire
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801

Collins J. Seitz, Jr., Esquire
Connolly, Bove, Lodge & Hutz, LLP
1007 North Orange Street
PO Box 2207
Wilmington, DE 19899

William J. Cattie, III, Esquire
Rawle & Henderson, LLP
300 Delaware Avenue, Suit 1015
P.O. Box 588
Wilmington, DE 19899-0588

Ralph Durstein, Esquire
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington, DE 19801

Kevin J. Connors, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
P.O. Box 8888
Wilmington, DE 19801

SCHMIDT, KIRIFIDES, PEARSON, KOUTCHER & FRIDKIN

Date: May 12, 2008          By  /s/ _____
                                      Matthew H. Osborne, Esquire
                                      1301 N. Harrison Street, Unit #105
                                      Wilmington, DE 19806
                                      (302) 836-3900
                                      I.D. No.: 4630
                                      osbornelaw@verizon.net

LAW OFFICES

# MARKS, FEINER & FRIDKIN

A PROFESSIONAL CORPORATION

1301 NORTH HARRISON STREET

UNIT #105

WILMINGTON, DELAWARE 19806

MICHAEL A. MARKS◊
EDWARD B. FEINER*
MARK S. FRIDKIN ○
CRAIG A. BERNSTEIN*
F. PHILLIP RENZULLI‡
MATTHEW H. OSBORNE**

‡ MEMBER DE PA and NJ BAR
○ MEMBER PA BAR ONLY
* MEMBER NJ and PA BAR ONLY
** MEMBER DE and PA BAR
^ MEMBER NJ BAR

2070 SPRINGDALE ROAD
SUITE 400
CHERRY HILL, NEW JERSEY 08003
(856) 354-0951
FAX (856) 354-2017

800 STEPHEN GIRARD BUILDING
21 SOUTH 12TH STREET
PHILADELPHIA, PENNSYLVANIA 19107
(215) 563-7888
FAX (215) 563-3594

363 ROUTE 100 SOUTH
ALLENTOWN, PENNSYLVANIA 18106
(610) 391-9889
FAX (610) 395-7442

(302) 654-1374
FAX (302) 655-1723

February 8, 2007

Andrew H. Lippstone, Esquire
**Buchanan, Ingersoll Rooney, P.C.**
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801-1054

      RE:    Lachey Catchings f/k/a Sharese Wilson

Dear Mr. Lippstone:

      It is our understanding that you were appointed the guardian ad litem of Lachey Catchings (f/k/a Sharese Wilson) and that you represented her in this capacity during the time that she sustained serious injuries as a result of suspected child abuse. This office has been retained by Lachey to represent her for the injuries she has sustained.

      On behalf of our client, we are formally requesting a copy of the entire file that you have for Lachey; to which she is entitled under Delaware law.

      Thank you for your attention to this matter. Should you have any questions or concerns, please contact Mark S. Fridkin or myself at the above telephone number.

                    Very truly yours,

                    MATTHEW H. OSBORNE

MHO/mew

# Buchanan Ingersoll ⚘ Rooney PC
### Attorneys & Government Relations Professionals

Andrew H. Lippstone
302 552 4207
andrew.lippstone@bipc.com

The Brandywine Building
1000 West Street, Suite 1410
Wilmington, Delaware 19801-1397

T 302 552 4200
F 302 552 4295

www.buchananingersoll.com

February 27, 2007

Mark S. Fridkin, Esquire
Marks, Feiner & Fridkin
800 Stephen Girard Building
21 South 12th Street
Philadelphia, PA 19107

    Re:    Lacey Catchings, f/k/a Sharese Wilson

Dear Mark:

As per our previous discussions and in response to the letter from your associate, Matthew Osbourne, dated February 8, 2007, I would be happy to assist you to the extent permissible under Delaware law in connection with your investigation of the injuries sustained by Lacey Catchings.

Upon further research and discussion with Tania M. Culley, Esquire, the Child Advocate for the Office of Office of Child Advocate ("OCA") for the State of Delaware, it has come to my attention that pursuant to 29 *Del. C.* 9006A, information contained in files kept in connection with this matter are confidential except for good cause shown by order of the court. As a general matter, I do believe it is in Lacey's best interest that your firm be provided with certain materials contained in the file, and am available to assist you with respect to your application to the court (and would be glad to do so), subject to my receipt of the general release discussed below.

Pursuant to our previous discussions, I have attached a general release of claims in connection with my representation as guardian *ad litem* of Lacey and Latrell Catchings. This release would be subject to the requirements of 29 *Del. C.*, Chapter 90A and any other applicable law or rule of court.

Upon execution of the general release upon the terms herein described, I will be more than happy to provide such assistance as may be helpful to your investigation (consistent, of course, with my duties under Delaware law). I look forward to hearing from you.

Sincerely,

*[signature]*

Andrew H. Lippstone, Esq.

cc: Tania M. Culley, Esq.
AHL: uvb
Enclosures

Pennsylvania :: New York :: Washington, DC :: Virginia :: Florida :: New Jersey :: Delaware :: Ohio :: California

<u>**GENERAL RELEASE**</u>

**THIS GENERAL RELEASE** ("Release") is hereby entered into this ___ day of February, 2007 by and between **Lacey Milan Catchings**, a minor, f/k/a Sharese Carolene Wilson ("Lacey"); **Latrell Marshawn Catchings**, a minor, f/k/a Lamar Shovon Wilson ("Latrell"; with Lacey, together, the "**Children**") by their parents **Gladys Marie Deshields Catchings** ("Mother") and **Sherman Lee Catchings** ("Father") (with Mother, the "**Parents**"); **Gladys Marie Deshields Catchings**, individually; **Sherman Lee Catchings**, individually (all collectively, the "**Releasing Party**"); and **Andrew H. Lippstone, Esquire** ("**Released Party**").

