IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

| | |
|---|---|
| L.C. 1 (f.k.a S.W.), a minor, by and through her Legal guardians, Sherman Catchings and Gladys Catchings; L.C.2 (f.k.a. L.W.), a minor, by and through his legal guardians, Sherman Catchings and Gladys Catchings | |
| | C.A. No. 07-00675-GMS-LPS |
| v. | |
| | |
| The State of Delaware, et al | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO STATE OF DELAWARE DEFENDANTS'[1] MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(6)**

COMES NOW, Plaintiffs who by and through counsel, hereby file their opposition to the Motion to Dismiss filed by the Delaware Defendants.

---

[1] "Delaware Defendants" are as follows: The State of Delaware; The Delaware Division of Family Services; The Delaware Department of Services for Children, Youth and Their Families; Marcia Tremper, individually and in her official capacities with the Delaware Division of Family Services and The Delaware Department of Services for Children, Youth and Their Families.

**I.       NATURE & STAGE OF THE PROCEEDINGS**

As an addendum to the Statement contained in the memorandum filed by the Delaware Defendants, Plaintiffs have filed a motion for a Rule 16 Conference and expedited discovery in an attempt to coax information out of the Defendants in this case, including the Delaware Defendants. That motion asks the Court to stay all proceedings until such time as discovery as to the knowledge of the placements and injuries suffered by the minor plaintiffs can be ascertained. The instant motion is Plaintiffs' response to the 12(b)(6) motion filed by the Delaware Defendants.

## II.  STATEMENT OF FACTS

Plaintiffs' Complaint speaks for itself and is attached hereto, incorporated herein and marked as Exhibit "A".

### III.    STANDARD OF REVIEW

The Third Circuit instructs that the "complaint will withstand a Fed.R.Civ.P. 12(b)(6) attack if the material facts as alleged, in addition to inferences drawn from those allegations, provide a basis for recovery." Menkowitz v. Pottstown Memorial Med. Ctr., 154 F.3d 113, 124-25 (3d Cir. 1998). In deciding a motion to dismiss, a court is required to accept all of the plaintiffs factual allegations as true. Hishon v. King 7 Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed. 2d 59. A court should grant a motion to dismiss only when it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). The inquiry is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims. In Re: Rockefeller Center Prop. Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955, 167 >Ed. 2d 929 (2007). In so doing, it abrogated the standard established in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed. 2d 80 (1957) by holding that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief.." Bell Atlantic, 127 S.Ct. at 1965.

### IV.    ARGUMENT

**A. Section 1983 Actions**

Section 1983 provides a federal cause of action to any person who is deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by another person who is acting under the color of state law. 42 U.S.C.S. §1983. Therefore, in order to state a claim for relief under 1983, a plaintiff must allege that defendants, while acting under color of state law, deprived him of a right secured by the Constitution or federal law. Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed. 2d 572

(1980); Groman v. Township of Manalapan, 47 F.3d 628, 633 (3d Cir. 1995); Ortiz v. New Jersey Div. Of Youth & Family Svcs, 2008 U.S. Dist. Lexis 31204 (D. NJ 2008).

Instantly, Plaintiffs have alleged facts sufficient at this stage of the proceedings to support their causes of action.

### B. The Delaware Defendants are not immune from suit because Plaintiffs have sufficiently pled a state-created danger and a policy or custom which led to the harm suffered by the Plaintiffs.

1. State-Created Danger

The state-created danger doctrine is an exception to the general rule that the "due process clause does not impose an affirmative obligation on the state to protect its citizens" from harms caused by private actors. Phillips v. County of Allegheny, 515 F.3d 224, 235 (3d Cir. 2008), *quoting*, DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 195-96, 109 S. Ct. 998, 103 L.Ed. 2d 249 (1989). To state a claim for relief under the state-created danger doctrine, a plaintiff must allege that:

> 1. The harm ultimately caused was foreseeable and fairly direct;
> 2. The state actor acted in willful disregard for the plaintiff's safety;
> 3. There was some relationship between the state and the plaintiff; and
> 4. The state-actor used his authority to create an opportunity for danger that otherwise would not have existed.

