IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

L.C. 1, et al.,                                    )
                                                   )
      Plaintiffs,                                 )
                                                   )          C.A. No. 07-00675-GMS-LPS
      v.                                          )
                                                   )
THE STATE OF DELAWARE, et al.,                     )
                                                   )
      Defendants.                                 )


**ANDREW LIPPSTONE'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO
<u>PLAINTIFFS' MOTION FOR DISCOVERY</u>**


CONNOLLY BOVE LODGE HUTZ LLP
Collins J. Seitz, Jr. (Bar No. 2237)
Meredith L. Gaudio (Bar No. 5088)
cseitz@cblh.com
mgaudio@cblh.com
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for Andrew Lippstone, Buchanan,
Ingersoll & Rooney, P.C. and Klett, Rooney,
Lieber, and Schorling, P.C.*

Dated:  June 20, 2008

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ iii

NATURE AND STAGE OF THE PROCEEDINGS .................................................... 1

SUMMARY OF ARGUMENT ........................................................................................ 1

STATEMENT OF FACTS ............................................................................................... 2

ARGUMENT ....................................................................................................................... 5

    I.     THE IMMUNITY ISSUES SHOULD BE DECIDED
           BEFORE DISCOVERY. ........................................................................................ 5

           A.    The Case Law Is Clear That Immunity Issues Are Properly
                    Decided Before Discovery Is Taken. ........................................................ 5

           B.    Mr. Lippstone Is Entitled To Judicial, Constitutional, And
                    Statutory Immunity. ..................................................................................... 5

           C.    Plaintiffs' Cases Are Irrelevant To The Immunity Issue ............................ 8

CONCLUSION ................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alabama v. Pugh,*
    438 U.S. 781 (1978)..............................................................................................8

*Algieri v. Conway,*
    2004 U.S. Dist. LEXIS 29002 (M.D. Pa. Sept. 13, 2004) ........................................6

*Bright v. Westmoreland County,*
    443 F.3d 276 (3d Cir. 2006)..................................................................................5

*Buchanan v. Gay,*
    491 F.Supp.2d 483 (D. Del. 2007)......................................................................6, 7

*Gardner v. Parson,*
    874 F.2d 131 (3d Cir. 1989)..................................................................................6

*Golden v. Nadler, Pritkin & Mirabelli LLC,*
    2005 U.S. Dist. LEXIS 26509 (N.D. Ill. Nov. 1, 2005)...........................................6

*Hughes v. Long,*
    242 F.3d 121 (3d Cir. 2001)..................................................................................6

*Kretchmar v. Beard,*
    241 Fed. Appx. 863 (3d Cir. 2007)........................................................................7

*Mireles v. Waco,*
    502 U.S. 9 (1991)..................................................................................................5

*Pennhurst State Sch. & Hosp. v. Halderman,*
    465 U.S. 89 (1984)................................................................................................8

*Redden v. Kearney,*
    2008 U.S. Dist. LEXIS 11482 (D. Del. Feb. 15, 2008) ..........................................7

*Saucier v. Katz,*
    533 U.S. 194 (2001)..............................................................................................5

*Will v. Michigan Dept. of State Police,*
    491 U.S. 58 (1989)................................................................................................7

*Williamson v. United States Dept. of Agriculture,*
    815 F.2d 368 (5th Cir. 1987) ................................................................................5

*Wise v. Carrafiello,*
   218 Fed. Appx. 180 (3d Cir. 2007) ............................................................................. 5

**Statutes**

42 U.S.C. §1983 ................................................................................................................. 3, 6

Del. C. Ann. tit. 29 § 9008A ................................................................................................. 8

Del. C. Ann. tit. 36 § 3606 .................................................................................................... 7

Del. C. Ann. tit. 36 § 3603 .................................................................................................... 7

Del. C. Ann. tit. 29 § 9002A ................................................................................................. 6

Del. C. Ann. tit. 29 § 9006A ................................................................................................. 4

Del. C. Ann. tit. 29 § 9007A ......................................................................................... 3, 5, 8

Del. C. Ann. tit. 31 § 304 ...................................................................................................... 3

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ............................................................................. 5

## NATURE AND STAGE OF THE PROCEEDINGS

On October 26, 2007, plaintiffs filed this action against defendants arising from the foster care placement of two children in the State of Delaware's custody [DI 1]. One of those defendants, Andrew Lippstone, Esquire, the former volunteer court-appointed guardian *ad litem* for the plaintiffs, filed a motion to dismiss on March 3, 2008, asserting among other defenses judicial, constitutional, and statutory immunity from both discovery and suit [DI 29]. After plaintiffs' attorneys were granted three courtesy extensions of time to file an answering brief, plaintiffs filed the instant Motion for Rule 16 Conference and Discovery in aid of Filing Amended Complaint [DI 57]. This is Mr. Lippstone's partial opposition to the Motion.

