**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| L.C. 1, a minor, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 07-00675-GMS-LPS |
| v. | ) | |
| | ) | |
| | ) | |
| STATE OF DELAWARE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ANDREW LIPPSTONE'S REPLY BRIEF**
**IN SUPPORT OF HIS MOTION TO DISMISS**

CONNOLLY BOVE LODGE & HUTZ LLP
Collins J. Seitz, Jr. (Bar No. 2237)
cseitz@cblh.com
Meredith L. Gaudio (Bar No. 5088)
Mgaudio@cblh.com
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for Defendant, Andrew Lippstone*

Dated: June 26, 2008

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..... iii

ARGUMENT ..... 1

I. MR. LIPPSTONE IS IMMUNE FROM SUIT. ..... 1

A. Immunity Should Be Decided On A Motion To Dismiss And Before Any Discovery ..... 1

B. Guardians *Ad Litem* Have Judicial Immunity From Suit When Acting Pursuant To Delaware Law. ..... 3

C. The Eleventh Amendment Bars Suit Against Mr. Lippstone in His Official Capacity. ..... 5

D. No Private Right of Action Exists under 31 Del. C. § 304 and 29 Del. C. § 9007A. ..... 5

CONCLUSION ..... 6

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alabama v. Pugh*,
438 U.S. 781 (1978) ........ 5

*Berndt v. Molepske*,
565 N.W.2d 549 (Wis. App. 1997) ........ 4

*Bright v. Westmoreland County*,
443 F.3d 276 (3d Cir. 2006) ........ 2

*Buchanan v. Gay*,
491 F.Supp.2d 483 (D. Del. 2007) ........ 3

*Gardner v. Parson*,
874 F.2d 131 (3d Cir. 1989) ........ 1, 3

*Golden v. Nadler, Pritkin & Mirabelli LLC*,
2005 U.S. Dist. LEXIS 26509 (N.D. Ill. Nov. 1, 2005) ........ 2

*Harlow v. Fitzgerald*,
457 U.S. 800 (1982) ........ 2

*Mitchell v. Forsyth*,
472 U.S. 511 (1985) ........ 2

*Saucier v. Katz*,
533 U.S. 194 (2001) ........ 2

*Shaffrath v. Thomas*,
993 F. Supp. 842 (D. Utah 1988) ........ 5

*State ex rel. Bird v. Weinstock*,
864 S.W.2d 376 (Mo. App. 1993) ........ 4

*Ward v. San Diego County Dep't of Social Serv.*,
691 F.Supp. 238 (S.D. Cal. 1988) ........ 1

*Williams v. Kunz*,
2007 U.S. Dist. LEXIS 72584 (E.D. Pa. Sept. 27, 2007) ........ 2

*Williamson v. United States Dept. of Agriculture*,
815 F.2d 368 (5th Cir. 1987) ........ 2

**Statutes**

42 U.S.C. § 1983 ........ 3, 5

Del. C. Ann. tit. 13 § 1108(a) ........ 1

Del. C. Ann. tit. 13 § 722(a) ........ 1

Del. C. Ann. tit. 13 § 932 ........ 1

Del. C. Ann. tit. 29 § 9006A ........ 4

Del. C. Ann. tit. 29 § 9007A ........ 1, 3, 4, 5

Del. C. Ann. tit. 29 § 9008A ........ 1

Del. C. Ann. tit. 31 § 304 ........ 5

## ARGUMENT

### I. MR. LIPPSTONE IS IMMUNE FROM SUIT.

#### A. Immunity Should Be Decided On A Motion To Dismiss And Before Any Discovery.

Hundreds of Delaware attorneys make up the pool of guardians *ad litem* ("GALs") volunteering their services with the Office of the Child Advocate in the State of Delaware. Like judges, these GALs are protected from suit because of the integral role they play in the judicial process. *See Gardner v. Parson*, 874 F.2d 131, 146 (3d Cir. 1989). Guardians *ad litem* make recommendations to the Court as to the best interests of child(ren) they are appointed by the Court to represent. Del. C. Ann. tit. 29 § 9007A(c). The interest that the guardian *ad litem* assumes is the precise interest that Delaware courts must consider when resolving custody issues. Del. C. Ann. tit. 13 § 722(a) ("The Court shall determine the legal custody and residential arrangements for a child in accordance with the best interests of the child.").[1]

A guardian *ad litem* "serves to provide the court with independent information regarding the placement or disposition which is in the best interests of the child. This independent determination is crucial to the court's decision." *Ward v. San Diego County Dep't of Social Serv.*, 691 F.Supp. 238, 240 (S.D. Cal. 1988). Without the immunity from suit afforded by Del. C. Ann. tit. 29 § 9008A and federal law, a guardian's ability to perform his or her "duties essential to the welfare of the child the GAL represents" would be inhibited by the "specter of litigation" always looming in the background. *Golden v.*

---

[1] *See also* Del. C. Ann. tit. 13 § 1108(a) (court may order termination of parental rights if same is "in the best interest of the child"); Del. C. Ann. tit. 13 § 932 (statutory provisions relating to adoption designed to achieve "the best interest of the child, and all questions of interpretation shall be resolved with that objective in mind.").

