IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| L.C. 1, *et al.* | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Action No. 07-675-GMS-LPS |
| | ) |
| STATE OF DELAWARE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

**I.    INTRODUCTION**

On October 26, 2007, the plaintiffs[1] filed this action against multiple defendants for alleged violations of their civil rights under both federal and state law. (D.I. 1.) Presently before the court are the Plaintiffs' Objections to U.S. Magistrate Judge Stark's Report and Recommendation and Order Regarding Pending Motions (the "plaintiffs' objections").[2] (D.I. 77.) For the reasons that follow, the court will overrule the plaintiffs' objections, and adopt the disposition of the pending

---

[1] The two plaintiffs in this case, LC1 and LC2, are minors. This suit was filed on the plaintiffs' behalf by and through their respective legal guardians. (D.I. 1.)

[2] Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1, Magistrate Judge Stark issued the Report and Recommendation and Order Regarding Pending Motions on December 23, 2008 (the "Report and Recommendation"). (D.I. 75, *LC1, et al. v. State of Delaware, et al.*, No. 07-675-GMS-LPS, 2008 U.S. Dist. LEXIS 103441 (D. Del. Dec. 23, 2008).) Among other things, the Report and Recommendation addressed pending motions in the case, including: (1) the motion to dismiss filed by defendant Andrew Lippstone ("Lippstone") (D.I. 29), the appointed guardian *ad litem* for the plaintiffs during times relevant to the allegations; and (2) the motion to dismiss filed jointly by the State of Delaware, the Delaware Division of Family Services, the Delaware Department of Services for Children, Youth and their Families (collectively, the "Agency Defendants"), and Marcia Tremper ("Tremper," and together with the Agency Defendants, the "State Defendants") (D.I. 13), state agencies and individuals allegedly responsible for placing the plaintiffs in a "dangerous" living arrangement. (D.I. 75 at 1.)

motions in this case, as recommended by the magistrate judge in his December 23, 2008 Report and Recommendation.

## II. BACKGROUND

In their complaint, the plaintiffs assert a number of claims against both Lippstone and the State Defendants for alleged violations of federal and state law. (*See* D.I. 1, 75 at 3.) On February 20, 2008, the State Defendants filed their motion to dismiss. (D.I. 13.) On March 3, 2008, Lippstone filed his motion to dismiss. (D.I. 29.) On July 23, 2008, this case was referred to Magistrate Judge Stark. (D.I. 64.) Magistrate Judge Stark held a motions hearing in this matter on October 24, 2008. (D.I. 75 at 3.)

On December 23, 2008, Magistrate Judge Stark issued his Report and Recommendation concerning the disposition of several pending motions in the case, including both Lippstone's and the State Defendants' motions to dismiss. (D.I. 75.) Magistrate Judge Stark's Report and Recommendation included the following recommended disposition of the pending motions in the case: (1) that "Lippstone's motion to dismiss (D.I. 29) be GRANTED and that all counts against him (Counts I, II, IV, V, VII, VIII, and IX) be DISMISSED"; (2) the "State Defendants' motion to dismiss (D.I. 13) be GRANTED and that all counts against the Agency Defendants (Counts I, II, III, IV, V, VII, VIII, and IX) and all counts against Tremper (Counts I, II, IV, V, VII, and VIII) be DISMISSED"; (3) that "Counts VIII and IX be DISMISSED as against all defendants"; (4) the "Plaintiffs' First Motion for Discovery and Rule 16 Conference (D.I. 57) and Supplemental Motion for Discovery and Rule 16 Conference (D.I. 58) are DENIED"; and (5) a "Rule 16 scheduling conference, for Plaintiffs and all defendants other than Lippstone and the State Defendants, will be held promptly." (D.I. 75 at 13.)

On January 13, 2009, the plaintiffs filed their objections to the Report and Recommendations. (D.I. 77.) Lippstone filed his response to the plaintiffs' objections on January 26, 2009. (D.I. 80.) The State Defendants filed their answer to the plaintiffs' objections on January 28, 2009. (D.I. 84.)

