IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| L.C. 1, ET AL., | : |
| Plaintiffs, | : |
| v. | : C.A. No. 07-675-GMS-LPS |
| STATE OF DELAWARE, ET AL., | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION REGARDING**
**MOTIONS TO DISMISS AMENDED COMPLAINT**

1. Plaintiffs filed their original Complaint ("Complaint") on October 26, 2007. (D.I. 1)

2. On February 20, 2008 and March 3, 2008, respectively, the State Defendants[1] and Defendant Andrew Lippstone[2] filed motions to dismiss the Complaint ("Initial Motions"). (D.I. 13, D.I. 29)

3. On December 23, 2008, I issued a Report & Recommendation ("R&R") recommending that the Initial Motions be granted and that the Complaint against the State Defendants and Lippstone be dismissed. (D.I. 75)

4. On January 13, 2009, Plaintiff filed Objections to my R&R, asking that Chief Judge Sleet deny the Initial Motions, order a Rule 16 scheduling conference, and "provid[e] for

---

[1]The State Defendants are the State of Delaware, the Department of Families, the Division of Family Services, and Marcia Temper.

[2]Andrew Lippstone was the court-appointed guardian *ad litem* for the minors on behalf of whom this case is being prosecuted. Further factual background is provided in the Court's March 30, 2009 Order (D.I. 99) and my December 23, 2008 Report and Recommendation (D.I. 75).

limited discovery by the Plaintiffs so that they m[a]y file an Amended Complaint." (D.I. 77 at 8)

    5.    On January 26, 2009, Lippstone filed a response to Plaintiffs' Objections to the R&R. (D.I. 80)

    6.    On January 28, 2009, the same date that the State Defendants filed their response to the Objections (D.I. 84), Plaintiffs filed an Amended Complaint (D.I. 85).

    7.    On February 10 and 17, 2009, respectively, the State Defendants and Lippstone filed motions to dismiss the Amended Complaint ("Instant Motions to Dismiss"). (D.I. 90, D.I. 91)[3] Briefing on the Instant Motions to Dismiss was completed on March 13, 2009. (D.I. 98)

    8.    On March 30, 2009, Chief Judge Sleet overruled Plaintiff's Objections to my R&R, adopted the R&R, granted the Initial Motions, and dismissed all claims in the Complaint against the State Defendants and Lippstone with prejudice. (D.I. 99)

    9.    On June 9, 2009, I directed the parties to submit letter briefs addressing the impact, if any, of the Court's March 30, 2009 Order on the Instant Motions to Dismiss. (D.I. 101) In compliance with this Order, the parties filed letter briefs on June 23, 2009 (D.I. 103, 104, 105, 106) and June 30, 2009 (D.I. 109, 110, 111, 112).

    10.    Having considered the parties' submissions in connection with the Instant Motions to Dismiss the Amended Complaint, I recommend that these pending motions be granted.

---

[3] Lippstone's motion seeks to stay, strike, or dismiss the Amended Complaint. (D.I. 92 at 8-14) Given my recommendation that the Amended Complaint be dismissed, I do not address the alternative forms of relief requested by Lippstone.

11. Plaintiffs assert:

> Judge Sleet's [March 30, 2009] Order has <u>no bearing</u> on either the Amended Complaint or the pending Motions to Dismiss the Amended Complaint filed by the Defendants. Because the Plaintiffs filed an Amended Complaint prior to Judge Sleet's ruling on the Report and Recommendation . . . issued by Your Honor, <u>the Defendants' Motions to Dismiss and the [R&R] were rendered moot</u>. Judge Sleet <u>should not have considered the Motions to Dismiss or the [R&R]</u>, and accordingly <u>the Court should not have entered the Order of March 30, 2009</u>.

(D.I. 105 at 1) (emphasis added; internal footnote omitted); *see also id.* at 2 ("Chief Judge Gregory Sleet had neither the obligation nor the jurisdiction to render the decision of March 30, 2009 as the Motions to Dismiss the original Complaint were no longer justiciable.").

