IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| L.C. 1, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-675-GMS-LPS |
| ) | |
| STATE OF DELAWARE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

**I.   INTRODUCTION**

On October 26, 2007, the plaintiffs[1] filed this action against multiple defendants for alleged violations of their civil rights under both federal and state law. (D.I. 1.) Presently before the court are the Plaintiffs' Objections to the magistrate judge's Report and Recommendation regarding two pending motions (the "plaintiffs' objections").[2] (D.I. 115.) For the reasons that follow, the court will overrule the plaintiffs' objections, and adopt the disposition of the pending motions in this case, as recommended by the magistrate judge in his July 28, 2009 Report and Recommendation.

---

[1] The two plaintiffs in this case, LC1 and LC2, are minors. This suit was filed on the plaintiffs' behalf by and through their respective legal guardians. (D.I. 1, D.I. 85.)

[2] Pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1, the magistrate judge issued a Report and Recommendation and Order Regarding Pending Motions on July 28, 2009. (D.I. 115.) Among other things, the Report and Recommendation addressed pending motions in the case, including: (1) the motion to dismiss filed by defendant Andrew Lippstone ("Lippstone") (D.I. 91), the appointed guardian *ad litem* for the plaintiffs during times relevant to the allegations; and (2) the motion to dismiss filed jointly by the State of Delaware, the Delaware Division of Family Services, the Delaware Department of Services for Children, Youth and their Families (collectively, the "Agency Defendants"), and Marcia Tremper ("Tremper," and together with the Agency Defendants, the "State Defendants") (D.I. 90), state agencies and individuals allegedly responsible for placing the plaintiffs in a "dangerous" living arrangement. (D.I. 75 at 1.)

## II.  BACKGROUND

On February 20, 2008 and March 3, 2008, respectively, the State Defendants and Lippstone filed motions to dismiss the plaintiffs' original complaint (the "initial motions"). (D.I. 13, D.I. 29.) On December 23, 2008, the magistrate judge issued a Report and Recommendation (the "initial R&R") recommending that both motions be granted. (D.I. 75.) The plaintiffs filed objections to the initial R&R on January 13, 2009. (D.I. 77.) Lippstone filed a response to these objections on January 26, 2008 (D.I. 83), and the State Defendants filed a response to the objections on January 28, 2009. (D.I. 84.) On the same day that the State Defendants filed their response, the plaintiffs filed an Amended Complaint. (D.I. 85.) The plaintiffs did not withdraw their objections to the initial R&R after filing their amended complaint. After considering the initial R&R, the plaintiffs' objections, and the defendants' response thereto, the court overruled the plaintiffs' objections and adopted the initial R&R in a memorandum and order dated March 30, 2009. (D.I. 99.)

While the court conducted its review of the initial R&R, the State Defendants and Lippstone filed motions to dismiss the amended complaint on February 10 and February 17, respectively (the "instant motions"). (D.I. 90, D.I. 91.) Briefing on these motions was completed on March 13, 2009. At the magistrate judge's request, the parties submitted letter briefs addressing the impact of the court's March 30 order adopting the initial R&R. (*See* D.I. 103-106, 109-112.) In these letter briefs, the plaintiffs asserted that the court's order has no bearing on the amended complaint, since the amended complaint was issued prior to the court's order adopting the initial R&R regarding the motions to dismiss the original complaint. The magistrate judge issued a Report and Recommendation on July 28, 2009 (the "second R&R") recommending that both motions be granted. (D.I. 115.) In the second R&R, the magistrate judge reasoned that it would be contrary to the Federal

2

Rules of Civil Procedure to allow the plaintiffs' filing of an amended complaint to effectively nullify the initial R&R and the court's order adopting it, particularly since the plaintiffs persisted in pressing their objections to the initial R&R even after the amended complaint was filed. (*See* id. at ¶¶ 12-13.) The magistrate judge also stated that even if the court were to reach the merits of the instant motions, "it is clear that they should be granted" since there are no material differences between amended complaint and the original complaint. (Id. at ¶¶ 15-16.)

### III.   STANDARD OF REVIEW

When reviewing the decision of a magistrate judge on a dispositive matter, the court conducts a *de novo* review. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3). A motion to dismiss is a dispositive matter. *Id.* The court may accept, reject, or modify the recommendations of the magistrate judge. The court may also choose to receive further evidence or to return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C) (2008). Accordingly, to resolve a party's properly raised objections to a magistrate judge's report and recommendation, the court must determine *de novo* the parts of the magistrate judge's disposition to which the party has objected. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C) (2008). Conversely, the court reviews the parts of the magistrate judge's disposition to which there are no objections for clear error on the face of the record. *See* Fed. R. Civ. P. 72(b) 1983 Advisory Committee Notes.

