IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **L.C. 1 et al.,**<br><br>　　　　　　　　　Plaintiffs;<br><br>　　v.<br><br>**The State of Delaware, et al.,**<br><br>　　　　　　　　　Defendants. | Civil Action No. 07-675-RGA |

MEMORANDUM ORDER

Before the Court is Defendants Children and Families First, Christine Hermes, and Jessica Gockley's Motion for Summary Judgment (D.I. 196) and related briefing (D.I. 197), as well as Plaintiffs' Answering Brief (D.I. 209) and Defendants' Reply Brief (D.I. 213). Having reviewed the relevant papers, and heard oral argument on September 26, 2013, Defendants' motion for summary judgment is **DENIED**.

Much of Defendants' briefing is drawn to attacking the credibility of Plaintiffs' expert witness. However, only a small portion deals with the question of whether an expert is required in order to establish liability for a social worker. (D.I. 197 at 8-9, D.I. 213 at 1-4). Defendants point to multiple cases for the proposition that expert testimony is necessary in order to establish the standard of care applicable to a professional, but Defendants do not cite a single case for the proposition that expert testimony is required when the professional is a social worker.

Expert testimony is required "[i]f the matter in issue is one within the knowledge of experts only and not within the common knowledge of laymen." *Money v. Manville Corp. Asbestos Disease Comp. Trust Fund*, 596 A.2d 1372, 1375 (Del. 1991). In fact, the Delaware Medical Malpractice statute requires expert testimony in order to establish a *prima facie* case. *Id.*

at 1376. However, the Delaware Medical Malpractice statute does not apply to this case, and Defendants cite no support for the assertion that expert testimony is necessary. In the absence of a statutory mandate or judicial decision, it is up to the jury to determine and apply the applicable standard of care. *Delmarva Power & Light v. Stout*, 380 A.2d 1365, 1367 (Del. 1977).

Since oral argument, the Court has held a pretrial conference. At the conference, much of the Plaintiff's expert's proposed testimony (D.I. 232 at 28-42) was reviewed with the parties. It appears that the Plaintiff's expert will be able to testify to the applicable standards of care, and that these standards of care are set forth in the expert's reports. Defendants dispute the accuracy of the expert's assumptions, but the Court cannot say on the basis of the record to date that Plaintiffs will not be able to establish a *prima facie* case, including standards of care, and therefore Defendants' motion for summary judgment is denied.

Entered this 18th day of October, 2013.

Richard G. Andrews
United States District Judge