**RECITALS**

**WHEREAS**, Released Party has served as a volunteer through the Office of the Child Advocate for the State of Delaware since 2003; and

**WHEREAS**, on June 26, 2003, Released Party was appointed by the Family Court of the State of Delaware in and for New Castle County ("**Court**") as guardian *ad litem* for the Children pursuant to Chapter 90A of Title 29 of the Delaware Code; and

**WHEREAS**, by order of the Court ("**Adoption Order**") dated December 8, 2006 ("**Adoption Date**"), the Children were adopted by the Parents, and

**WHEREAS**, pursuant to the Adoption Order, Released Party's duties as guardian *ad litem* ceased as of the Adoption Date; and

**WHEREAS**, on or about October 31, 2005, Lacey sustained severe burns to her hand while in the care of foster parents ("**Foster Parents**") in Mechanicsburg, Pennsylvania (the "**Burn Incident**"); and

**WHEREAS**, Parents are considering asserting claims against certain parties in connection with the Burn Incident, including, without limitation, Rejoice! Inc. ("**Rejoice**"), a private adoption agency which placed Lacey and Latrell in the home of the Foster Parents; and

2

**WHEREAS**, Parents desire to enlist the assistance of Released Party in connection with their investigation of Burn Incident and possible assertion of claims in connection therewith; and

**WHEREAS**, in connection with such assistance, Releasing Party has agreed to provide Released Party with this general release of claims, subject to the review by and approval of any applicable court of law, as set forth more fully herein.

**NOW, THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, Releasing Party and Released Party hereby agree as follows:

I.      **Recitals**.

The Recitals above are a material part of this Release and are incorporated herein by reference as if set forth fully.

II.     **General Release of Released Party**.

In exchange for the provision of such assistance as Released Party may deem necessary in protecting the interests of the Children ("**Assistance**"), and subject to any and all existing laws and court procedures (including without limitation, Chapter 90A of Title 29 of the Delaware Code), Releasing Party, and each of them, for itself and its heirs, executors, administrators, personal representatives, successors and assigns, does hereby fully and finally release, remise, and forever discharge Released Party, its employer, former employers, heirs, executors, administrators, personal representatives, successors, assigns, agents, insurers, trustees, receivers, custodians, attorneys, and all persons and entities in privity therewith (collectively, the "**Released Parties**") of and from any and all manner of actions, causes of action, suits, debts, agreements, leases, judgments, arbitration awards, demands and claims whatsoever, in law or equity, for indemnity or contribution, or pursuant to statute, regulation or ordinance (collectively, "**Claims**"), whether or not such Claims were heretofore known, suspected or asserted, including

3

particularly, but not limited to, any and all Claims arising out of, relating to, resulting from, or in any way connected with Released Party's representation of the Children as guardian *ad litem*. Without limiting the generality of the foregoing, it is expressly agreed that this Release shall be binding with respect to any and all Claims which may arise as a result of information discovered by the Releasing Parties subsequent to the execution of this Release.

**III.    Voluntary Release.**

The Parties hereto, by their signatures below, represent, confirm, and agree that:

1.    Each has read this Release carefully and completely understands all provisions contained herein;

2.    Each is aware of his or her right to consult with legal counsel and each has had ample time and opportunity to do so; and

3.    Each has executed this Release freely and voluntarily, without any threat, duress, coercion, compulsion, or force of any sort and without reliance upon any act, inaction, representation, or statement made or give which is not set forth in this Release.

**IV.    Controlling Law and Enforcement of Terms**

This Release and shall be governed by and construed and enforced in accordance with the laws of the State of Delaware without giving effect to the principles of conflicts of laws. All remedies at law and equity shall be available for the enforcement of this Release.

**V.    Release Binding on Heirs and Assigns**

This Release shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, personal representatives, successors, assigns, and all persons and entities in privity therewith.

**VI.    Jurisdiction/Venue of Actions Under this Release**

4

The parties hereto agree that, in the event any legal action or lawsuit is brought or filed under or pursuant to or for breach of this Release, it shall be brought/filed solely in the Courts of the State of Delaware.

## VII.    Severability

The invalidity or unenforceability of any term, provision, or clause of this Release shall be severable and shall in no way affect or invalidate any other term, provision, or clause hereof.

**IN WITNESS WHEREOF**, the parties hereto, intending to be legally bound, have executed this Mutual General Release and Indemnification Agreement on the date(s) set forth below.

**RELEASING PARTIES:**

**Attest:**                                      **Lacey Milan Catchings, a minor, by:**

_____ **(SEAL)**    _____ **(SEAL)**
                                              Gladys Marie Deshields Catchings, mother

                                              _____ **(SEAL)**
                                              Sherman Lee Catchings, father

**Attest:**                                      **Latrell Marshawn Catchings, a minor, by:**

_____ **(SEAL)**    _____ **(SEAL)**
                                              Gladys Marie Deshields Catchings, mother

                                              _____ **(SEAL)**
                                              Sherman Lee Catchings, father

5

Attest:                              **Gladys Marie Deshields Catchings**

_____ (SEAL)    _____ (SEAL)


Attest:                              **Sherman Lee Catchings**

_____ (SEAL)    _____ (SEAL)



                                     **RELEASED PARTY:**

Attest:                              **Andrew H. Lippstone**

_____ (SEAL)    _____ (SEAL)


WLM #1005586

#1005881-v3;WIL1_GENERAL;0056723/000185              6