Phillips, 515 F.3d at 235, *quoting* Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006).

a. Foreseeability

To adequately plead foreseeability, a plaintiff must allege and "awareness on the part of the state actors that rises to level of actual knowledge or an awareness of risk that is sufficiently concrete to put the actors on notice of the harm." Phillips, 515 F.3d at 237, *quoting* Morse v. Lower Merion School Dist. 132 F. 3d 902, 908 (3d Cir. 1997). In the instant case, the harm ultimately causes was the abuse of the minor Plaintiffs at the hands of the foster parents with whom they were placed by the Delaware Defendants.

5

The Complaint alleges that L.C.1 was abused by her foster parents because they scalded her with water causing second and third degree burns to her hands and that her brother, L.C. 2, was abused and traumatized by being forced to watch it happen. Plaintiffs also allege that the Delaware Defendants, among others, "conducted no or wholly inadequate investigations into the qualifications, capacity, and ability of D. Haynes and K. Haynes to care for and protect L.C. 1 and L.C.2 from physical injury and harm. (Para. 31). The Complaint, moreover, alleges deliberate indifference (para 32, 41). In the setting where the children are wards of the state and it is the state and its agencies which placed the children in foster care, it is certainly foreseeable that a lack of proper investigation of the Foster parents, inter alia, created the danger to which the children were exposed. Ortiz v. New jersey Div. Of Youth & Family Svcs., 2008 U.S. Dist. Lexis 31204 (D.NJ 2008).

      b.   Willful Disregard for Safety

To act with willful disregard for the Plaintiff's safety is to act with a "degree of culpability that shocks the conscience." Phillips, 515 F.3d at 240, *quoting*, Bright, 443 F.3d at 281. When determining the degree of culpability, the "time in which the government actors had to respond to an incident is of particular significance." Id. Actors in a "hyperpressurized environment" are given more leeway in their decision-making than officials who must make snap judgments. Instantly, the allegations in the Complaint are clear that there was no rush to decision-making, but rather a situation where there was sufficient time to proceed deliberately and enlist the input of other agencies to assist them in the placement of these children. Because there was time to make unhurried decisions about the care of these minor plaintiffs, allegations of their "deliberate indifference" are sufficient to establish the level of culpability that shocks the conscience. Phillips, 515 F..3d at 241.

      c.   Some Relationship

The Plaintiff must also allege that some relationship existed between himself and the state. Phillips, 515 F.3d at 242. This requirement simply "contemplates some contact such that the plaintiff was a foreseeable victim of the defendant's acts in a tort sense"; it does not require that the plaintiff "plead facts that show . . . a 'special relationship' basis for constitutional liability." Id., *quoting*, Morse, 132 F.3d at 912. Therefore, the requisite relationship can be established by showing that "the plaintiff was a foreseeable victim, individually or as a member of a discrete class." Id., *citing*, Rivas v. City of Passaic, 365 F.3d 181, 202 (3d Cir. 2004). Instantly, it would be disingenuous for anyone to argue that some relationship existed between Plaintiffs and the Delaware Defendants because the Plaintiff minor children were the foreseeable victims of the Delaware Defendants' failure to act properly under the circumstances.

        d.   An Affirmative Act

The plaintiff must allege that "a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." Bright v. Westmoreland County, 443 F.3d 276, 281 (3d Cir. 2006). The Bright court explained that liability under the state-created danger doctrine is "predicated upon the states' affirmative acts which work to the plaintiff's detriment in terms of exposure to danger. It is the misuse of state authority rather than a failure to use it that can violate the Due Process Clause." Bright, 443 F.3d at 282. However, where there is a duty to act, the failure to act constitutes an affirmative act under Bright. When the child is in the state's custody, the state has an affirmative duty to act. DeShaney 489 U.S. at 200; Ye v. United States, 484 F.3d 634 (3d Cir. 2007). It is undisputed in the instant case that both minor Plaintiffs were in the absolute custody and control of the Delaware Defendants.

Plaintiffs' complaint has made out a claim against the Delaware Defendants for a state-created danger. In the alternative, Plaintiffs request that they be permitted to amend to complaint to properly plead this cause of action.