## SUMMARY OF ARGUMENT

Mr. Lippstone does not oppose a Rule 16 Conference if the Court so desires. He does, however, oppose plaintiffs' attempt to delay addressing Mr. Lippstone's threshold motion to dismiss based on judicial, constitutional, and statutory immunity, which, according to well-established caselaw, should be decided before discovery.

Mr. Lippstone is a member of the Delaware Bar who, in the finest tradition of Delaware attorneys, volunteered his time to act as the former court-appointed guardian *ad litem* for the plaintiffs. No good deed going unpunished, Mr. Lippstone has been named as a defendant in these proceedings (along with fifteen other defendants) and has had to retain private counsel. As set forth in his March 3, 2008 Motion to Dismiss, in addition to other defenses, Mr. Lippstone has asserted judicial, constitutional, and statutory immunity from suit for all of plaintiffs' claims. Because some of the immunities asserted confer an immunity from suit, and not just damages, the immunity protects Mr. Lippstone from the burdens of discovery. When a defendant asserts

immunities from suit, it is well established that his motion to dismiss should be decided before any discovery is permitted.

## STATEMENT OF FACTS

On January 26, 2003, the Family Court of the State of Delaware appointed Mr. Lippstone to serve the court as a guardian *ad litem.* (Cplt. ¶ 24). According to the complaint,[1] Mr. Lippstone, acting "under color of law," assumed a special relationship with plaintiffs that allegedly created ongoing affirmative duties and obligations to ensure the safety and protection of the plaintiffs. (Id. ¶ 25). Plaintiffs allege that "prior to October of 2005" Mr. Lippstone and others caused plaintiffs to be placed in a foster home in Pennsylvania. (Id. ¶ 30).

Plaintiffs claim that all defendants either failed to conduct, or inadequately conducted, an investigation into the suitability of the foster home. (Id. ¶ 31). For instance, plaintiffs allege that all of the defendants "fail[ed] to review any and/or all of [the Children's] medical records," "fail[ed] to visit the home," "fail[ed] to monitor the environment," "fail[ed] to conduct routine checks," and "fail[ed] to ensure [their] physical safety." (Id. ¶¶ 34-35). According to the complaint, the children were injured in the foster home, which was allegedly a result of all of the defendants' failure to investigate and to monitor the adequacy of the foster home. (Id. ¶ 37).

Plaintiffs bring six federal and state law claims against Mr. Lippstone – Counts I and II sound in federal constitutional violations - violation of substantive due process under the Fourteenth Amendment to the United States Constitution and a "state created danger" count - both brought under 42 U.S.C. §1983; Count V entitled negligence, Count VII for a state law claim of intentional and negligent infliction of emotional distress, and Counts VIII and IX for alleged violation of Del. C. Ann. tit. 31 § 304 and Del. C. Ann. tit. 29 § 9007A (c). Plaintiffs

---

[1] For purposes of this motion and Mr. Lippstone's motion to dismiss, Mr. Lippstone accepts as true the allegations of the complaint.

2

allege that, at all relevant times, Mr. Lippstone was the "servent [sic], workman, agent, official and employee" of the State of Delaware, DFS, and DSCYF, and all acts, omissions, and conduct of Mr. Lippstone were done in his official capacity for the other defendants. (Id. ¶ 47).

In their Memorandum, plaintiffs make inaccurate, inappropriate, and entirely unfounded statements about Mr. Lippstone's pre-suit interaction with the plaintiffs. For instance, without any support, plaintiffs baldly state that after the plaintiffs were injured, Mr. Lippstone "was either unaware or unconcerned with the events that occurred" in connection with LC1's injuries. Mem., p. 1-2.[2] They have no basis to make such statements, and offer none in their moving papers. The hundreds of hours of volunteer time Mr. Lippstone spent as guardian *ad litem* on behalf of the two children defy such casual remarks in plaintiffs' brief.