*Nadler, Pritkin & Mirabelli LLC*, 2005 U.S. Dist. LEXIS 26509, at *31 (N.D. Ill. Nov. 1, 2005).

In their answering brief, plaintiffs argue that Mr. Lippstone's motion is premature, and they should be permitted to pursue discovery to investigate claims against the GAL.[2] The federal and state immunities protecting Mr. Lippstone, however, shield him not only from damages, but also from suit and the burdens of discovery. Questions of judicial immunity are properly decided before discovery commences. Otherwise, the immunity from suit would be meaningless. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("[u]ntil this threshold immunity question is resolved, discovery should not be allowed."); *Williamson v. United States Dept. of Agriculture*, 815 F.2d 368, 382-83 (5th Cir. 1987).[3] Like judicial immunity, immunity from suit under Delaware law is also properly decided on a motion to dismiss. *Bright v. Westmoreland County*, 443 F.3d 276, 286 (3d Cir. 2006) (State immunity issues should be resolved early in the proceedings "so that the costs and expenses of trial are avoided where the defense is dispositive.") (quoting *Saucier v. Katz,* 533 U.S. 194, 200-01 (2001)). Therefore, plaintiffs' request for discovery should be denied, and the immunity issue decided on this motion to dismiss.

---

[2] In a footnote, plaintiffs question whether Mr. Lippstone's duties have ended. Upon information and belief, plaintiffs were present in court when Judge Crowell entered the Order attached as Exhibit A, releasing Mr. Lippstone and thanking him for his service.

[3] *See also Williams v. Kunz*, 2007 U.S. Dist. LEXIS 72584 (E.D. Pa. Sept. 27, 2007), citing *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985) (Where defendant claims immunity from suit, discovery is not conducted until the threshold question of immunity is decided; defendant who is immune from suit should not face the burdens of litigation).

**B. Guardians *Ad Litem* Have Judicial Immunity From Suit When Acting Pursuant To Delaware Law.**

Plaintiffs do not challenge the clearly established law that guardians *ad litem* enjoy absolute judicial immunity from civil rights claims when acting as an integral part of the judicial process. *Gardner v. Parson*, 874 F.2d 131, 145 (3d Cir. 1989). Each of plaintiffs' claims involve alleged acts or omissions relating to Mr. Lippstone's GAL duties, placing those actions "squarely within the judicial process" to "act in the best interests of the child[ren] he represents." *Gardner*, 874 F.2d at 145. As this Court recognized in *Buchanan v. Gay*, 491 F.Supp.2d 483, 494 (D. Del. 2007), volunteer attorneys who serve at the pleasure of the Family Court to act as factfinders to aid and to inform the Court enjoy the protections of judicial immunity from suit under 42 U.S.C. § 1983.

Plaintiffs ' cite to Del. C. Ann. tit. 29 § 9007A, which sets forth the GAL's duties under Delaware state law, and claim that the statute does not "afford him immunity if not performed with the requisite diligence." (Ans. p. 9). They also claim that some of the statutory functions are outside the scope of Mr. Lippstone's court appointment and therefore immunity does not apply. But plaintiffs ignore the express language of the statute. Section 9007 A(b) states as follows (emphasis added):

> (b) Appointment of attorney guardian ad litem --
>
> (1) In the event that the Family Court Judge determines, pursuant to the conditions set forth in § 701(c) of Title 13 that an attorney guardian ad litem should be appointed, the Family Court Judge shall sign an order appointing the attorney guardian ad litem. *That order shall impose on the attorney guardian ad litem all the duties, rights and responsibilities set forth in this section.* Upon entry of the order, the attorney guardian ad litem shall have the authority to review all documents and interview all pertinent persons having significant information relating to the child and the child's life circumstances.

The statute specifically provides that all duties, rights, and responsibilities set forth in the section on which plaintiffs rely, are performed under the court order. All the actions (or inactions as alleged by plaintiffs) in the statute are therefore conclusively an integral part of the court process. Whether performed with diligence or not,[4] all of the duties are performed according to the court appointment and therefore subject to judicial immunity. As the attached exhibit shows, Mr. Lippstone was released from appointment on December 8, 2006 (with the appreciation of the court) – he was still under court appointment at the time of the acts in question.

Finally, plaintiffs chastise Mr. Lippstone for not voluntarily turning over the children's confidential records, asserting that he has "concealed" these documents from plaintiffs. (Ans. p. 6). Mr. Lippstone has concealed nothing. The statutory provision on which plaintiffs rely in support of disclosure, Del. C. Ann. tit. 29 § 9007A, gives GALs the authority to retrieve otherwise confidential records concerning a child's health and welfare. It does not obligate, or even allow, GALs to disclose to third parties the information they collect. Instead, GALs are obligated by State law to keep all information about the children confidential. Del. C. Ann. tit. 29 § 9006A.