### III. STANDARD OF REVIEW

When reviewing the decision of a magistrate judge on a dispositive matter, the court conducts a *de novo* review. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). A motion to dismiss is a dispositive matter. *Id.* The court may accept, reject, or modify the recommendations of the magistrate judge. The court may also choose to receive further evidence or to return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C) (2008). Accordingly, to resolve a party's properly raised objections to a magistrate judge's report and recommendation, the court must determine *de novo* the parts of the magistrate judge's disposition to which the party has objected. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C) (2008). Conversely, the court reviews the parts of the magistrate judge's disposition to which there are no objections for clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) 1983 Advisory Committee Notes.

### IV. DISCUSSION

Here, after having considered the record in this case, the Report and Recommendations, the parties' submissions, the standard of review, and the applicable law, the court concludes that Magistrate Judge Stark committed no legal error in rendering his decision in this case. Specifically, Judge Stark correctly determined that: (1) Lippstone's motion to dismiss should be granted, and that all counts against him should be dismissed, and that (2) the State Defendants' motion to dismiss should be granted, and that all the counts against them should be dismissed. In reviewing the Report

and Recommendation, the court detects no error in the magistrate judge's factual determinations, nor in his legal conclusions in this case. On the other hand, the court is not persuaded by the plaintiffs' objections to the Report and Recommendations.

### A. The Plaintiffs' Objections to Magistrate Judge Stark's Recommendation Granting Lippstone's Motion to Dismiss

The court is not persuaded by the plaintiffs' objections to the magistrate judge's recommendation that Lippstone's motion to dismiss be granted. The plaintiffs object to the magistrate judge's finding that the claims set forth in the complaint were directed to Lippstone in his official as opposed to his individual capacity. The court, however, finds that this objection is without merit. Magistrate Judge Stark correctly concluded that Lippstone is immune from suit under federal and state law. In reaching this conclusion, the magistrate judge properly analyzed the specific, substantive allegations of the complaint, and rightly determined that they were directed to Lippstone's official conduct as the plaintiffs' court-appointed guardian *ad litem*. The magistrate judge correctly found that, under the applicable law, court-appointed guardians *ad litem*, such as Lippstone, have judicial immunity for actions taken that are integral to the judicial process. *See* D.I. 75 at 5-6 (citing cases). The magistrate judge also correctly found that when an individual is sued in an official capacity, as is the case here, it is functionally a suit against the state itself, and Eleventh Amendment immunity precludes the suit. *Id.* at 10-11. *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Redden v. Kearney*, No. 05-238-GMS, 2008 U.S. Dist. LEXIS 11482, at *8 (D. Del. Feb. 15, 2008); *Kretchmar v. Beard*, 241 Fed. Appx. 863, 865 (3d Cir. 2007).

The plaintiffs also claim that the magistrate judge erred in determining that the Delaware guardian *ad litem* statute requires the guardian *ad litem* to make recommendations as to what is in

4

the best interests of the child. The court does not agree with the plaintiffs' claim. Instead, the court finds that the magistrate judge correctly cited the relevant statutes indicating that the broader responsibilities of the guardian *ad litem* under the statute are all undertaken pursuant to court order. *See* D.I. 75 at 6 (guardian *ad litem* acts pursuant to Family Court order). In addition, the magistrate judge properly determined that, given the broad statutory duties of the guardian *ad litem*, all of the plaintiffs' allegations against Lippstone fall within Lippstone's duties undertaken pursuant to court order, and are immunized under federal law.

The plaintiffs next object to the magistrate judge's determination that the plaintiffs failed to plead the necessary egregious conduct required to defeat immunity under Delaware law. Again, the court finds this objection to be without merit. In the Report and Recommendations, the magistrate judge correctly found that the complaint was devoid of anything other than conclusory allegations of "deliberate indifference," which fell short of the required showing of intentional conduct necessary to defeat the defendants' claim of immunity under Delaware law. *See* D.I. 75 at 7-8. Specifically, those averments of the complaint, alleging deficiencies in Lippstone's actions, were properly characterized by the magistrate judge as failures to act, rather than intentional conduct directed to the plaintiffs. *Id.* The magistrate judge correctly held that these allegations were "unsupported conclusions and unwarranted inferences" that were insufficient as a matter of law to survive Lippstone's motion to dismiss. *Id.* at 7 (citing *Schuykill Energy Resources, Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997)).