12. I do not agree. Adopting Plaintiffs' view would render Chief Judge Sleet's Order, as well as my R&R, nullities. I do not believe this is how the Federal Rules of Civil Procedure are intended to operate. If Plaintiffs were correct, it would mean that a plaintiff is permitted to file a deficient complaint; require a defendant to move to dismiss that complaint and brief and argue its motion; require (in a referred case) a magistrate judge to analyze and make recommendations about the disposition of the motion; and, thereafter, file objections to the magistrate judge's conclusion, thereby requiring the defendant to respond to objections and requiring a district court judge to review and rule on those objections – all with nothing at stake for the plaintiff. On Plaintiffs' view, if their Objections to the R&R are sustained, Plaintiffs get to proceed on their Complaint; if their Objections are overruled, they get to proceed on their Amended Complaint – even if it suffers from the same problems as the original Complaint – and require the defendants, the magistrate judge, and the district court judge to begin anew with assessing the sufficiency of the Amended Complaint. Plaintiffs' position is in direct conflict with the scope and purpose of the Federal Rules of Civil Procedure, which require that the Rules

be "construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. Proc. 1.[4]

13.      Even assuming that in some circumstances there is merit to Plaintiffs' contention – that the filing of an amended complaint renders moot a pending motion to dismiss an original complaint – in the circumstances presented here Plaintiffs' position must be rejected. If Plaintiffs believed the Initial Motions were mooted upon their filing of the Amended Complaint, they had an obligation to advise the Court of this position. They did not do so. Instead, they persisted in pressing their Objections to the R&R and in asking Chief Judge Sleet to sustain those Objections and deny the Initial Motions.[5]

---

[4] Among other Rules that are in tension with Plaintiffs' position is Fed. R. Civ. Proc. 72, which provides a process by which a party may object to a ruling of a magistrate judge and obtain review by a district court judge. Another Rule, Rule 15(a), does, as Plaintiffs note, provide that a party may of right file an amended pleading prior to the filing by a defendant of a responsive pleading. Plaintiffs are also correct that the Initial Motions were not responsive pleadings. *See generally Park-In Theatres v. Paramount-Richards Theatres*, 9 F.R.D. 267, 268-69 (D. Del. 1949) (holding that motions to dismiss and for summary judgment are not responsive pleadings). However, nothing about Rule 15(a) (or any other Rule) permits Plaintiffs to require the Court to evaluate the sufficiency of their original Complaint (on review of Objections to an R&R recommending the dismissal of such Complaint) and, thereafter, upon receiving a Court determination that the Complaint is deficient, tell the Court its evaluation was inconsequential because the original Complaint had been replaced by an Amended Complaint at the time of the Court's review.

[5] Hence, the situation here is unlike that in the case cited by Plaintiffs, *Roller Bearing Co. of America, Inc. v. American Software, Inc.*, 570 F. Supp.2d 376 (D. Conn. 2008). There, it appears there was no effort by the plaintiff to prosecute the original complaint after the defendant moved to dismiss it; neither a magistrate judge nor a district court judge had to expend judicial resources to rule on the motion to dismiss the original complaint, as all treated the amended complaint as mooting that motion. *Roller Bearing* is further distinguishable in that there – unlike here – the plaintiff "learned of certain facts subsequent to filing its opposition" to the original motion to dismiss and these new facts "form[ed] the basis for its motion to amend its complaint." *Id.* at 382-83; *see also id.* at 383 (stating that claims for relief in amended complaint differed from those in original complaint).

     Although not cited by Plaintiffs, a case that initially appears helpful to them is *Miller v. American Export Lines, Inc.*, 313 F.2d 218 (2d Cir. 1963). In *Miller*, during the pendency of a defense motion for summary judgment on plaintiff's original claim for wrongful denial of

14.     Furthermore, the issue of whether Plaintiffs would or could amend their Complaint to correct its deficiencies was a matter that was fully considered in conjunction with the Initial Motions. In their responses to the Initial Motions, Plaintiffs sought the opportunity to take discovery and then file an amended complaint. *See* D.I. 59 at 14; D.I. 60 at 11, 14; *see also* D.I. 57, D.I. 58 (Plaintiffs' motion and supplemental motion for "Discovery In Aid of Filing Amended Complaint," which were denied by Court's March 30, 2009 Order (D.I. 99)). When questioned about this request during a hearing on the Initial Motions, Plaintiffs' counsel candidly admitted that Plaintiffs had nothing to add to their allegations in the Complaint. *See* D.I. 74 at 29; *see also* D.I. 57 ¶ 2; D.I. 60 at 11. I rejected the suggestion that the Court should await discovery and permit the filing of an amended complaint. (D.I. 75 at 8-9, 12-13) More importantly, when Plaintiffs, as part of their Objections, reiterated their request to file an amended complaint (D.I. 77 ¶¶ 9, 10, 11, 13), Chief Judge Sleet rejected it, writing: "The magistrate court rightly denied the plaintiff's request for a Rule 16 conference and discovery before deciding the motions and any request to amend the complaint in this regard." (D.I. 99 at 6) Under these circumstances, I conclude that Plaintiffs are estopped from relying on their Amended Complaint to moot the Court's Order dismissing the Complaint. *See* D.I. 104 at 3