### IV.   DISCUSSION

For the reasons expressed by the magistrate judge in the second R&R, the court agrees that the motions to dismiss should be granted. The plaintiffs knew that the court was considering the initial R&R and the plaintiffs' objections to it at the time that they filed their amended complaint.

It is only now, after the court overruled the plaintiffs' objections to the initial R&R and found that Lippstone and the State Defendants were immune from suit, that the plaintiffs assert that their filing of an amended complaint - one which does not contain any new material factual allegations or amendments, and certainly no amendments that could not have been made many months before - mooted both the initial R&R and their objections to it.

Similarly, the plaintiffs filed the amended complaint itself only after the magistrate judge rendered an unfavorable decision. Rule 72(b) permits a party to obtain review of a magistrate judge's R&R by filing objections with the district court. The plaintiffs themselves invoked this rule when it filed objections to the initial R&R (*see* D.I. 77.), but waited until after the magistrate judge issued its initial R&R to amend its complaint. Under these circumstances, allowing the plaintiffs' amended complaint and its relatively minor revisions to moot the magistrate judge's initial R&R would be contrary to the procedure outlined in Rule 72(b), as would allowing the amended complaint to circumvent the court's review of the plaintiffs' objections to the initial R&R - a review which was ongoing at the time the amended complaint was filed.[3] Consequently, the filing of the amended complaint did not affect the court's determination in the March 30 memorandum and order that Lippstone and the State Defendants should be dismissed from the case.

---

[3] Because of the timing of the filing of the amended complaint and their failure to provide the court with any indication that they were withdrawing their objections to the initial R&R, the plaintiffs' assertion that they "could not have reasonably known or expected that the Chief Judge would rule upon their Objections to the [initial] R&R" is unavailing. (*See* D.I. 116 ¶ 17.) The plaintiffs' claim of ignorance of the court's continued review is belied by the clear procedure laid out in Rule 72(b), which plainly does not contemplate that a party can nullify an R&R after the fact simply by filing an amended pleading. Indeed, the ability for district courts to allow magistrate judges to make R&Rs on dispositive motions under Rule 72(b) would serve little purpose if every party could participate in the R&R process, wait and see if the R&R was favorable to them, and nullify an unfavorable R&R simply by filing an amended pleading.

In any case, even if the court were to reach the merits of the underlying motions to dismiss, it would reach the same conclusion as it did in the March 30 memorandum and order. The court's determinations regarding Lippstone's and Tremper's immunity in the March 30 memorandum and order adopting the initial R&R were not limited to official capacity suits; as the court noted, the factual allegations in the complaint did not allege any conduct by the defendants that fell outside their official capacity. (*See* D.I. 99 at 4, 7.) Since the amended complaint did not contain any new allegations that affect the court's decision that Lippstone and the State Defendants are immune from suit, the court's reasoning in its order adopting the initial R&R still applies. The court thus agrees with the magistrate judge that the instant motions to dismiss should be granted.

## V. CONCLUSION

For the reasons stated above and in the magistrate judge's second R&R, the court will overrule the plaintiffs' objections, and adopt the disposition of the pending motions in this case, as recommended by the magistrate judge in his Report and Recommendation.

Dated: November 13, 2009

CHIEF, UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| L.C. 1, *et al.* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-675-GMS-LPS |
| ) | |
| STATE OF DELAWARE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The plaintiffs' objections to the magistrate judge's Report and Recommendation Regarding Pending Motions (D.I. 116) are OVERRULED;

2. The magistrate judge's July 28, 2009 Report and Recommendation and Order Regarding Pending Motions (D.I. 115) is ADOPTED;

3. Defendant Lippstone's motion to dismiss (D.I. 91) is GRANTED, and all counts against him (Counts I, II, IV, V, and VII) in the amended complaint are DISMISSED; and

4. The State Defendants' motion to dismiss (D.I. 90) is GRANTED, and all counts against the Agency Defendants (Counts I, II, III, IV, V, and VII) and all counts against Defendant Tremper (Counts I, II, IV, V, and VII) in the amended complaint are DISMISSED.

Dated: November 13, 2009

_____
CHIEF, UNITED STATES DISTRICT JUDGE