2. Substantive Due Process

In the context of foster care, court shave applied the standard of deliberate indifference so as to shock the conscience to determine whether official actions rise to the level of constitutional harm. Whenever the state or is agencies removes a child and place him or her in foster care, the situation becomes analogous to that of an incarcerated person to whom the state and its agencies owe a duty of care not owed to an otherwise private individual. DeShaney, 489 U.S. at 201, n. 9. Horton v. Flenory, 889 F.2d 454, 457 (3d Cir. 1989); Nicini v. NJ Dept. of Health & Human Svcs., 212 F.3d 798 (3d Cir. 2000). In Nicini, the Third Circuit held that "when the state places a child in state-regulated foster care, the state has entered into a special relationship with that child which imposes upon it certain affirmative duties. The failure to perform such duties can give rise, under sufficiently culpable circumstances, to liability under section 1983." Id. at 808.

Instantly, the minor plaintiffs were indisputably in the custody of the Delaware Defendants who placed or approved their placement in the home of the Haynes' who abused the children. It is for further discovery to develop whether the actions of the Delaware Defendants deprived the Plaintiffs of substantive due process. Before the factual record is established, the Court need only determine if there are facts that the plaintiffs *could* prove to establish liability. Doe v. Allentown School District, 2007 U.S. Dist. Lexis 70355 (E.D. Pa 2007). Thus, granting Defendants' Motion to Dismiss would be improper. In the alternative, Plaintiffs request that this Court permit them to amend their Complaint to sufficiently plead the allegations.

The Supreme Court has clarified the standard of culpability which applies to state actors where a claim is that their conduct was a violation of the substantive due process rights of an individual. County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed. 2d 1043 (1998). In County of

Sacramento, the Supreme Court restated the standard to be applied where a government actor is alleged to have caused a due process violation:

> The phrase [due process of law] formulates a concept less rigid and more fluid than those envisioned in other specific and particular provisions of the Bill of Rights. Its application is less a matter of rule. Asserted denial is to be tested by an appraisal of the totality of the facts in a given case. That which may, in one setting, constitute a denial of fundamental fairness, shocking to the universal sense of justice, may, in other circumstances, and in light of other considerations, fall short of such denial. Betts v. Brady, 316 U.S. 455 (1942).

Id., 118 S.Ct. at 1719.

The Supreme Court discussed a spectrum of situations where conduct of state actors is weighed and the Court's conclusions can best be viewed as requiring the Plaintiff to meet a greater burden where the state actor had little time to deliberate and in situations where the consequences of the act cannot readily be foreseen. **Id**. In a case where there is time to reflect, deliberate and formulate a policy, the court's decision in County of Sacramento court would support the application of a lower threshold of deliberate indifference and that where it is shown that the harm caused is from a protracted failure to care that this standard is met and a violation of substantive due process established. County of Sacramento, *supra*., 118 S.Ct. at 1716.

In the course of developing jurisprudence in this area the courts of this nation have recognized that certain acts or the result thereof are so far beyond the realm of our universal sense of justice that when made with deliberation and knowledge of the likely outcome qualify as deliberate indifference sufficient to be conscious shocking. In its decision in County of Sacramento the Court observed that:

> [s]ince the time of our early explanations of due process, we have understood the core of the concept to be protection against arbitrary action: the principle and true meaning of the phrase has never been more tersely or accurately stated than by Mr. Justice Johnson, in Bank of Columbia v. Okely, 4 Wheat. 235-244 [(1819)]: as to the words from magna carta, incorporated into the Constitution of Maryland, after volumes spoken and written with a view to their exposition, the good sense of mankind has at last settled down to this: they were intended to secure the individual from the arbitrary exercise of the powers of government, unrestrained by the established principles of private right and distributed justice.

9

County of Sacramento v. Lewis, Supra, *quoting*: Hurtado v. California, 110 U.S. 516, 527 (1884).

    3.   Defendant Marcia Tremper

Defendant's argument that she cannot be held liable for her decisions and actions while she was employed by the State of Delaware because she was an official of the state at the time of those decision and actions is circular at best. Clearly, in Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed. 2d 301 (1991), the Supreme Court held that state officers may be held personally liable for damages under section 1983 based upon actions taken in their official capacities. Id. The Complaint alleges that Defendant Tremper was involved in the decision-making and had control over decision-making with regard to the Plaintiffs. To the extent that the complaint makes allegations that Ms. Tremper was acting in her official capacity, these should be read to make allegations relative to state-created danger and violations of substantive due process (see, supra)[2].