Plaintiffs also assert that Mr. Lippstone has refused to cooperate with respect to the production of files relating to this case. Mem., p.2; *see also* Ans. Br. at 6 (asserting that Mr. Lippstone has "concealed" files from plaintiffs). But plaintiffs fail to mention one crucial fact: under Delaware law, these files are confidential and may not be disclosed without a court order.[3] *See* Del. C. Ann. tit. 29 § 9006A. Plaintiffs' attorneys are well aware of this fact; indeed, the February 27, 2007 letter from Mr. Lippstone to plaintiffs' counsel specifically cites this confidentiality provision. (Exhibit B).

Confidentiality issues aside, plaintiffs also criticize Mr. Lippstone for demanding a general release from plaintiffs' attorneys before turning over his files, but as this case demonstrates, Mr. Lippstone's concerns were entirely justified. As the attached correspondence

---

[2] They further assert that "[t]o the best of Plaintiffs' knowledge the defendants have done nothing whatsoever other than to remove the Plaintiffs from the Haynes home." Mem., p. 4.

[3] The Delaware Code section cited by plaintiffs on page 2 of their Memorandum relates to a guardian *ad litem's* ability to request records from third parties. It provides no authority for a guardian *ad litem* to disclose those records to third parties.

demonstrates (Exhibits A and B), Mr. Lippstone was rightly concerned about turning over files deemed confidential by the State.  He was willing to cooperate and release his files to further the investigation of harm to the children, but wanted protection from the very conduct that brings the parties before the Court today.  Rather than respond to his February 27, 2007 letter, plaintiffs waited eight months – then sued him.[4]  Now that plaintiffs have done so, they must first address the immunity issues before they can continue to drag Mr. Lippstone through this litigation.

---

[4]  It was not until June 9, 2008 that plaintiffs sought "expedited discovery" with respect to Mr. Lippstone's files – some sixteen months after Mr. Lippstone's letter, and after three courtesy extensions.

## ARGUMENT

I.    **THE IMMUNITY ISSUES SHOULD BE DECIDED BEFORE DISCOVERY.**

### A.    The Case Law Is Clear That Immunity Issues Are Properly Decided Before Discovery Is Taken.

As a court-appointed volunteer, Mr. Lippstone filed a motion under Federal Rule of Civil Procedure 12(b)(6) to resolve the threshold issue of immunity. Rule 12(b)(6) is the proper procedure to dispose of claims that cannot proceed because of an immunity defense. *See Saucier v. Katz,* 533 U.S. 194, 200-01 (2001) (holding that questions of absolute immunity, like qualified immunity, should be determined "at the earliest possible stage in litigation" because absolute immunity is an "immunity from suit rather than a defense to liability...[which is] effectively lost if a case is erroneously permitted to go to trial"); *Williamson v. United States Dept. of Agriculture*, 815 F.2d 368, 382-83 (5th Cir. 1987) (questions of immunity should be resolved before discovery is permitted). The same is true where immunity is based upon a state statute. *Bright v. Westmoreland County*, 443 F.3d 276, 286 (3d Cir. 2006) (State immunity issues should be resolved early in the proceedings "so that the costs and expenses of trial are avoided where the defense is dispositive.") (quoting *Saucier*, 533 U.S. at 200-01.).[5]

### B.    Mr. Lippstone Is Entitled To Judicial, Constitutional, And Statutory Immunity.

Mr. Lippstone was appointed to serve as guardian *ad litem* pursuant to an order of the Family Court of the State of Delaware. *See* Del. C. Ann. tit. 29 § 9007A(b)(1). In that judicial capacity, Mr. Lippstone was appointed to make reports and recommendations to the Court regarding the termination of plaintiffs' biological parents' parental rights. *See* Del. C. Ann. tit.

---

[5] *See also Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Wise v. Carrafiello*, 218 Fed. Appx. 180, 182 (3d Cir. 2007) (same).

29 § 9002A(12) (under Delaware law, definition of "guardian *ad litem*" provides that such party is charged with "obtaining a clear understanding of the needs of the child, and making recommendations to the Court as to what is in the best interests of the child").