---

4 Even if, for purposes of this motion, one must accept as true that Mr. Lippstone did not act with requisite diligence, courts do not recognize any distinction between action and inaction when evaluating claims of judicial immunity. *See, e.g., Berndt v. Molepske*, 565 N.W.2d 549, 552 (Wis. App. 1997) ("Immunity attaches not because of the nature of a guardian ad litem's negligence, but because of the nature of a guardian ad litem's court-appointed duties... [O]ther courts have considered a guardian ad litem's inactions and concluded that immunity extends to omission liability as well."), citing *State ex rel. Bird v. Weinstock*, 864 S.W.2d 376 (Mo. App. 1993).

### C. The Eleventh Amendment Bars Suit Against Mr. Lippstone in His Official Capacity.

As Mr. Lippstone argued in his opening brief, state actors including guardians *ad litem* sued in their official capacities are immune from suit because they are not considered persons under 42 U.S.C. § 1983. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978), *see also Shaffrath v. Thomas*, 993 F. Supp. 842, 846 (D. Utah 1988) (finding guardians *ad litem* are not "persons" under the federal civil rights statute). Plaintiffs argue that the mere recital of the word "individually" in the case caption is enough to circumvent the Eleventh Amendment. (Ans. p. 12). But plaintiffs ignore the directly contrary statement in the body of the complaint -- plaintiffs assert that at all relevant times Mr. Lippstone was the "servent [sic], workman, agent, official and employee" of the State of Delaware, DFS, and DSCYF, and all acts, omissions, and conduct of Mr. Lippstone were done *in his official capacity for the other defendants*. (Compl. ¶ 47) (emphasis added). The Office of Child Advocate, a state agency through which Mr. Lippstone was appointed, has not been named as a defendant because it is clearly immune from suit. Mr. Lippstone is entitled to the same Eleventh Amendment immunity.

### D. No Private Right of Action Exists under 31 Del. C. § 304 and 29 Del. C. § 9007A.

Plaintiffs have not addressed, and therefore admit, that no private right of action exists under either Del. C. Ann. tit. 31 § 304 or Del. C. Ann. tit. 29 § 9007A. Therefore, these claims must be dismissed.

**CONCLUSION**

Mr. Lippstone is entitled to judicial immunity from suit. In the alternative, the claims against him should be dismissed as a matter of law.

CONNOLLY BOVE LODGE & HUTZ LLP

*/s/ Collins J. Seitz, Jr.*

Collins J. Seitz (Bar No. 2237)
cseitz@cblh.com
Meredith L. Gaudio (Bar No. 5088)
mgaudio@cblh.com
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

*Attorneys for Defendant, Andrew Lippstone*

Dated: June 26, 2008

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that on June 26, 2008, a true copy of DEFENDANT ANDREW LIPPSTONE'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing to counsel of record.

*/s/ Collins J. Seitz, Jr.*
Collins J. Seitz, Jr. (#2237)
cseitz@cblh.com

# EXHIBIT A

IN THE FAMILY COURT OF THE STATE OF DELAWARE

IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF:<br>SHARESE CAROLENE WILSON<br>(DOB: 06/13/02) and<br>LAMAR SHOVON WILSON<br>(DOB: 06/14/01)<br>MINOR CHILDREN. | )<br>)<br>)<br>)<br>)<br>) | FILE NO. 06-12-05AN<br>CPI NO. |

**FINAL ORDER OF ADOPTION**

AND NOW, TO WIT this 8th day of December, 2006, the foregoing petition of Gladys Marie DeShields Catchings and Sherman Lee Catchings, having been read and considered, and;

**IT APPEARING THAT:**

1. Gladys Marie DeShields Catchings and Sherman Lee Catchings have petitioned for the adoption of Sharese Carolene Wilson, a minor female child born on June 13, 2002 and Lamar Shovon Wilson, a minor female child born on June 14, 2001;

2. DSCYF/DFS is currently vested with parental rights in Sharese Carolene Wilson and Lamar Shovon Wilson, and is the organization legally qualified to consent to their adoption; and

3. All statutory requirements have been met.

**IT IS HEREBY ORDERED THAT:**

1. Gladys Marie DeShields Catchings and Sherman Lee Catchings's petition to adopt Sharese Carolene Wilson, born June 13, 2002, as their daughter and Lamar Shovon Wilson, born June 14, 2001, as their son is **GRANTED**;

2. The minor children, Sharese Carolene Wilson and Lamar Shovon Wilson, shall hereafter be known as Lachey Milan Catchings and Latrell Marshawn Catchings, respectively.

3. The services of Andrew Lippstone, Esquire, as Attorney Guardian ad Litem for the children are discharged with great appreciation of this Judge.

Barbara D. Crowell
**The Honorable Barbara Crowell**

xc: Gladys Marie DeShields Catchings and Sherman Lee Catchings
Andrew Lippstone, Esquire - GAL Attorney
Marcia Tremper, DFS – Elwyn
Joyce Lienig - DOJ File