The court is also not inclined to accept the plaintiffs' objection to the magistrate judge's recommendation that the claims against Lippstone be dismissed with prejudice. Citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) and *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001), the

magistrate judge properly (and most efficiently) resolved the legal issue of immunity by way of the motions to dismiss -- rather than permitting the plaintiffs' to take discovery. The court agrees with the magistrate judge's decision that discovery would likely circumvent an early determination of the immunity question. The magistrate court rightly denied the plaintiffs' request for a Rule 16 conference and discovery before deciding the motions and any request seeking to amend the complaint in this regard. Moreover, the court is satisfied that Magistrate Judge Stark's immunity determinations were correct as a matter of law, and that the decision to dismiss the claims against Lippstone with prejudice is well-founded. The court, therefore, fully adopts the Report and Recommendations in this regard.

### B. The Plaintiffs' Objections to Magistrate Judge Stark's Recommendation Granting the State Defendants' Motion to Dismiss

The court is not persuaded by the plaintiffs' objections to the magistrate judge's recommendation that the State Defendants' motion to dismiss be granted. The magistrate judge properly concluded that the State Defendants were immune from suit under the Eleventh Amendment. *See* D.I. 75 at 10. As the magistrate judge correctly noted, the Supreme Court has interpreted the Eleventh Amendment as rendering states "immune from suits brought in federal courts by [their] own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Since the State of Delaware has not waived its sovereign immunity under the Eleventh Amendment, the magistrate judge properly dismissed those counts against the State Defendants. *See* D.I. 75 at 10.

Further, because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . [and] is no different from a suit

6

against the State itself . . . [and, therefore,] is immune from suit", the magistrate judge correctly determined that State Defendant Tremper is immune from suit in her individual capacity because, among other things: (1) all of the plaintiffs' allegations against her involve functions performed by her as part of her job, *i.e.*, in her official capacity; and (2) all of the alleged acts or omissions of Tremper were done in the course and scope of her official capacity and employment. *See Will*, 491 U.S. at 71 (internal citations omitted); *see also* D.I. 75 at 10-11. The court is, therefore, satisfied that Magistrate Judge Stark's immunity determinations regarding the State Defendants were correct as a matter of law, and, thus, fully adopts the Report and Recommendations.

## V.    CONCLUSION

For the reasons stated above, the court will overrule the plaintiffs' objections, and adopt the disposition of the pending motions in this case, as recommended by the magistrate judge in his Report and Recommendation.

Dated: March 30, 2009

_____
CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| L.C. 1, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-675-GMS-LPS |
| ) | |
| STATE OF DELAWARE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The Plaintiffs' Objections to Magistrate Judge Stark's Report and Recommendation and Order Regarding Pending Motions (D.I. 77) are OVERRULED;

2. Magistrate Judge Stark's December 23, 2008 Report and Recommendation and Order Regarding Pending Motions (D.I. 75) is ADOPTED;

3. Defendant Lippstone's motion to dismiss (D.I. 29) is GRANTED, and all counts against him (Counts I, II, IV, V, VII, VIII, and IX) are DISMISSED;

4. The State Defendants' motion to dismiss (D.I. 13) is GRANTED, and all counts against the Agency Defendants (Counts I, II, III, IV, V, VII, VIII, and IX) and all counts against Defendant Tremper (Counts I, II, IV, V, VII, and VIII) are DISMISSED;

5. Counts VIII and IX are DISMISSED as against all defendants; and

6. The Plaintiffs' First Motion for Discovery and Rule 16 Conference (D.I. 57) and Supplemental Motion for Discovery and Rule 16 Conference (D.I. 58) are DENIED.

Dated: March 30, 2009

CHIEF UNITED STATES DISTRICT JUDGE