---

employment, the plaintiff filed an amended complaint as of right, adding a claim for defamation. Not knowing that the amended complaint had been filed, the district court granted the defense motion for summary judgment with respect to the original complaint. The Second Circuit faulted this ruling, stating: "[s]ince the [district] court did not have the amended complaint before it, its ruling dismissed a complaint that had already been withdrawn and the judgment was a nullity." *Id*. *Miller* is distinguishable at least on the grounds that a new claim was added in the amended complaint and because, under the instant circumstances, it would be inaccurate to conclude that the original Complaint was "withdrawn," as Plaintiffs continued to press their Objections regarding the original Complaint even after filing their Amended Complaint. Additionally, the plaintiff in *Miller* was unrepresented by counsel, and her *pro se* filings may have been reviewed more liberally than the filings of counsel here. *See generally Kloth v. Southern Christian University*, 494 F. Supp.2d 273, 278 n.7 (D. Del. 2007).

(Defendant Lippstone observing: "Plaintiffs cannot ask the Court for permission to amend, have permission denied, and then resort to self-help and file an amended complaint in the face of the Court's denial.").

15.   In any event, even if the Court were to reach the merits of the Instant Motions to Dismiss, it is clear that they should be granted. The primary difference between the Complaint and the Amended Complaint is that in the Complaint State Defendant Tremper and Defendant Lippstone were sued in their official capacities, while in the Amended Complaint they are sued solely in their individual capacities. But, even in this regard, the Amended Complaint contains no new factual allegations, instead repeating the original Complaint's allegations that all of Tremper's conduct came in her role as an employee of the State, and all of Lippstone's conduct came in his role as court-appointed guardian *ad litem*. Moreover, the immunity to which these defendants are entitled extends to suits brought against them in their individual capacity. *See e.g.*, *W.B. v. Matula*, 67 F.3d 484, 499 (3d Cir. 1995) ("[T]he doctrine of qualified immunity shields officials acting only in their individual capacities . . . ."), *overruled on other grounds by A.W. v. The Jersey City Public Schools*, 486 F.3d 791 (3d Cir. 2007). While my R&R, and Chief Judge Sleet's Order, considered claims against Tremper and Lippstone that were brought against these defendants solely in their official capacities, our conclusions regarding the scope of the immunity to which these defendants were entitled was broader. *See* D.I. 99 at 5 ("[T]he magistrate judge properly determined that, given the broad statutory duties of the guardian *ad litem*, all of the plaintiffs' allegations against Lippstone fall within Lippstone's duties undertaken pursuant to court order, and are immunized under federal law."); *id.* at 7 ("[T]he magistrate judge correctly determined that State Defendant Tremper is immune from suit in her individual capacity because, among other things: (1) all of the plaintiffs' allegations against her involve

functions performed by her as part of her job, *i.e.*, in her official capacity; and (2) all of the alleged acts or omissions of Tremper were done in the course and scope of her official capacity and employment.").

16.     Likewise, the Amended Complaint's addition of language to the effect that Tremper and Lippstone acted with "deliberate indifference" and "gross negligence" is also ineffective to defeat the Instant Motions to Dismiss because, in the absence of additional factual allegations, this language is conclusory and, therefore, inadequate. *See* D.I. 99 at 5 (Court finding that "[C]omplaint was devoid of anything other than conclusory allegations of 'deliberate indifference'"); *see also Schuylkill Energy Resources, Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997) (stating court need not accept "unsupported conclusions and unwarranted inferences" in reviewing motion to dismiss).

Accordingly, I recommend that the Court GRANT the State Defendants' Motion to Dismiss the Amended Complaint (D.I. 90) and GRANT Lippstone's Motion to Dismiss the Amended Complaint (D.I. 91).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections **of no longer than ten (10) pages within ten (10) days after being served with a copy of this Report and Recommendation**. Fed. R. Civ. P. 72(b). The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the district court. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Sincavage v. Barnhart*, 171 Fed. Appx. 924, 925 n.1 (3d Cir. 2006).

A party responding to objections may do so within ten (10) days after being served with a copy of objections; such response shall not exceed ten (10) pages. **No further briefing shall be permitted with respect to objections without leave of the Court.** The parties are directed to the Court's Standing Order in *Pro Se* Matters For Objections Filed Under Fed. R. Civ. P. 72, dated April 7, 2008, a copy of which is available on the Court's website at www.ded.uscourts.gov/StandingOrdersMain.htm.

Dated: July 28, 2009

_____
Honorable Leonard P. Stark
UNITED STATES MAGISTRATE JUDGE