On the other hand, the allegations made as to Defendant Tremper, individually, should stand as these are appropriate under existing case law. *See*, Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed. 2d 301 (1991). Personal capacity suits seek to impose individual liability upon a government officer for actions taken under color of state law. To establish personal liability in a section 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. Id. Instantly, Plaintiffs have sufficiently alleged that Defendant Tremper deprived the minor Plaintiffs of a federal right. The requirement of action under color of state law means that a state employee (such as Defendant Tremper) may be liable for decisions made precisely because of her authority as a state actor. Id.

---

[2] Because the real party in interest in a official-capacity suit is the governmental entity and not the named official, "the entity's 'policy or custom' must have played a part in the violation of federal law." Kentucky v Graham, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). The only immunities available to the defendant in an official-capacity action are those that the governmental entity possesses. Id.

At this stage of the litigation, it is nearly impossible to allege facts which have not yet been discovered as to the named defendants. Should this Court in the instant case decide that Plaintiffs' Complaint is insufficient as to Ms. Tremper, Plaintiffs request that they be permitted to amend the complaint.

C. **State Law Claims**

1. Supplemental Jurisdiction

Under 28 U.S.C. §1367(a), in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." ( emphasis added). To be considered part of the same case or controversy, the claims must have some degree of factual interdependence. See, HB General Corp. v. Manchester Partners, 95 F. 3d 1185, 1191 ( 3d Cir. 1996) ("[ c] laims are part of the same case or controversy if they share significant factual elements"). The complaint in this case clearly demonstrates that the claims are based upon a related series of facts, thus rendering the claims part of the same case or controversy. Where it is apparent that the federal and state claims are part of the same case or controversy, as in this case, a district court may exercise supplemental jurisdiction.

Supplemental jurisdiction is permissive, not mandatory: "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if... (3) the district court has dismissed all claims over which is has original jurisdiction..." 28 U.S.C. $ 1367 (c) (emphasis added). Thus the statute makes clear that a district court is not required to refuse to exercise supplemental jurisdiction even when the accompanying federal claims on which original jurisdiction were based have been dismissed.

"Once a court has decided to exercise jurisdiction over the state claim... elimination of the federal claim does not deprive the court of the constitutional power to adjudicate the pendent claim." New Rock Asset Partners v. Preferred Entity Advancements, Inc., 101 F.3d 1492 (3d Cir. 1996) (emphasis added).

See Angeloni v. the Diocese of Scranton, 2005 WL 616013 at *4 (3d Cir. 2005) ("[t]he exercise of supplemental jurisdiction is a matter of discretion"), citing United Mine W'orkers of America v. Gibbs, 383 U.S. 715, 726 (1966) superseded by statute in 28 U.S.C. $ 1367 ("pendant jurisdiction is a doctrine of discretion, not of plaintiff s right"); Carver v. Plyer, 2004 WL 2295893 (3d Cir. 2004) at *3 ("[federal courts have discretion to exercise supplemental jurisdiction over pendant state claims, and the elimination of the federal claims in a case does not deprive the courts of this power); Mannella v. County of Allegheny, 2003 WL 21027909 * 5 (3d Cir. 2003) (stating that 28 U.S.C. $ 1367(c) "gives the district court the discretion to exercise supplemental jurisdiction over state law claims"); Peter Bay Homeowners Assoc., Inc. v. Stillman, 294 F.3d 524, 534 (3d Cir. 2002) (finding that a court's "decision to exercise supplemental jurisdiction is subject to the court's discretion").

This position is consistent with other federal courts as well. See, e.g., Suez Equity Investors, L.P. v. Toronto Dominion Bank, 250 F.3d 87, 102 (2d Cir. 2001), citing Wanamaker v. Columbian Rope Co., 108 FF.3d 462, 467 (2d Cir. 1997), Daniel v. Safir, 135 F.Supp.2d 367, 376 (E.D.N.Y. 2001); Noble v. White, 996 F.2d 797, 799 (5th Cir. 1993).