The Third Circuit law is clear – guardians *ad litem* are entitled to absolute judicial immunity when performing judicial functions. *See Hughes v. Long*, 242 F.3d 121, 127-28 (3d Cir. 2001) (affirming immunity where case workers performed functions similar to guardians *ad litem*, who enjoy absolute judicial immunity because of their intimate relationship with the Court); *Gardner v. Parson*, 874 F.2d 131, 146 (3d Cir. 1989) (guardian *ad litem* is absolutely immune from liability for alleged civil rights violations when acting as an integral part of the judicial process); *Algieri v. Conway*, 2004 U.S. Dist. LEXIS 29002, at *7 (M.D. Pa. Sept. 13, 2004) (guardian *ad litem* absolutely judicially immune from suit); *Buchanan v. Gay*, 491 F.Supp.2d 483, 494 (D. Del. 2007) (volunteer attorney selected and appointed by the Family Court to represent the interests of a minor child held to "enjoy the protections of judicial immunity from suit under § 1983," in part because his role was to "act as a fact finder to aid and inform the Family Court."). Without absolute immunity, "the specter of litigation would hang over a GAL's head, thereby inhibiting a GAL in performing duties essential to the welfare of a child whom the GAL represents." *Golden v. Nadler, Pritkin & Mirabelli LLC*, 2005 U.S. Dist. LEXIS 26509, at *31 (N.D. Ill. Nov. 1, 2005) (internal citations omitted); *Algieri v. Conway*, 2004 U.S. Dist. LEXIS 29002, at *6 (M.D. Pa. Sept. 13, 2004) (immunity applies even if the action was taken in error, done maliciously, or was in excess of authority) (citing cases).

As noted above, this Court has recently reaffirmed that sanctity of judicial immunity for such volunteers in Delaware. In *Buchanan v. Gay*, 491 F.Supp. 2d 483, 494-95 (D. Del. 2007), Chief Judge Robinson held that a CASA volunteer contract attorney was entitled to absolute

judicial immunity. Like Mr. Lippstone, a CASA volunteer attorney was appointed by the Court to represent the best interests of the child in court proceedings.[6] *See* Del. C. Ann. tit. 36 §§ 3603; 3606.

Furthermore, by naming Mr. Lippstone in his official capacity, this suit is functionally a suit against the State, not against him. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, at 71 (1989); *see also Redden v. Kearney*, 2008 U.S. Dist. LEXIS 11482, at *8 (D. Del. Feb. 15, 2008) (citing *Will*, 491 U.S. at 71) ("[C]laims made against state officials in their official capacities are treated as claims made against the state itself."); *Kretchmar v. Beard*, 241 Fed. Appx. 863, 865 (3d Cir. 2007) (Individual state officials "may not be sued on a federal claim in their official capacities when the relief sought essentially serves to compensate a party for injury allegedly caused by the past action of the state official."). Because there are no specific allegations against Mr. Lippstone in his individual capacity,[7] the Eleventh Amendment bars suit against Mr. Lippstone for all federal claims. Absent a state's consent, the Eleventh Amendment bars a civil rights suit in federal court that names the state as a defendant. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). This bar extends to an "arm of the state," as well as to the state itself. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Mr. Lippstone is also immune under State statutory law. Mr. Lippstone was appointed as a guardian *ad litem* through the Office of the Child Advocate, a State entity. Under Delaware law, the State's Office of the Child Advocate, in conjunction with the State's Family Court, is charged with implementing and administering the program for guardian *ad litem* representation.

---

[6] As set forth in the *Buchanan* case, the specific duties and rights of CASA volunteers are similar to those of a guardian *ad litem* under Delaware law. *See* 491 F.Supp. at 494.

[7] Although the case caption names Mr. Lippstone both individually and in his official capacity, all claims raised in the complaint are directed to him in his official capacity and as a servant, workman, agent, official, and employee of State agencies.

Del.C. Ann. tit. 29 § 9007A (a)(1).  Attorneys serving as guardians *ad litem* through the Office of

the Child Advocate are immune from suit.  The statute provides:

> No attorney, director, investigator, social worker or other person employed or
> contracted by or volunteering for the Office of Child Advocate shall be subject to
> suit directly, derivatively or by way of contribution or indemnification for any
> civil damages under the laws of Delaware resulting from any act or omission
> performed during or in connection with the discharge of his or her duties with the
> Office within the scope of his or her employment or appointment, unless the act
> or omission was done with gross or wanton negligence, maliciously, or in bad
> faith.