When deciding to exercise its discretion, the court should balance a number of factors, namely judicial economy, convenience, fairness, and comity. See Manella, 2003 WL at * 5; Cardoza v. Merion Cricket Club, 1996 WL 653397 at *9 (E.D.Pa. 1996) citing Growth Horizons, Inc. v. Delaware County, Pa. 983 F.2d 1277, 1284 (3d Cir. 1993), quoting, Gibbs, 383 U.S. at 726; National W'estminster Bank, PLC v. Grant Prideco, Inc., 343 F.Supp.2d 256 (S.D.N.Y. 2004), citing Ametex Fabrics, Inc. v. Just In Materials, Inc., 140 F.3d 101, 105 (2d Cir. 1998), Daniel, 135 F.Supp.2d at 377.

In Cardoza, the court exercised its discretion to hear plaintiff's state law battery claim against the defendant even though the only federal claim against defendant had been dismissed, finding that the state battery claim was "part and parcel" of plaintiffs federal claim. The court explained that "[i]t would be a monumental waste of judicial economy and efficiency to require plaintiff to file a substantially similar state law battery claim." Id. at *9. Further, the court found that the state law claim was part of the case or

12

controversy between plaintiff and defendant within the meaning of $ 1367. See id. Finally, the court noted that the defendant would suffer no prejudice from its decision. See id.

In Carver v. Plyer, plaintiffs/appellants instituted a $ 1983 claim and certain state law claims against defendants/appellees. The District Court dismissed appellants' federal claims and entered summary judgment with respect to appellants' state claims. 2004 WL at *3. Appellants argued that the district court erred, and asserted that a federal court cannot exercise jurisdiction over supplemental state claims. The Third Circuit disagreed, finding that federal courts do have discretion to exercise supplemental jurisdiction over pendent state claims, and that the elimination of the federal claims in a case " does not deprive the courts of this power." Id. The court clarified that the District Court did not decide that it lacked subject matter jurisdiction over the federal claims, but rather dismissed them on the merits. See id

2. Substantive State Law Claims

Defendants argue that Ms. Tremper is immune from suit under the various statutes cited in Plaintiffs' Complaint. However, they neglect to indicate that, in particular, 10 Del. C. §4001 specifically provides that immunity does not attach if the Constitution or the laws of the United States so require. *See*, supra. Nothing in 10 Del. C. §4001 shall affect the right of a plaintiff to bring an action under section 1983 or other civil rights action. Kirschling v. Lake Forest Sch. Dist., 687 F. Supp. 927 (D. Del. 1988).

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court deny the Motion to Dismiss filed by the Delaware Defendants, or in the alternative, grant Plaintiffs leave to amend their complaint.

        Respectfully submitted,

        SCHMIDT, KIRIFIDES, EARSON,
        KOUTCHER & FRIDKIN


        _/s/_____
        Matthew H. Osborne, Esq.
        Bar #4630
        1301 N. Harrison Street, Unit 105
        Wilmington, DE 198806
        (302) 836-3900
        Attorneys for Plaintiffs

Dated: June 16, 2008

**CERTIFICATE OF SERVICE**

I, Matthew H. Osborne, Esq., hereby certify that on this 16th day of June, 2008, I served via ECF the within Memorandum of Law in Opposition to Defendants' Motion to Dismiss on the following counsel of record:

William J. Cattie, III, Esquire
Rawle & Henderson
300 Delaware Avenue, Suit 1015
PO Box 588
Wilmington DE  19899-0588

Collins J. Seitz, Esquire
Connolly Bove Lodge & Hutz, LLP
1007 North Orange Street
PO Box 2207
Wilmington DE  19899

Kevin J. Connors, Esquire
Marshall, Dennehey, Warner, Coleman & Goggin
P.O. Box 8888
Wilmington, DE 19801

Ralph Durstein, Esquire
Deputy Attorney General
Carvel State Office Building
820 North French Street
Wilmington DE  19801


/s/ Matthew Hayes Osborne
_____
Matthew Hayes Osborne, Esquire
1301 N. Harrison Street
Unit 105
Wilmington DE  19806
Attorney for Plaintiffs