Del.C. Ann. tit. 29 § 9008A.

Mr. Lippstone has raised the immunity issues at the outset of the litigation in his motion

to dismiss.  To permit discovery at this stage would undermine the very purpose of immunity –

to free Mr. Lippstone (and others who wish to volunteer to represent indigent clients) from the

burdens of not just liability, but the burdens of discovery as well.  Until his motion is decided,

discovery should not be permitted.

### C.    Plaintiffs' Cases Are Irrelevant To The Immunity Issue.

In their Motion, plaintiffs have only cited cases addressing requests for expedited

discovery.  Expedition is typically requested in the face of irreparable harm where the

proceedings are time sensitive.  There are no such time sensitive considerations here; indeed,

plaintiffs did not even seek "expedited" discovery until almost eight months after their

Complaint was filed.  Plaintiffs' only purported reasons for needing expedited discovery are (1)

responding to Mr. Lippstone's motion to dismiss, (2) identifying additional defendants, and (3)

amending their complaint.  *See* Plaintiffs' Motion.  Because plaintiffs have already answered the

motion to dismiss, this first reason is moot.  And the other justifications are merely attempts to

substitute pre-filing attorney investigation with post-suit attempts to search for defendants and

8

causes of action.  Plaintiffs are asking for an end-run around the strong policy underpinnings of

the immunity defense that preclude discovery until the immunity issue is resolved.

## CONCLUSION

Mr. Lippstone respectfully requests that discovery be denied until the immunity issues

are resolved by the Court.

CONNOLLY BOVE LODGE HUTZ LLP

_____ */s/ Collins J. Seitz, Jr.* _____
Collins J. Seitz, Jr. (Bar No. 2237)
Meredith L. Gaudio (Bar No. 5088)
cseitz@cblh.com
mgaudio@cblh.com
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for Andrew Lippstone, Buchanan,*
*Ingersoll & Rooney, P.C. and Klett, Rooney,*
*Lieber, and Schorling, P.C.*

Dated:  June 20, 2008

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that on June 20, 2008 a copy of ANDREW

LIPPSTONE'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO

PLAINTIFFS' MOTION FOR DISCOVERY was electronically filed with the Clerk of the Court

using CM/ECF which will send notification of such filing to counsel of record.

                                            _____*/s/ Collins J. Seitz, Jr.*_____
                                            Collins J. Seitz, Jr. (#2237)
                                              cseitz@cblh.com

**EXHIBIT A**

MICHAEL A. MARKS◊
EDWARD B. FEINER*
MARK S. FRIDKIN ◊
CRAIG A. BERNSTEIN*
F. PHILLIP RENZULLI‡
MATTHEW H. OSBORNE**

‡ MEMBER DE, PA and NJ BAR
◊ MEMBER PA BAR ONLY
* MEMBER NJ and PA BAR ONLY
** MEMBER DE and PA BAR
^ MEMBER NJ BAR

LAW OFFICES

# MARKS, FEINER & FRIDKIN

A PROFESSIONAL CORPORATION

1301 NORTH HARRISON STREET

UNIT #105

WILMINGTON, DELAWARE 19806

2070 SPRINGDALE ROAD
SUITE 400
CHERRY HILL, NEW JERSEY 08003
(856) 354-0951
FAX (856) 354-2017

———

800 STEPHEN GIRARD BUILDING
21 SOUTH 12TH STREET
PHILADELPHIA, PENNSYLVANIA 19107
(215) 563-7888
FAX (215) 563-3594

———

363 ROUTE 100 SOUTH
ALLENTOWN, PENNSYLVANIA 18106
(610) 391-9889
FAX (610) 395-7442

(302) 654-1374
FAX (302) 655-1723

February 8, 2007

Andrew H. Lippstone, Esquire
**Buchanan, Ingersoll Rooney, P.C.**
The Brandywine Building
1000 West Street, Suite 1410
Wilmington, DE 19801-1054

     RE:    Lachey Catchings f/k/a Sharese Wilson

Dear Mr. Lippstone:

It is our understanding that you were appointed the guardian ad litem of Lachey Catchings (f/k/a Sharese Wilson) and that you represented her in this capacity during the time that she sustained serious injuries as a result of suspected child abuse. This office has been retained by Lachey to represent her for the injuries she has sustained.

On behalf of our client, we are formally requesting a copy of the entire file that you have for Lachey; to which she is entitled under Delaware law.

Thank you for your attention to this matter. Should you have any questions or concerns, please contact Mark S. Fridkin or myself at the above telephone number.

Very truly yours,

MATTHEW H. OSBORNE

MHO/mew

**EXHIBIT B**

# Buchanan Ingersoll &amp; Rooney PC
### Attorneys &amp; Government Relations Professionals

Andrew H. Lippstone
302.552.4207
andrew.lippstone@bipc.com

The Brandywine Building
1000 West Street, Suite 1410
Wilmington, Delaware 19801-1397

T 302.552.4200
F 302.552.4295

www.buchananingersoll.com

February 27, 2007

Mark S. Fridkin, Esquire
Marks, Feiner &amp; Fridkin
800 Stephen Girard Building
21 South 12th Street
Philadelphia, PA 19107

       Re:   Lacey Catchings, f/k/a Sharese Wilson

Dear Mark:

As per our previous discussions and in response to the letter from your associate, Matthew Osbourne, dated February 8, 2007, I would be happy to assist you to the extent permissible under Delaware law in connection with your investigation of the injuries sustained by Lacey Catchings.

Upon further research and discussion with Tania M. Culley, Esquire, the Child Advocate for the Office of Office of Child Advocate ("OCA") for the State of Delaware, it has come to my attention that pursuant to 29 *Del. C.* 9006A, information contained in files kept in connection with this matter are confidential except for good cause shown by order of the court. As a general matter, I do believe it is in Lacey's best interest that your firm be provided with certain materials contained in the file, and am available to assist you with respect to your application to the court (and would be glad to do so), subject to my receipt of the general release discussed below.

Pursuant to our previous discussions, I have attached a general release of claims in connection with my representation as guardian *ad litem* of Lacey and Latrell Catchings. This release would be subject to the requirements of 29 *Del. C.*, Chapter 90A and any other applicable law or rule of court.

Upon execution of the general release upon the terms herein described, I will be more than happy to provide such assistance as may be helpful to your investigation (consistent, of course, with my duties under Delaware law). I look forward to hearing from you.

Sincerely,

Andrew H. Lippstone, Esq.

cc:  Tania M. Culley, Esq.
AHL: uvb
Enclosures

Pennsylvania :: New York :: Washington, DC :: Virginia :: Florida :: New Jersey :: Delaware :: Ohio :: California

## GENERAL RELEASE

THIS GENERAL RELEASE ("**Release**") is hereby entered into this ___ day of February, 2007 by and between **Lacey Milan Catchings**, a minor, f/k/a Sharese Carolene Wilson ("**Lacey**"); **Latrell Marshawn Catchings**, a minor, f/k/a Lamar Shovon Wilson ("**Latrell**"; with Lacey, together, the "**Children**") by their parents **Gladys Marie Deshields Catchings** ("**Mother**") and **Sherman Lee Catchings** ("**Father**") (with Mother, the "**Parents**"); **Gladys Marie Deshields Catchings**, individually; **Sherman Lee Catchings**, individually (all collectively, the "**Releasing Party**"); and **Andrew H. Lippstone, Esquire** ("**Released Party**").

## RECITALS

WHEREAS, Released Party has served as a volunteer through the Office of the Child Advocate for the State of Delaware since 2003; and

WHEREAS, on June 26, 2003, Released Party was appointed by the Family Court of the State of Delaware in and for New Castle County ("**Court**") as guardian *ad litem* for the Children pursuant to Chapter 90A of Title 29 of the Delaware Code; and

WHEREAS, by order of the Court ("**Adoption Order**") dated December 8, 2006 ("**Adoption Date**"), the Children were adopted by the Parents, and

WHEREAS, pursuant to the Adoption Order, Released Party's duties as guardian *ad litem* ceased as of the Adoption Date; and

WHEREAS, on or about October 31, 2005, Lacey sustained severe burns to her hand while in the care of foster parents ("**Foster Parents**") in Mechanicsburg, Pennsylvania (the "**Burn Incident**"); and

WHEREAS, Parents are considering asserting claims against certain parties in connection with the Burn Incident, including, without limitation, Rejoice! Inc. ("**Rejoice**"), a private adoption agency which placed Lacey and Latrell in the home of the Foster Parents; and

2

WHEREAS, Parents desire to enlist the assistance of Released Party in connection with their investigation of Burn Incident and possible assertion of claims in connection therewith; and

WHEREAS, in connection with such assistance, Releasing Party has agreed to provide Released Party with this general release of claims, subject to the review by and approval of any applicable court of law, as set forth more fully herein.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, Releasing Party and Released Party hereby agree as follows:

I.      Recitals.

The Recitals above are a material part of this Release and are incorporated herein by reference as if set forth fully.

II.     General Release of Released Party.

In exchange for the provision of such assistance as Released Party may deem necessary in protecting the interests of the Children ("Assistance"), and subject to any and all existing laws and court procedures (including without limitation, Chapter 90A of Title 29 of the Delaware Code), Releasing Party, and each of them, for itself and its heirs, executors, administrators, personal representatives, successors and assigns, does hereby fully and finally release, remise, and forever discharge Released Party, its employer, former employers, heirs, executors, administrators, personal representatives, successors, assigns, agents, insurers, trustees, receivers, custodians, attorneys, and all persons and entities in privity therewith (collectively, the "Released Parties") of and from any and all manner of actions, causes of action, suits, debts, agreements, leases, judgments, arbitration awards, demands and claims whatsoever, in law or equity, for indemnity or contribution, or pursuant to statute, regulation or ordinance (collectively, "Claims"), whether or not such Claims were heretofore known, suspected or asserted, including

3

particularly, but not limited to, any and all Claims arising out of, relating to, resulting from, or in any way connected with Released Party's representation of the Children as guardian *ad litem*. Without limiting the generality of the foregoing, it is expressly agreed that this Release shall be binding with respect to any and all Claims which may arise as a result of information discovered by the Releasing Parties subsequent to the execution of this Release.

### III.    Voluntary Release.

The Parties hereto, by their signatures below, represent, confirm, and agree that:

1.    Each has read this Release carefully and completely understands all provisions contained herein;

2.    Each is aware of his or her right to consult with legal counsel and each has had ample time and opportunity to do so; and

3.    Each has executed this Release freely and voluntarily, without any threat, duress, coercion, compulsion, or force of any sort and without reliance upon any act, inaction, representation, or statement made or give which is not set forth in this Release.

### IV.    Controlling Law and Enforcement of Terms

This Release and shall be governed by and construed and enforced in accordance with the laws of the State of Delaware without giving effect to the principles of conflicts of laws. All remedies at law and equity shall be available for the enforcement of this Release.

### V.    Release Binding on Heirs and Assigns

This Release shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, executors, administrators, personal representatives, successors, assigns, and all persons and entities in privity therewith.

### VI.    Jurisdiction/Venue of Actions Under this Release

4

The parties hereto agree that, in the event any legal action or lawsuit is brought or filed under or pursuant to or for breach of this Release, it shall be brought/filed solely in the Courts of the State of Delaware.

VII.    <u>Severability</u>

The invalidity or unenforceability of any term, provision, or clause of this Release shall be severable and shall in no way affect or invalidate any other term, provision, or clause hereof.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Mutual General Release and Indemnification Agreement on the date(s) set forth below.

RELEASING PARTIES:

Attest:                          Lacey Milan Catchings, a minor, by:

_____ (SEAL)    _____ (SEAL)
                          Gladys Marie Deshields Catchings, mother

                          _____ (SEAL)
                          Sherman Lee Catchings, father

Attest:                          Latrell Marshawn Catchings, a minor, by:

_____ (SEAL)    _____ (SEAL)
                          Gladys Marie Deshields Catchings, mother

                          _____ (SEAL)
                          Sherman Lee Catchings, father

5

Attest:                          Gladys Marie Deshields Catchings

_____ (SEAL)    _____ (SEAL)

Attest:                          Sherman Lee Catchings

_____ (SEAL)    _____ (SEAL)


                                 RELEASED PARTY:

Attest:                          Andrew H. Lippstone

_____ (SEAL)    _____ (SEAL)


WLM #1005586